# EXHIBIT A

Civil Action No. 18-A-06818-9

Date Filed _____

Magistrate Court ☐
Superior Court ☑
State Court ☐
Georgia, Gwinnett County

_____ *Plaintiff*

VS.

_____ *Defendant*

Attorney's Address

*[handwritten, illegible]*

Name and Address of party to be served.

Nationstar Mortgage, LLC
*[illegible]*
*[illegible]*
Norcross, GA *[illegible]*

_____ *Garnishee*

## Sheriff's Entry Of Service

**Personal** ☐
I have this day served the defendant _____ personally with a copy of the within action and summons.

**Notorious** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

**Corporation** ☑
Served the defendant Nationstar Mortgage a corporation by leaving a copy of the within action and summons with Blisha Smith in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 9 day of Aug, 20 18

_____ 4343
Deputy

Sheriff Docket_____ Page_____

_____
Gwinnett County, Georgia

WHITE: Clerk      CANARY: Plaintiff / Attorney      PINK: Defendant

SC-2 Rev.3.13

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

GREGORY GORALNIK and ANTONINA )
GORALNIK,                       )
                                )
    Plaintiffs,                  )
                                )
v.                              )     CIVIL ACTION FILE
                                )     NO.:
NATIONSTAR MORTGAGE, LLC, CORY SIMS, )   **18 A  06818-9**
THE BANK OF NEW YORK MELLON      )
CORPORATION f/k/a THE BANK OF NEW )
YORK AS TRUSTEE FOR FIRST HORIZON )
ALTERNATIVE MORTGAGE SECURITIES  )
TRUST 2005-AA9 and THE ALBERTELLI )
FIRM, P.C.                       )
    Defendants.                  )

### SUMMONS

**TO THE ABOVE-NAMED DEFENDANTS:**

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

        Beth E. Rogers
        Rogers Law Offices
        100 Peachtree Street, Suite 1950
        Atlanta, GA 30303

an answer to the Verified Complaint, which is herewith served upon you, within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. NOTE: Any corporate party served must be represented by a licensed attorney at law. (See Eckles v. Atlanta Technology Group, 267 Ga. 801 (1997).

    This __8__ day of August, 2018.

                                      _____

                       / Clerk
                       Superior Court of Gwinnett County

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

2018 AUG -8  AM 9: 46

RICHARD ALEXANDER, CLERK

| | | |
|---|---|---|
| GREGORY GORALNIK and ANTONINA GORALNIK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, CORY SIMS, THE BANK OF NEW YORK MELLON CORPORATION f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2005-AA9 and THE ALBERTELLI FIRM, P.C. | ) ) ) ) ) ) ) ) | '18 A 06818-9 |
| Defendants. | ) | |

## VERIFIED COMPLAINT FOR DAMAGES, INTERLOCUTORY INJUNCTION, ACCOUNTING, TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION

COMES NOW Plaintiffs Gregory and Antonina Goralnik ("Goralniks" or "Plaintiffs"), and for their Verified Complaint for Damages, Temporary Restraining Order, Interlocutory Injunction and Permanent Injunction (the "Complaint") against Defendants Nationstar Mortgage Company, LLC ("Nationstar"), Cory Sims ("Sims"), The Bank of New York Mellon Corporation f/k/a the Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-AA9 ("BNY Mellon") and the Albertelli Firm, P.C. ("Albertelli")(collectively, Nationstar, BYN Mellon, Sims and Albertelli are referred to herein as the "Defendants") shows the Court as follows:

### THE PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Antonina Goralnik is an individual who resides in Georgia.

2.     Plaintiff Gregory Goralnik is an individual who resides in Georgia.

3. Defendant The Albertelli Firm, P.C. is a Georgia Professional Corporation which can be served through its registered agent, Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092. Defendant Albertelli is subject to jurisdiction and venue of this Court pursuant to Article VI, Section II, Paragraph V of the Georgia Constitution and O.C.G.A. § 14-2-510.

4. Defendant Nationstar Mortgage LLC is a Delaware limited which can be served through its registered agent, Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092. Defendant Nationstar is subject to jurisdiction and venue of this Court pursuant to Article VI, Section II, Paragraph V of the Georgia Constitution and O.C.G.A. § 14-2-510.

5. Defendant Cory Sims is an individual resident of the State of Georgia and may be served with process at 100 Galleria Parkway, Suite 960, Atlanta, Fulton County, Georgia 30339. Defendant Sims is subject to jurisdiction and venue of this Court pursuant to Article VI, Section II, Paragraph V of the Georgia Constitution and O.C.G.A. § 9-10-31.

6. Defendant The Bank of New York Mellon Corporation f/k/a the Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-AA9 is a Delaware Corporation, which may be served through its registered agent, the Corporation Trust Company, located at the Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, New Castle County, 19801. Defendant BNY Mellon is subject to jurisdiction and venue of this Court pursuant to Article VI, Section II, Paragraph V of the Georgia Constitution and O.C.G.A. §§ 14-2-510 and 9-10-91.

## GENERAL BACKGROUND FACTS

7.     Plaintiffs own that certain residential rental property located at 2880-2886 Spruce Circle, Snellville, Georgia 30076 ("Spruce Circle Property").

8.     Plaintiffs filed a voluntary petition with the U.S. Bankruptcy Court, Northern District of Georgia ("Bankruptcy Court") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on January 2, 2010, styled as In re Antonina and Gregory Goralnik, United States Bankruptcy Court for the Northern District of Georgia, Case No. 10-60074-wlh (the "Bankruptcy Case"), seeking to restructure the secured loans on their various residential properties, including, but not limited to, the Spruce Circle Property.

9.     On July 20, 2011, the Bankruptcy Court entered a Consent Order ("Spruce Circle Consent Order") which, *inter alia*, stated the amount due to First Horizon Home Loans, a Division of First Tennessee Bank National Association ("First Horizon") (predecessor to Defendant BNY Mellon) by the Goralniks on the loan secured by a security interest in the property located at 2880-2886 Spruce Circle, Snellville, Gwinnett County, Georgia ("Spruce Circle Property Loan Documents"), and provided for a repayment plan to allow the Goralniks to cure the delinquency owed by the Goralniks on the Spruce Circle Property Loan Documents by making twenty four (24) additional monthly payments of $484.77 to First Horizon beginning December 15, 2010 ("Additional Spruce Circle Payments"). A true and correct copy of the Spruce Circle Consent Order is attached hereto as **Exhibit A**.

10.     The Plaintiffs complied with the Spruce Circle Consent Order by completing the Additional Spruce Circle Payments, and have since remained current on the Spruce Circle Loan and complied fully with the Spruce Circle Loan Documents.

11.   Sometime after the entry of the Spruce Circle Order, Nationstar took over the servicing of the Spruce Circle Loan.

12.   On August 5, 2011, the Goralniks filed their Chapter 11 Plan ("Chapter 11 Plan,"). Section 8.07 of the Goralniks' Chapter 11 Plan provided that "[t]he Confirmation Order shall operate as an injunction against any acts against the Reorganized Goralniks and their property to initiate, prosecute, enforce, liquidate, collect or otherwise assert any claim or interest against the Reorganized Goralniks and their property except as specifically provided in the Plan." A true and correct copy of the Chapter 11 Plan is attached hereto as **Exhibit B**.

13.   On November 7, 2011, the Bankruptcy Court confirmed the Goralniks' Chapter 11 Plan ("Confirmation Order"). A true and correct copy of the Confirmation Order is attached hereto as **Exhibit C**.

14.   The Plaintiffs received their discharge in the Bankruptcy Case, as evidenced by the docket of same, a true and correct copy of which is attached hereto as **Exhibit D**.

15.   In 2013 and 2014, Nationstar alleged that the Goralniks had defaulted on the Spruce Circle Payments and owed five (5) monthly installment payments-the exact amount that had been cured by the Additional Spruce Circle Payments and pursued collection of the debt against the Goralniks even though they had complied with their Chapter 11 Plan and received their discharge in bankruptcy. True and correct copies of the some of the letters from Nationstar attempting to collect an alleged deficiency are attached hereto as **Exhibit E**.

16.   After numerous letters from the Goralniks, including threats of litigation, Nationstar admitted that its calculations were incorrect, and paid the Goralniks $6,283.50 in attorney fees ("Fees Payment") for its violation of the Goralniks discharge injunction. Email

correspondence from Nationstar and the check for the Fees Payment is attached hereto as **Exhibit F.**

17.     On February 23, 2018, Nationstar sent the Goralniks a statement for the Spruce Circle Loan stating that the new monthly payment amount for the Spruce Circle Loan was $1,745.50, reduced from the previous payment of $1,996.22 ("Nationstar Statement"). A true and correct copy of the Nationstar Statement is attached hereto as **Exhibit G.**

18.     On March 5, 2018, Nationstar sent a letter to the Goralniks alleging that the Goralniks had not made any payments on the Spruce Circle Loan from October 1, 2017 to March 5, 2018 on the Spruce Circle Loan ("March Nationstar Letter"). On information and belief, the five payments allegedly missing according to the March Nationstar Letter are the same amounts that were cured by the Additional Spruce Circle Payments. A true and correct copy of the March Nationstar Letter is attached hereto as **Exhibit H.**

19.     However, contrary to Nationstar's assertions, the Goralniks made all of the required payments on the Spruce Circle Loan since filing bankruptcy, pursuant to the Nationstar Statement(s), including the amount due pursuant to the Nationstar Statement, and the Spruce Circle Consent Order. True and correct copies of the checks showing the Goralniks payments on the Spruce Circle Loan from July 2017 to July 2018 are attached hereto as **Exhibit I.**

20.     On April 2, 2018, counsel for the Goralniks sent a letter to Nationstar reminding Nationstar of the history of the Spruce Circle Loan and the Goralniks' bankruptcy, attaching evidence of the Goralniks' payments on the Spruce Circle Loan from October 1, 2017 to March 5, 2018, and notifying Nationstar that its actions were in violation of the bankruptcy stay because the Goralniks were current on the Spruce Circle Loan ("April Nationstar Letter"). A true and correct copy of the April Nationstar Letter is attached hereto as **Exhibit J.**

21.    Despite receiving the April Nationstar Letter, Nationstar refused to accept the Goralniks' payments on the Spruce Circle Loan for May, June and July 2018, as evidenced by the letters from Nationstar dated May 16, 2018, June 19, 2018 and July 17, 2018, true and correct copies of which are attached hereto as **Exhibit K**.

22.    Nationstar refused to accurately credit and post payments by the Goralniks to the Spruce Circle Loan-instead, Nationstar charged the Goralniks late fees and penalties for allegedly not making the payments on the Spruce Circle Loan.

23.    Defendants never informed the Goralniks that the monthly amounts that the Goralniks were paying on the Loan was incorrect. The Goralniks repeatedly requested in writing copies of statements of the Spruce Circle Loan and application of payments to same, and the Defendants failed to provide same.

24.    Nationstar never informed the Goralniks of its intention to require strict compliance with the Spruce Circle Loan documents.

25.    On May 25, 2018, Defendant Albertelli sent a letter to the Goralniks, again alleging that the Goralniks were deficient on the Spruce Circle Loan ("First Albertelli Letter"). A true and correct copy of the First Albertelli Letter is attached hereto as **Exhibit L**.

26.    On June 5, 2018, counsel for the Goralniks sent an enclosure letter to Defendant Albertelli, attaching the April Nationstar Letter and briefly explaining that the Goralniks were current on the Spruce Circle Loan. ("June Albertelli Letter"). A true and correct copy of the June Albertelli Letter is attached hereto as **Exhibit M**.

27.    After not receiving a response to the June Albertelli Letter, on June 26, 2018, James Carroll, counsel for the Goralniks called Defendant Albertelli and spoke to Defendant Sims regarding the Spruce Circle Loan, and summarized the April Nationstar Letter and June Albertelli

Letter to Defendant Sims over the phone, and made Defendant Sims aware of the Defendants' violation of the automatic stay, Spruce Circle Order and discharge injunction by seeking to collect amounts that had already been paid by the Plaintiffs. Defendant Sims stated that he was unfamiliar with this matter, but confirmed that he and Defendant Albertelli had received the April Nationstar Letter and June Albertelli Letter, and that he would contact Defendant Nationstar for clarification and telephone James Carroll prior to taking any further action on this matter. A true and correct copy of an email summarizing the conversation between Cory Sims and James Carroll is attached hereto as **Exhibit N**.

28. On July 6, 2018, Defendants sent a Notice of Sale Under Power to Plaintiffs, notifying them that the Defendants, with BNY Mellon listed as the holder of the Spruce Circle Loan, were advertising the Spruce Circle Property for a foreclosure sale on August 7, 2018. The Notice of Sale Under Power was signed by Defendant Sims. A true and correct copy of the Notice of Sale Under Power and Advertisement for Foreclosure is attached hereto as **Exhibit O**.

29. After being notified that Plaintiff was about to file this Complaint and seek injunctive relief to stop the foreclosure, the Defendants cancelled the foreclosure sale on the Spruce Circle Property that was scheduled for August 7, 2018. Defendants, however, have refused to compensate Plaintiff for the damages suffered by Defendant's wrongful conduct.

30. The Defendants breached their duties to the Plaintiffs by, *inter alia*, seeking to wrongfully foreclose upon the Spruce Circle Property, thus causing damages to Plaintiffs, including, *inter alia*, potential loss of the Spruce Circle Property, loss of creditworthiness, attorney fees and several stress and emotional distress.

**COUNT ONE**
**(Injunctive Relief Staying Foreclosure)**

31. The allegations contained in paragraphs 1 through 30 are incorporated by reference as if fully set forth herein.

32. The Defendants should be enjoined from foreclosing on the Spruce Circle Property pursuant to O.C.G.A. §§ 9-5-8 and 9-11-65 because (1) there is a substantial likelihood that Plaintiffs will prevail upon the merits as the Plaintiffs have not defaulted on the Spruce Circle Loan; (2) there is a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted because permitting the Defendants to foreclose upon same would result in immediate and irreparable injury, loss and damage to the Plaintiffs; (3) the threatened injury to Plaintiff of the foreclosure outweighs the limited harm of delaying the foreclosure to the Defendants and (4) granting the preliminary injunction will not disserve the public interest.

## COUNT TWO
### (Violation of Automatic Stay/Discharge Injunction)

33. The allegations contained in paragraphs 1 through 32 are incorporated by reference as if fully set forth herein.

34. The Defendants are violating the automatic stay pursuant to 11 U.S.C. § 362 and the post-discharge injunction pursuant to 11 U.S.C. § 524 by attempting, on information and belief, to collect five payments already paid upon the Spruce Circle Loan through the Goralniks' Chapter 11 Bankruptcy pursuant to the Spruce Circle Order by the Goralniks and to foreclose upon the Spruce Circle Property, in violation of the Spruce Circle Order, the Chapter 11 Plan, and the Confirmation Order, despite having been given notice of same multiple times.

35. The Plaintiffs have been injured by Defendants' willful violation of the stay provided by 11 U.S.C. § 362 and the post-discharge injunction pursuant to 11 U.S.C. § 524.

36. Plaintiffs are entitled to recover damages for, *inter alia*, loss of creditworthiness, attorney fees and stress and emotional distress.

37.     The Plaintiffs are entitled to recover punitive and exemplary damages because Defendants' actions show willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

38.     The Plaintiffs are entitled to an award of punitive damages in an amount to be determined in the enlightened conscious of the jury not as compensation, but solely to punish, penalize, or deter Defendants from such wrongful conduct in the future.

39.     Defendants have acted in bad faith, has been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense.  Defendants are liable to Plaintiffs for their expenses of litigation, including reasonable attorneys' fees and expenses of this litigation pursuant to O.C.G.A. § 13-6-11.

## COUNT THREE
### (Breach of Contract)

40.     The allegations contained in paragraphs 1 through 39 are incorporated by reference as if fully set forth herein.

41.     Defendants had a duty of good faith and fair dealing with respect to their performance under and exercise of rights in the Spruce Circle Loan Documents.

42.     Defendants imposed or attempted to collect amounts against the Plaintiffs that were not due or owing under the Loan Documents, including, without limitation, interest, penalties and defaulted fees, costs and charges.

43.     Defendants breached the terms of the Loan Documents and their duty of good faith and fair dealing by misapplying or failing to properly apply credits or payments to Plaintiffs' account.

44.     The terms of the Spruce Circle Loan Documents were subsequently modified by the Spruce Circle Order, the Order Confirming the Bankruptcy Plan, through a course of

performance whereby, inter alia, Defendants forebore from enforcing the Loan Documents while Plaintiffs were making payments on same (the "Conduct Agreement").

45.     Defendants breached the terms of the Conduct Agreement by failing to give reasonable notice of their intent to rely on the strict terms of the Spruce Circle Loan Documents and advertising for foreclosure.

46.     Plaintiffs sustained damages as a result of Defendants' breaches of the Loan Documents and the Conduct Agreement as well as the duties relating thereto.

47.     Plaintiffs entitled to recover their damages for, *inter alia*, potential loss of the Spruce Circle Property, loss of creditworthiness, attorney fees and several stress and emotional distress.

48.     Plaintiffs are entitled to recover from Defendants the damages they have sustained as a result of Defendants' breaches of contract in an amount to be shown at trial.

49.     Defendants have acted in bad faith, been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Defendants are liable to Plaintiffs for their expenses of litigation, including reasonable attorneys' fees and expenses of this litigation pursuant to O.C.G.A. § 13-6-11.

## COUNT FOUR
### (Negligence/Negligent Servicing)

50.     The allegations contained in paragraphs 1 through 49 are incorporated by reference as if fully set forth herein.

51.     Defendants owed Plaintiffs a duty of care with respect to servicing the Loan for reasons including, without limitation, that the Loan was secured by an interest in Spruce Circle Property and that lack of care would result in overpayments causing great economic hardship to the Plaintiffs.

52.     The duty of care required reasonable diligence so as to properly account for and credit payments made by Plaintiffs.

53.     Defendants' conduct with respect to Plaintiffs was far below applicable standards for mortgage loan servicing.

54.     Defendants' conduct was negligent with respect to Plaintiffs.

55.     Defendants' conduct was the proximate cause of damages to Plaintiffs, and Plaintiffs are entitled to recover their damages from Defendants for their negligent conduct.

56.     Defendants have acted in bad faith, has been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.  Defendants are liable to Plaintiff for their expenses of litigation, including reasonable attorneys' fees and expenses of this litigation pursuant to O.C.G.A. § 13-6-11.

## COUNT FIVE
### (Libel and Slander to Title)

57.     The allegations contained in paragraphs 1 through 56 are incorporated by reference as if fully set forth herein.

58.     Defendants knowingly, intentionally, and maliciously made or caused to be made false oral and written, published statements concerning or relating to the Spruce Circle Loan and title to the Spruce Circle Property.  These statements were designed to and did harm Plaintiffs' claim to ownership of the Home.

59.     Defendants slandered Plaintiffs' title to the Spruce Circle Property by knowingly making false and disparaging statements, which were specifically directed at and calculated to injure Plaintiffs.  Defendants' slander and libel was done maliciously and for an improper, indeed, illegal purpose.

60. Defendants knew at the time they made false and disparaging statements about the Spruce Circle Loan and the title to the Spruce Circle Property, that they were unsupported in law and in fact. Defendants did not have a good faith basis for making such false and disparaging statements or claims.

61. Plaintiffs sustained damages as a direct and proximate result of Defendants' libelous and slanderous statements regarding title to the Spruce Circle Property.

62. Plaintiffs are entitled to recover damages under this Count for Defendants' wrongful, malicious, and tortuous conduct.

63. Plaintiffs are entitled to recover punitive and exemplary damages because Defendants' actions show willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

64. Plaintiffs are entitled to an award of punitive damages in an amount to be determined in the enlightened conscious of the jury not as compensation, but solely to punish, penalize, or deter Defendants from such wrongful conduct in the future.

65. Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Defendants are liable to Plaintiffs for their expenses of litigation, including reasonable attorneys' fees and expenses of this litigation pursuant to O.C.G.A. §.13-6-11.

### COUNT SIX
### (Defamation)

66. The allegations contained in paragraphs 1 through 65 are incorporated by reference as if fully set forth herein.

67. Defendants' publications in the local newspaper where Plaintiffs lived and worked of false statements regarding Plaintiffs' performance under the Spruce Circle Loan Documents

were defamatory with respect to Plaintiffs' personal and financial condition. Such statements are false, and Defendants knew of or should have known of their falsity.

68.    Plaintiffs have been damaged by Defendants' defamatory statements, and their reputation and integrity have been publically impugned and Plaintiffs are entitled to recover damages therefore from Defendants in an amount to be shown at trial. Plaintiffs have suffered public shame as a result of the publication of the Foreclosure Advertisements.

69.    Plaintiffs are entitled to recover punitive and exemplary damages because Defendants' actions show willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

70.    Plaintiffs are entitled to an award of punitive damages in an amount to be determined in the enlightened conscious of the jury not as compensation, but solely to punish, penalize, or deter Defendants from such wrongful conduct in the future.

71.    Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Defendants are liable to Plaintiffs for their expenses of litigation, including reasonable attorneys' fees and expenses of this litigation pursuant to O.C.G.A. § 13-6-11.

## COUNT Seven
### (Intentional Infliction of Emotional Distress)

72.    The allegations contained in paragraphs 1 through 71 are incorporated by reference as if fully set forth herein.

73.    Defendants intentionally, purposefully, and maliciously caused Plaintiffs to suffer emotional distress.

74.    The actions of Defendants have been and continue to be so extreme or outrageous as to naturally humiliate, embarrass, or frighten Plaintiffs.

75.     Plaintiffs are entitled to an award of damages for the injury done by Defendants to their peace, happiness, and feelings in an amount to be determined in the enlightened conscience of the jury.

76.     Plaintiffs are entitled to recover punitive and exemplary damages because Defendants' actions show willful misconduct, malice, wantoness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

77.     Plaintiffs are entitled to an award of punitive damages in an amount to be determined in the enlightened conscious of the jury not as compensation, but solely to punish, penalize, or deter Defendants from such wrongful conduct in the future.

78.     Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense.  Defendants are liable to Plaintiffs for their expenses of litigation, including reasonable attorneys' fees and expenses of this litigation pursuant to O.C.G.A. § 13-6-11.

## COUNT Eight
### (Wrongful Attempted Foreclosure)

79.     The allegations of paragraphs 1 through 77 of this Complaint are incorporated herein by this reference as if set forth fully herein.

80.     Under the laws of the State of Georgia, a party wishing to exercise a power of sale must exercise that power fairly and in good faith.

81.     Under the laws of the State of Georgia, a party wishing to exercise a power of sale must give the debtor proper notice.

82.     Defendants failed to exercise the power of sale fairly or in good faith when they improperly and in breach of the terms of Spruce Circle Loan Documents and in breach of the Spruce Circle Order and the Confirmation Order declared a default and commenced foreclosure

proceedings after Plaintiffs had complied with Spruce Circle Loan Documents and the Spruce Circle Order.

83. As a result of Defendants BNY Mellon, Albertelli and Sims's failure to exercise the power of sale fairly or in good faith, Plaintiffs have suffered damages.

84. Defendants BNY Mellon, Albertelli and Sims knowingly published untrue and derogatory statements regarding Plaintiffs' financial condition in the Notice of Sale, including, but not limited to, that Plaintiffs had defaulted on the Spruce Circle Loan Documents.

85. As a direct and proximate result of Defendants BNY Mellon, Albertelli and Sims's publication of untrue and derogatory statements regarding Plaintiffs' financial condition in the Notice of Sale, Plaintiffs have suffered damages, including a loss of credit and other derogatory financial consequences, in an amount to be shown at trial.

86. Defendants BNY Mellon, Albertelli and Sims have shown willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Furthermore, Defendants have acted with specific intent to harm.

87. Plaintiffs are entitled to an award of punitive damages in an amount to be determined in the enlightened conscience of a fair and impartial jury, not as compensation to Plaintiffs, but solely to punish, penalize or deter Defendants BNY Mellon, Albertelli and Sims from such wrongful conduct in the future.

88. Accordingly, Defendants BNY Mellon, Albertelli and Sims are liable to Plaintiffs for their damages, including, but not limited to, punitive damages, arising from its breach of their duty to them in an amount to be shown at trial.

89. Defendants BNY Mellon, Albertelli and Sims have acted in bad faith, been

stubbornly litigiousness, and caused Plaintiffs unnecessary trouble and expense, thereby entitling Plaintiffs to recover their expenses of litigation, including attorney's fees and costs pursuant to O.C.G.A. § 13-6-11.

### COUNT Nine
### (Breach of Fiduciary Duty)

90.     The allegations of paragraphs 1 through 89 of this Complaint are incorporated herein by this reference as if set forth fully herein.

91.     Defendant BNY Mellon, as a holder of a loan owed by the Plaintiffs, had a fiduciary duty of good faith, loyalty and honesty toward the Plaintiffs."

92.     Defendant BNY Mellon, in commencing the foreclosure, purported to and did act as an agent for Plaintiffs under the agency created by the power of sale in the Spruce Circle Loan Documents. As such, Defendant BNY Mellon had a duty of good faith, loyalty and honesty toward Plaintiffs in connection with its exercise of the power of sale in the Security Deed.

93.     Defendant BNY Mellon breached its fiduciary duties to Plaintiffs when it commenced advertising for foreclosure on the Spruce Circle Property.

94.     As a result of Defendant BNY Mellon's breach of its fiduciary duties, Plaintiffs have suffered damages.

95.     Defendant BNY Mellon has acted in bad faith, been stubbornly litigiousness, and caused Plaintiffs unnecessary trouble and expense, thereby entitling Plaintiffs to recover their expenses of litigation, including attorney's fees and costs pursuant to O.C.G.A. § 13-6-11.

### Count Ten
### (Equitable Accounting)

96.     The allegations of paragraphs 1 through 95 of this Complaint are incorporated herein by this reference as if set forth fully herein.

97. Here, due to several entities holding the Spruce Circle Note at various points in time, the accounting of the amount owed (if any) under the Note is unusually complicated.

98. Plaintiffs dispute that the amount claimed due on the Spruce Circle Note by Defendants is accurate.

99. Therefore, Plaintiffs are entitled an equitable accounting of all payments received by it or its predecessors under the Spruce Circle Loan Documents, and the application of same.

WHEREFORE, Plaintiffs pray as follows:

(a) That they have a trial by jury of twelve impartial jurors;

(b) That this Court enter a temporary restraining order enjoining the Defendants from foreclosing against the Spruce Circle Property;

(c) That they have judgment against the Defendants, jointly and severally, for all of their compensatory damages claimed under the Counts set forth herein and for any and all claims arising from or related to the transactions, events, or occurrences or the series of transactions, events, or occurrences recited herein;

(c) That they have judgment against the Defendants, jointly and severally, for punitive damages in an amount to be determined in the enlightened conscience of the jury;

(d) That theu have judgment against the Defendants, jointly and severally, for their reasonable expenses of litigation, including attorneys' fees and expenses;

(e) That all costs of this action be taxed upon the Defendants, jointly and severally, and

(f)     That the Court grant such other and further relief as is just and proper.

This 7 day of August, 2018.

ROGERS LAW OFFICES

By _____

Beth E. Rogers, Georgia Bar No. 612092
James F. F. Carroll, Georgia Bar No. 940350
The Equitable Building, Suite 1950
100 Peachtree Street
Atlanta, Georgia 30303
770-685-6320
678-990-9959 fax
Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

GREGORY GORALNIK and ANTONINA )
GORALNIK, )
       )
    Plaintiffs, )
       )
v. )     CIVIL ACTION FILE
       )     NO.:
NATIONSTAR MORTGAGE, LLC, CORY SIMS, )
THE BANK OF NEW YORK MELLON )
CORPORATION f/k/a THE BANK OF NEW )
YORK AS TRUSTEE FOR FIRST HORIZON )
ALTERNATIVE MORTGAGE SECURITIES )
TRUST 2005-AA9 and THE ALBERTELLI )
FIRM, P.C. )
    Defendants. )

## VERIFICATION

Personally appeared before the undersigning officer, duly authorized to administer oaths, Antonina Goralnik, who being duly sworn, deposes and states that the facts contained in the foregoing      Verified Complaint for Damages, Temporary Restraining Order, Interlocutory Injunction and Permanent Injunction are true and correct to the best of her knowledge and belief.

_Antonina Goralnik_
Antonina Goralnik

Sworn to and subscribed before me
this _21_ day of _July_, 2018.

_____
Notary Public

My commission expires: _2/26/2021_
    (NOTARIAL SEAL)

MIYIN ZHOU
NOTARY PUBLIC
GWINNETT COUNTY, GEORGIA
MY COMMISSION EXPIRES
FEBRUARY 26, 2021

Exhibit A

**IT IS ORDERED as set forth below:**

Date: July 20, 2011

*Wendy L. Hagenau*

Wendy L. Hagenau
U.S. Bankruptcy Court Judge

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) |
| GREGORY F. GORALNIK, | ) CASE NO. 10-60074-WLH |
| ANTONINA M. GORALNIK, | ) |
| | ) |
| Debtors. | ) |
| - - - - - - - - - - - - - - - - - | ) - - - - - - - - - - - - - - - - - |
| FIRST HORIZON HOME LOANS, A | ) |
| DIVISON OF FIRST TENNESSEE BANK | ) |
| NATIONAL ASSOCIATION, | ) |
| Movant, | ) |
| | ) CONTESTED MATTER |
| vs. | ) |
| | ) |
| GREGORY F. GORALNIK, Debtor | ) |
| ANTONINA M. GORALNIK, Debtor | ) |
| | ) |
| Respondents. | ) |

**CONSENT ORDER CONDITIONALLY DENYING MOTION FOR RELIEF OF STAY
AND PROVIDING FOR ADEQUATE PROTECTION PAYMENTS**

       This matter comes before the Court on the "Motion for Relief from Automatic Stay or in the Alternative for Adequate Protection" (the Motion) filed by First Horizon Home Loans, a Division of First Tennessee Bank National Association ("Movant"), its successors and assigns, on May 24, 2011. In the Motion, Movant sought relief from the automatic stay with respect to the property located

*M&C File No.09-19179*

at 2880-2886 Spruce Circle, Snellville, Gwinnett County, Georgia (the "Property"). Movant contends that the Motion was served upon the appropriate parties in interest as evidenced by the certificates of service on file with the Court. Counsel for Gregory F. Goralnik and Antonina M. Goralnik ("Debtors") and counsel for Movant have conferred regarding the Motion and agreed that the automatic stay shall remain in place and Debtors shall commence adequate protection payments as set forth as below. Accordingly,

IT IS HEREBY ORDERED that the relief from the automatic stay sought by the Motion is hereby conditionally denied, it being the conclusion of the Court that the interest of the Movant is adequately protected by payment and performance as more particularly set forth hereinafter.

FURTHER ORDERED that the Debtors shall hereafter timely pay to Movant the sum of $1,025.63 per month as adequate protection payments, the first payment to be made on December 1, 2010 and the successive payments due on the 1st day of each month thereafter; and, said payments shall be applied to the Movant's claim pursuant to the Note and security documents.

FURTHER ORDERED that as of November 30, 2010 Debtors' account is post petition due for the February, 2010 monthly payment at $1,608.15, the March, 2010 through August, 2010 monthly payments at $953.53 each, the September, 2010 through November, 2010 monthly mortgage payments at $1,025.63 each, post petition late charges at $392.58, post petition property inspection fees of $120.00, and attorney's fees and costs in the amount of $650.00. To cure the delinquency, Debtors shall make twenty four (24) additional payments of $484.77 per month beginning December 15, 2010. Payments should be sent to:

> First Horizon Home Loans
> 4000 Horizon Way
> Irving, TX 75063

or to such address as may be designated.

FURTHER ORDERED that nothing in this Order shall be determined an admission or stipulation as to the value of the Property.

FURTHER ORDERED that the Debtors shall keep the Property fully insured in the manner and to the extent prescribed in the Movant's security documents, and the Debtors shall comply with the terms and conditions stated in the Movant's security documents except to the extent that such terms and conditions are modified by this Order.

FURTHER ORDERED that to the extent Movant has an interest in cash collateral, Debtors shall be authorized to use the same.

*M&C File No.09-19179*

FURTHER ORDERED, if payment is not received by the 1st day of the month or Debtors is otherwise in default of this Order and the case is still pending, then after notice is provided by Movant to Debtors and Debtors' counsel at the address of record at the time, by certified mail and payment is not received within 10 days of Debtors' counsels receipt of such notice, then it shall be a default and Movant  may file a motion and affidavit of default with the Court, with service upon Debtors and Debtors' attorney and the Court may enter the order terminating the automatic stay, without further notice or hearing and Movant shall have the right to proceed to foreclose or otherwise dispose of or take action including exercising our state law remedies.

FURTHER ORDERED that the Debtors' counsel shall serve Notice of the Consent Order, pursuant to Fed. R. Bankr. P. 4001(d) on all creditors and parties in interest requiring notice of said Order and certify service of the same.

[END OF DOCUMENT]

PREPARED AND PRESENTED BY:

/s/ Sidney Gelernter
Sidney Gelernter
Georgia Bar No.: 289145
McCurdy & Candler, L.L.C.
3525 Piedmont Road, NE
Building 6, Suite 700
Atlanta, GA  30305
(404) 373-1612 Telephone
(404) 370-7237 Facsimile
sgelernter@mccurdycandler.com
ATTORNEYS FOR MOVANT


REVIEWED AND CONSENTED TO BY:

/s/                                        with Express Permission to Sidney Gelernter to sign
Paul Reece Marr
Georgia Bar No.:  471230
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30339
770-984-2255 Telephone
(770) 984-0044 Facsimile
pmarr@mindspring.com
ATTORNEY FOR DEBTORS

M&C File No.09-19179 .

<u>DISTRIBUTION LIST</u>

Gregory F. Goralnik
Antonina M. Goralnik
4305 Dove Point
Duluth, GA 30096

Paul Reece Marr
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30339

James H. Morawetz
Office of the U.S. Trustee
362 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

Sidney Gelernter
McCurdy & Candler, LLC
3525 Piedmont Road, NE
Building 6, Suite 700
Atlanta, GA 30305

*M&C File No.09-19179*

Exhibit B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re:                              :
                                    :        Case No. 10-60074
GREGORY F. GORALNIK and             :
ANTONINA M. GORALNIK,               :        Chapter 11
                                    :
        Debtors.                    :        Judge Hagenau
                                    :
_____   :

PLAN OF REORGANIZATION

ARTICLE I
SUMMARY

        This Plan of Reorganization ("Plan") filed by Gregory F.
Goralnik and Antonina M. Goralnik (collectively, "Debtors")
under chapter 11 of the Bankruptcy Code (the "Code") proposes to
pay Debtors' creditors from cash flow from personal employment
income and income derived from their real estate operations.
This Plan provides for one class of secured creditors and one
class of general unsecured creditors.  Most of Debtors' secured
real estate loans have been modified post-Petition.  The Plan
provides that Debtors will continue to pay said secured loans
pursuant to the modified terms.  To the extent that any secured
loans have not been modified post-Petition, the Plan provides
that Debtors shall resume monthly installment payments on the 1st
day of the calendar month following the Effective Date with any
arrearage to be put onto the end of the loan with the term of
the loans to be extended accordingly.   General unsecured
creditors holding allowed claims will receive a pro rata monthly
distribution of $500.00, beginning on the Effective Date of the
Plan, as defined in Article VIII of the Plan, and on the like
day of each month thereafter, until they receive 100% of their
respective allowed general unsecured claim with interest.  This
Plan also provides for the payment of administrative and
priority claims.  All creditors should refer to Articles III
through VI of this Plan for information regarding the precise
treatment of their claim.  A disclosure statement that provides
more detailed information regarding this Plan and the rights of
creditors has been circulated with this Plan.  **Your rights may
be affected.  You should read these papers carefully and discuss**

**them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 <u>Class 1</u>. All secured claims, to the extent allowed as a secured claim under § 506 of the Code.

2.02 <u>Class 2</u>. All non-insider general unsecured claims allowed under 11 U.S.C. §502.

## ARTICLE III
### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01 <u>Unclassified Claims</u>. Under § 1123(a)(1) of the Code, administrative expense claims and priority tax claims are not in classes.

3.02 <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and Debtors. In this respect, it is anticipated that Debtors' attorneys Paul Reece Marr, P.C. will have a claim for professional compensation in the approximate amount of $25,000.00 and that Debtors' loan modification consultants CSI Century Services, Inc. will have a claim for professional compensation in the approximate amount of $30,000.00.

3.03 <u>Priority Tax Claims</u>. Each holder of an allowed priority tax claim will be paid consistent with § 1129(a)(9)(C) of the Code. In this regard, the Gwinnett County Tax Commissioner filed Proofs of Claim on July 15, 2010 as to various of Debtors' real properties in the aggregate amount of $61,191.29 for tax year 2010. However, said claims were subsequently paid in full. Accordingly, Debtors have filed Objections to the Proofs of Claim in their entirety.

3.04 <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees

owed on or before the Effective Date of this Plan will be paid
on the Effective Date.

ARTICLE IV
TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims and interests shall be treated as follows:

Class 1 - Secured Claims. Impaired. The following parties
or their agents, transferees, and/or assigns hold secured claims
as of the Petition Date:

| Creditor | Property | Approximate Claim Amount |
| --- | --- | --- |
| America's Servicing Co. | 3042 - 3048 Destin Circle, Snellville, GA 30078 | $260,188.55 |
| America's Servicing Co. | 3063 - 3069 Destin Circle, Snellville, GA 30078 | 239,358.43 |
| America's Servicing Co. | 3112 - 3118 Destin Circle, Snellville, GA 30078 | 260,437.53 |
| Bank of America Home Loans | 3171-3177 Sloping Terrace, Snellville, GA 30078 | 289,208.00 |
| Bank of America Home Loans | 2190-2196 Highpoint Road, Snellville, GA 30078 | 289,208.00 |
| Bank of America Home Loans | 3093 -3099 Destin Circle, Snellville, GA 30078 | 88,156.00 |
| Bank of America Home Loans | 3151-3157 Sloping Terrace, Snellville, GA 30078 | 79,342.00 |
| Bank of America Home Loans | 2220-2206 Highpoint Road, Snellville, GA 30078 | 289,197.00 |
| Bank of America Home Loans | 2880 - 2886 Spruce Circle, Snellville, Ga 30078 | 88,050.00 |
| Chase Home Finance LLC | 3073 -3079 Destin Circle, Snellville, GA 30078 | 230,705.00 |
| Chase Home Finance LLC | 3261 - 3267 Highpoint Ct, Snellville, GA 30078 | 208,000.00 |
| Chase Home Finance LLC | 3122-3128 Sloping Terrace, Snellville, GA 30078 | 211,250.00 |
| EMC Mortgage Corp. | 3025 - 3027 Sonya Lane, Snellville, GA 30078 | 170,400.00 |
| EMC Mortgage Corp. | 3035 - 3037 Sonya Lane, Snellville, GA 30048 | 170,400.00 |
| EMC Mortgage Corp. | 3045 - 3047 Sonya Lane, Snellville, GA 30078 | 170,400.00 |

—3—

| | | |
|---|---|---|
| EMC Mortgage Corp. | 3051 - 3053 Sonya Lane, Snellville, GA 30078 | 170,400.00 |
| EMC Mortgage Corp. | 2865 A & B Springdale Road, Snellville, GA 30078 | 170,400.00 |
| EMC Mortgage Corp. | 3051 - 3053 Sonya Lane, Snellville, GA 30078 | 42,188.00 |
| EMC Mortgage Corp. | 3015 - 3017 Sonya Lane, Snellville, GA 30078 | 170,400.00 |
| EMC Mortgage Corp. | 3015 - 3017 Sonya Lane, Snellville, GA 30078 | 42,357.00 |
| EMC Mortgage Corp. | 3025 - 3027 Sonya Lane, Snellville, GA 30078 | 42,188.00 |
| EMC Mortgage Corp. | 3045 - 3047 Sonya Lane, Snellville, GA 30078 | 42,188.00 |
| EMC Mortgage Corp. | 2865 A & B Springdale Road, Snellville, GA 30078 | 42,175.00 |
| EMC Mortgage Corp. | 3035 - 3037 Sonya Lane, Snellville, GA 30048 | 42,188.00 |
| First Horizon | 2880 - 2886 Spruce Circle, Snellville, Ga 30078 | 230,742.00 |
| First Horizon | 3271 - 3277 Highpoint Ct, Snellville, GA 30078 | 211,029.00 |
| Franklin Credit Management Corporation | 3042 - 3048 Destin Circle, Snellville, GA 30078 | 66,625.00 |
| Franklin Credit Management Corporation | 3112 - 3118 Destin Circle, Snellville, GA 30078 | 68,625.00 |
| GMAC Mortgage | 3093 -3099 Destin Circle, Snellville, GA 30078 | 230,750.00 |
| GMAC Mortgage | 3132-3138 Sloping Terrace, Snellville, GA 30078 | 207,999.00 |
| GMAC Mortgage | 3132-3138 Sloping Terrace, Snellville, GA 30078 | 79,301.00 |
| GMAC Mortgage | 3151-3157 Sloping Terrace, Snellville, GA 30078 | 207,995.00 |
| Specialized Loan Servicing LLC | 3190-3196 Highpoint Road, Snellville, GA | 227,500.00 |
| Specialized Loan Servicing LLC | 3181 - 3187 Highpoint Ct, Snellville, GA 30078 | 227,500.00 |
| Specialized Loan Servicing LLC | 3181 - 3187 Highpoint Ct, Snellville, GA 30078 | 42,074.00 |
| Specialized Loan Servicing LLC | 3190 - 3196 Highpoint Ct, Snellville, GA 30078 | $53,006.79 |
| Specialized Loan Servicing LLC | 3190 - 3196 Highpoint Ct, Snellville, GA 30078 | 41,959.00 |

-4-

| Specialized Loan Servicing LLC | 3271 – 3277 Highpoint Ct, Snellville, GA 30078 | 52,503.00 |
|---|---|---|
| Wachovia Bank, N.A. | 3063 – 3069 Destin Circle, Snellville, GA 30078 | 87,411.14 |
| Wachovia Bank, N.A. | 3073 –3079 Destin Circle, Snellville, GA 30078 | 87,457.05 |
| Wachovia Bank, N.A. | 3122-3128 Sloping Terrace, Snellville, GA 30078 | 80,054.91 |
| Wells Fargo Home Mortgage | 4305 Dove Point, Duluth, GA 30096 | 292,691.00 |

Most of Debtors' secured real estate loans have been modified post-Petition pursuant to Orders entered on the docket. The Plan provides that Debtors will continue to pay said secured loans pursuant to the modified terms, and the terms of the referenced Orders modifying the pre-Petition loans are hereby incorporated herein as if set forth verbatim.  To the extent that any secured loans have not been modified post-Petition, the Plan provides that Debtors shall resume monthly installment payments on the 1st day of the calendar month following the Effective Date with any arrearage to be put onto the end of the loan with the term of the loan to be extended accordingly.

Class 2 – General Unsecured Creditors.  Impaired.  This class consists of all non-insider persons and entities not otherwise classified and treated herein holding court general unsecured claims allowed under 11 U.S.C. §502 in the approximate aggregate amount of $23,052.92.  Under the Plan, the Debtor shall pay to all creditors holding allowed Class 2 Claims, beginning on the Effective Date and on the like day of each month thereafter, a pro rata share of $500.00 per month until each such creditor receives 100% of its respective allowed general unsecured claim, with interest to accrue at the rate of 0.43% per annum, being the weekly average 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the Petition Date.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and Debtor or another party in interest has filed

–5–

an objection; or (ii) no proof of claim has been filed, and Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 <u>Treatment of Disputed Claims</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.  Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.


ARTICLE VI
<u>PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>

6.01 <u>Pre-Petition Executory Contracts and Unexpired Leases</u>. In the course of their business operations, Debtors entered into residential leases of their rental properties with various tenants.  On the Effective Date, Debtors shall be deemed to have assumed, pursuant to Section 365 of the United States Bankruptcy Code, their unexpired pre-Petition leases with their tenants.


ARTICLE VII
<u>MEANS FOR IMPLEMENTATION OF THE PLAN</u>

The Plan provides that Debtors will continue to operate with all assets.  Debtor will fund all Plan payments from cash flow from personal employment income and income derived from their real estate operations.  As for future operations, Debtors project that ongoing revenue should be sufficient to meet all ongoing operating and Plan expenses and payments.  No changes in Debtors' ownership, employment, or compensation structure are contemplated post-confirmation.


ARTICLE VIII
<u>GENERAL PROVISIONS</u>

8.01 <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

(a) "Confirmation Date" means the date upon which the Court enters the Confirmation Order.

(b) "Confirmation Order" means the Order of the Court confirming the Plan.

(c) "Effective Date" of this Plan is the eleventh calendar day following the date of the entry of the Confirmation Order. But if a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been vacated.

(d) "Petition Date" means January 2, 2010, the date upon which Debtors filed their Voluntary Petition.

(e) "Reorganized Debtors" means Debtors on and after the Confirmation Date.

8.02   Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.03   Captions.   The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.04   Controlling Effect. Except to the extent the Bankruptcy Code, Bankruptcy Rules, or other federal laws apply, the rights and obligations arising under the Plan shall be governed by the laws of the State of Georgia.

8.05   Binding Effect.   On the Confirmation Date, the provisions of the Plan shall be binding on the Reorganized Debtors, the estate, all creditors, all holders of claims and interests and all other parties-in-interest whether or not such entities are impaired and whether or not such entities have accepted the Plan.

8.06   Vesting of Assets in Reorganized Debtors.   On or after the Effective Date, all property of the estate of Debtors shall vest in the Reorganized Debtors, free and clear of any and all Claims, liens, charges or other encumbrances or Interests

–7–

except as may be specifically provided for otherwise in the
Plan. On and after the Effective Date, the Reorganized Debtors
may operate their business and may use, acquire and dispose of
property without supervision or approval of the Bankruptcy
Court, except as may be otherwise set forth herein.

8.07 <u>Injunction</u>. The Confirmation Order shall operate as
an injunction against any acts against the Reorganized Debtors
and their property to initiate, prosecute, enforce, liquidate,
collect or otherwise assert any claim or interest against the
Reorganized Debtors and their property except as specifically
provided in the Plan.

8.08 <u>Default</u>. If the Reorganized Debtors default in their
payment obligations hereunder to a creditor after the Effective
Date of the Plan, then such creditor may serve a written "notice
of default" to the Reorganized Debtors via Regular U.S. Mail,
addressed to the Reorganized Debtors at the address of Debtors
as reflected in the electronic records maintained by the Clerk
of Bankruptcy Court or as otherwise notified in writing. If the
Reorganized Debtors do not cure said default within ten (10)
calendar days of the date of mailing of said written notice of
default, then the creditor may (a) accelerate and enforce the
entire amount due to it under the Plan irrespective of any
installment payment arrangement otherwise provided for in the
Plan; (b) exercise any and all rights and remedies it may have
under applicable law; and/or (c) seek such relief as may be
appropriate in this Court. In addition, the Court may retain
jurisdiction to hear certain matters even after the case has
been closed.

8.9 <u>Reservation of Rights</u>. Neither the filing of the Plan,
nor any statement or provision contained herein, nor the taking
by any creditor of any action with respect to the Plan, shall
(1) be or be deemed to be an admission against interest,
and (2) until the Effective Date, be or be deemed to be a waiver
of any rights which any party in interest may have against any
other party in interest or any of its property, and until the
Effective Date all such rights are specifically reserved. In
the event that the Effective Date does not occur, neither the
Plan nor any statement contained in the Plan may be used or
relied upon in any manner in any suit, action, proceeding, or
controversy within or outside of the reorganization case
involving the Debtor.

-8-

8.10 <u>Modification of the Plan</u>.  Debtors and the Reorganized Debtors may modify this Plan pursuant to §1127 of the Bankruptcy Code and as herein provided, to the extent applicable law permits.  Said modification may be without notice or hearing, or after such notice and hearing as the Court deems appropriate, if the court finds that the modification does not materially and adversely affect the rights of any parties in interest which have not had notice and an opportunity to be heard with regard thereto.  Without limiting the generality of the foregoing, the Plan may be modified after notice and hearing to entities which have requested notice pursuant to Bankruptcy Rule 2002(i).  In the event of any modification on or before confirmation, any votes to accept or reject the Plan shall be deemed to be votes to accept or reject the Plan as modified, unless the Court finds that the modification materially and adversely attests the rights of parties in interest which have cast said votes.  The Debtor reserves the right in accordance with §1127 of the Bankruptcy code to modify this Plan at any time before the Confirmation Date.

8.11 <u>Revocation of Plan</u>. Debtors reserve the right, unilaterally and unconditionally, to revoke and/or withdraw the Plan at any time prior to entry of the Confirmation Order, and upon such revocation and/or withdrawal the Plan shall be deemed null and void and of no force and effect.

8.12 <u>Successors and Assigns</u>.  The rights, duties and obligations of any entity named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such entity.

8.13 <u>Prepayment</u>.  Provided that it is not in default of its obligations under this Plan, the Reorganized Debtors may prepay, without penalty, all or any portion of an Allowed Claim at any time.

8.14 <u>Supremacy Clause</u>.  In the event of any conflict between the Disclosure Statement and the Plan, the terms of the Plan shall control.

ARTICLE IX
DISCHARGE

9.01.  Discharge.  Upon completion of all payments under
the Plan, Debtors will be discharged from any debt that arose
before confirmation of this Plan, subject to the occurrence of
the Effective Date, to the extent specified in § 1141(d)(1)(A)
of the Code, except that Debtors will not be discharged of any
debt: (i) imposed by this Plan; (ii) of a kind specified in §
1141(d)(6)(A) if a timely complaint was filed in accordance with
Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or
(iii) of a kind specified in § 1141(d)(6)(B).

ARTICLE X
OTHER PROVISIONS

10.1 Rounding.  Whenever any payment of a fraction of a
cent would otherwise be called for, the actual payment shall
reflect a rounding of such fraction to the nearest whole cent.

10.2 Method of Cash Distribution.  Any cash payment to be
made pursuant to the Plan may be made by draft, check, wire
transfer, or as otherwise provided in any relevant agreement or
applicable law.  Any payment or distribution due on a day other
than a Business Day shall be made, without interest, on the next
business day.  Notwithstanding anything to the contrary herein,
no holder of an allowed claim shall receive in respect to such
claim any distribution in excess of the allowed amount of such
claim.

10.3 Objections to Claims.  At any time prior to entry of a
Final Decree, Debtors and the Reorganized Debtors, shall be
allowed to object to claims.  Once an objection has been
resolved, Debtors shall pay the allowed claim pursuant to the
terms of the Plan.  Debtors and the Reorganized Debtors shall
have authority to file, settle, compromise, withdraw, or
litigate to judgment objections or claims.

10.4 Governing Law.  Except to the extent the Bankruptcy
Code, Bankruptcy Rules, or other federal laws apply, the rights
and obligations arising under the Plan shall be governed by the
laws of the State of Georgia.

WHEREFORE, Debtors propose the within and foregoing "Plan of Reorganization".


Prepared and submitted by,
PAUL REECE MARR, P.C.
Debtors' attorneys

By: /s/ Paul Reece Marr
    Paul Reece Marr                /s/ Gregory F. Goralnik
    Georgia Bar No. 471230         Gregory F. Goralnik
300 Galleria Parkway
Suite 960
Atlanta, Georgia 30339            /s/ Antonina M. Goralnik
770/984-2255                      Antonina M. Goralnik

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. 10-60074 |
| GREGORY F. GORALNIK and | : | |
| ANTONINA M. GORALNIK, | : | Chapter 11 |
| | : | |
| Debtors. | : | Judge Hagenau |
| | : | |

CERTIFICATE OF SERVICE

I certify that I have this date served the following parties with a copy of the attached PLAN OF REORGANIZATION by placing a true copy of same in the United States Mail with adequate postage affixed to insure delivery, addressed to:

James H. Morawetz
Office of the U.S. Trustee
362 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

This the 5th day of August, 2011.

By: /s/Paul Reece Marr
Paul Reece Marr (471230)

PAUL REECE MARR, P.C.
Suite 960
300 Galleria Parkway, N.W.
Atlanta, GA 30339
770/984-2255

–12–

Exhibit C

**IT IS ORDERED as set forth below:**

Date: November 07, 2011

*Wendy L. Hagenau*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Wendy L. Hagenau
U.S. Bankruptcy Court Judge

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re:                          :
                                :        Case No. 10-60074
GREGORY F. GORALNIK and         :
ANTONINA M. GORALNIK,           :        Chapter 11
                                :
        Debtors.                :        Judge Hagenau
                                :

ORDER CONFIRMING DEBTORS' PLAN OF REORGANIZATION

    Gregory F. Goralnik and Antonina M. Goralnik (collectively, the "Debtors") filed their Plan of Reorganization on August 5, 2011. On August 18, 2011, America's Servicing Company filed its Objection to confirmation of the Plan of Reorganization.  Upon due notice, the Court held a hearing (the "Hearing") on November 3, 2011 to consider confirmation of the Plan of Reorganization. Paul Reece Marr, attorney for the Debtors, and James H. Morawetz, attorney for the United States Trustee, made appearances at the Hearing.  Debtors' counsel announced that the Debtors agreed to amend the Plan of Reorganization in certain respects as announced in open court and as set forth hereinbelow in order to resolve

issues raised by the Court and to resolve the Objection of America's Servicing Company.

THEREFORE, IT HAVING BEEN DETERMINED AFTER A HEARING ON NOTICE THAT:

(1)  The Plan of Reorganization filed on August 5, 2011, as modified and amended by the terms of this Order (hereinafter, the "Plan"), does not materially and adversely affect the rights of any parties in interest and therefore does not require any further disclosure or solicitation;

(2)  All applicable provisions of 11 U.S.C. § 1129 have been met.

(3)  The Plan has been accepted in writing by the creditors and parties in interest whose acceptance is required by law;

(4)  The provisions of Chapter 11 of the Bankruptcy Code have been complied with, and the Plan has been proposed in good faith and not by any means forbidden by law;

(5)  Each holder of a claim or interest either has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date;

(6)  All payments made or promised by the Debtors or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court;

(7)  The identity of any insider that will be employed or retained by Debtors or by any affiliate of the Debtors, and his or her compensation, have been fully disclosed;

(8)  The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under the Plan and has not accepted the Plan;

(9)  The Plan provides that the holders of secured claims shall retain the liens securing such claims to the extent of the

allowed amount of such claims, and that each holder of a secured claim shall receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the Effective Date of the Plan, of at least the value of such holder's interest in Debtors' interest in such property;

(10) The Plan is in the best interests of creditors and parties in interest herein;

(11) Confirmation of the Plan is not likely to be followed by the liquidation or need for further financial reorganization of the Debtors except as liquidation or reorganization is proposed in the Plan; and

(12) All fees payable under 28 U.S.C. § 1930 have been paid, or the Plan provides for the payment of such fees on the Effective Date of the Plan.

ACORDINGLY, IT IS HEREBY ORDERED that the following modifications are made a part of this Order and the Plan of Reorganization filed on August 5, 2011 is amended and modified accordingly pursuant to 11 U.S.C. § 1127:

1. Class 1 appearing in Article IV on pages 3, 4, and 5 of the Plan is amended by adding the following provision:

Notwithstanding anything contained in the Plan to the contrary, Wells Fargo Home Mortgage loan number 106-1218044429, secured by a first mortgage on a quadraplex owned by the Debtors having a street address of 3063 – 3069 Destin Circle, Snellville, Georgia 30078, is hereby modified by adding all arrearages to the outstanding principal balance and extending the term of the loan by 30 years. The terms of the modified loan are as follows:

Unpaid principal balance (UPB): $263,619.44 (approx)
Interest Rate: 5.375 (fixed)
Term: 360 months
PI: $1,476.19 (escrow to be added)
Effective Date: 12/1/2011
Maturity Date: 11/1/2041

3

No Balloon.

There may be fluctuations to the UPB based on the
escrow adjustments. It is estimated that the monthly
tax and insurance escrow will be $494.48 monthly,
making the approximate monthly payment $1,970.67.

2.   Class 2 appearing in Article IV on page 5 of the Plan is
hereby deleted in its entirety and the following is hereby
substituted in lieu thereof:

Class 2 – General Unsecured Creditors.  Impaired.
This class consists of all non-insider persons and
entities not otherwise classified and treated herein
holding court general unsecured claims allowed under 11
U.S.C. §502 in the approximate aggregate amount of
$23,052.92.  Under the Plan, the Debtor shall pay to
all creditors holding allowed Class 2 Claims, beginning
on the Effective Date and on the like day of each month
thereafter, a pro rata share of $500.00 per month until
each such creditor receives 100% of its respective
allowed general unsecured claim, with interest to
accrue at the rate of 3.25% per annum, being the "Prime
Rate" as currently published in The Wall Street
Journal; and

IT IS FURTHER ORDERED that notwithstanding any language in
the confirmed Plan to the contrary, this Court will retain only
such jurisdiction in this case as it is required to retain under
the Bankruptcy Code and Rules.

IT IS FURTHER ORDERED that within 120 days from the entry of
this Order, the Debtors shall file a report stating whether the
estate has been fully administered within the meaning of
Bankruptcy Rule 3022 and setting forth a list of all fees and
expenses paid to all professionals including attorneys for the
Debtors, together with an application for a final decree closing
the case.

END OF DOCUMENT

4

Prepared and Submitted By,
PAUL REECE MARR, P.C.
Attorneys for the Debtors

/s/ Paul Reece Marr
By: Paul Reece Marr
    GA Bar # 471230
300 Galleria Pkwy; #960
Atlanta, Georgia 30339
(770) 984-2255

Consented to by,
MCCALLA RAYMER, LLC
Attorneys for
America's Servicing Company

/s/ Deborah L. Conley
By: Deborah L. Conley
    Georgia Bar # 181171
1544 Old Alabama Road
Roswell, Georgia 30076-2102
(770)-643-7200

No Opposition by,
U.S. Trustee, Region 21
DONALD F. WALTON

/s/ James H. Morawetz
By: James H. Morawetz
    Georgia Bar # 521900
362 Richard Russell Bldg.
75 Spring Street SW
Atlanta, GA  30303
404/331-4437

DISTRIBUTION LIST

Pursuant to Local Rule 9013-3 for the United States Bankruptcy Court, Northern District of Georgia, following is a list of all parties to be served with a copy of this Order:

James H. Morawetz
Office of U.S. Trustee
362 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

Sidney Gelernter
McCurdy & Candler, LLC
Bldg. 6 – Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305

Paul Reece Marr
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30339

James E. Albertelli
Albertelli Law
100 Galleria Parkway
Suite 900
Atlanta, GA 30339

Andrew D. Goldberg
Rosicki, Rosicki
& Associates, P.C.
Outsource Management
51 East Bethpage Road
Plainview, NY 11803

Dean R. Prober, Esq.
Polk, Prober & Raphael
Suite 100
20750 Ventura Blvd.
Woodland Hills, CA 91364

Deborah L. Conley
McCalla Raymer, LLC
1544 Old Alabama Road
Roswell, GA 30076

7/23/2018                          Georgia Northern Bankruptcy CM/ECF v5.1.3 LIVE DB

**CLOSED**

## U.S. Bankruptcy Court
### Northern District of Georgia (Atlanta)
### Bankruptcy Petition #: 10-60074-wlh

|  |  |
|---|---|
| | *Date filed:* 01/02/2010 |
| | *Date terminated:* 02/29/2012 |
| | *Plan confirmed:* 11/07/2011 |
| | *341 meeting:* 02/11/2010 |
| | *Deadline for objecting to discharge:* 04/12/2010 |

*Assigned to:* Chief Judge Wendy L. Hagenau
Chapter 11
Voluntary
Asset

*Debtor disposition:* Standard Discharge
*Joint debtor disposition:* Standard Discharge

| **Debtor** | represented by **Paul Reece Marr** |
|---|---|
| **Gregory F. Goralnik** | Paul Reece Marr, P.C. |
| 4305 Dove Point | 300 Galleria Parkway, N.W. |
| Duluth, GA 30096 | Suite 960 |
| GWINNETT-GA | Atlanta, GA 30339 |
| SSN / ITIN: xxx-xx-6598 | 770-984-2255 |
| | Fax : 678-623-5109 |
| | Email: paul.marr@marrlegal.com |

| **Joint Debtor** | represented by **Paul Reece Marr** |
|---|---|
| **Antonina M. Goralnik** | (See above for address) |
| 4305 Dove Point | |
| Duluth, GA 30096 | |
| GWINNETT-GA | |
| SSN / ITIN: xxx-xx-5509 | |
| *aka* Nina Goralnik | |
| *aka* Antonina Corrao Goralnik | |

| **U.S. Trustee** | represented by **James H. Morawetz** |
|---|---|
| **Office of the United States Trustee** | Office of U.S. Trustee |
| 362 Richard Russell Building | 362 Richard Russell Bldg. |
| 75 Ted Turner Drive, SW | 75 Ted Turner Drive, SW |
| Atlanta, GA 30303 | Atlanta, GA 30303 |
| (404) 331-4437 | 404-331-4437 x121 |
| | Fax : (404) 730-3534 |

| Filing Date | # | Docket Text |
|---|---|---|
| 11/16/2017 | 339<br>(2 pgs) | Notice of Appearance Filed by Elizabeth H. Parrott on behalf of SPECIALIZED LOAN SERVICING LLC. (Parrott, Elizabeth) 🔓 |
| 03/30/2016 | 338<br>(1 pg) | Notice of Appearance Filed by Capital One N.A.. (Ascension Capital Group, Inc.) 🔓 |

| | | |
|---|---|---|
| 03/27/2015 | [337](#) (2 pgs) | Change of Address of Nationstar Mortgage, LLC. for Notices and Payments filed by Nationstar Mortgage, LLC.. (Nationstar Mortgage) 🔒 |
| 03/27/2015 | [336](#) (2 pgs) | Change of Address of Nationstar Mortgage, LLC. for Notices and Payments filed by Nationstar Mortgage, LLC.. (Nationstar Mortgage) 🔒 |
| 10/19/2014 | 335 | Receipt of Transfer of Claim(10-60074-wlh) [claims,1058] ( 25.00) filing fee. Receipt Number 36754226. Fee Amount 25.00 (re: Doc# [333](#)) (U.S. Treasury) |
| 10/19/2014 | 334 | Receipt of Transfer of Claim(10-60074-wlh) [claims,1058] ( 25.00) filing fee. Receipt Number 36754226. Fee Amount 25.00 (re: Doc# [332](#)) (U.S. Treasury) |
| 10/18/2014 | [333](#) (1 pg) | (NOTICE NOT PROCESSED, CASE IS CLOSED) Transfer of claim Transfer Agreement 3001 (e) 4 Transferor: BAC Home Loans Servicing, LP (Claim No. 23) To Ocwen Loan Servicing, LLC Fee Amount $25 . To Ocwen Loan Servicing, LLCAttn: Cashiering Department1661 Worthington Road, Suite 100West Palm Beach, FL 33409. filed by Ocwen Loan Servicing, LLC.(Ocwen Loan Servicing, LLC) Modified on 10/20/2014 (mbr). 🔒 |
| 10/18/2014 | [332](#) (1 pg) | (NOTICE NOT PROCESSED, CASE IS CLOSED) Transfer of claim Transfer Agreement 3001 (e) 4 Transferor: Deutsche National Trust Co. et al (Claim No. 69) To Ocwen Loan Servicing, LLC Fee Amount $25 . To Ocwen Loan Servicing, LLCAttn: Cashiering Department1661 Worthington Road, Suite 100West Palm Beach, FL 33409. filed by Ocwen Loan Servicing, LLC.(Ocwen Loan Servicing, LLC) Modified on 10/20/2014 (mbr). 🔒 |
| 05/12/2014 | [331](#) (3 pgs) | Notice of Appearance Filed by C. Brent Wardrop on behalf of Deutsche Bank National Trust Company. (Wardrop, C.) 🔒 |
| 03/20/2012 | [330](#) (2 pgs) | Change of Address of Franklin Credit Management Corporation as Servicing Agent for Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 filed by Andrew D. Goldberg on behalf of Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1. (Goldberg, Andrew) (PAYMENT ONLY) Modified on 3/21/2012 (jkh). Modified on 6/8/2012 (jkh). 🔒 |
| 02/29/2012 | | Case Closed. (jkh) |
| 02/11/2012 | [329](#) (5 pgs) | Certificate of Mailing by BNC of Order on Application for Final Decree Notice Date 02/11/2012. (Admin.) (Entered: 02/12/2012) |

| Date | Doc | Description |
|---|---|---|
| 02/09/2012 | 328 (3 pgs) | Order and Final Decree. (Related Doc # 327) Service by BNC. Entered on 2/9/2012. (jkh) |
| 02/02/2012 | 327 (3 pgs) | Application for Final Decree filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) ❶ |
| 02/02/2012 | 326 (26 pgs) | Amended Operating Report *December 2011* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (related document(s)325 Operating Report)(Marr, Paul) ❶ |
| 01/20/2012 | 325 (26 pgs) | Operating Report *December 2012* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) ❶ |
| 12/23/2011 | 324 (30 pgs) | Operating Report *November 2011* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) ❶ |
| 12/18/2011 | 323 (5 pgs) | Certificate of Mailing by BNC of Order on Application for Compensation Notice Date 12/18/2011. (Admin.) (Entered: 12/19/2011) |
| 12/18/2011 | 322 (5 pgs) | Certificate of Mailing by BNC of Order on Application for Compensation Notice Date 12/18/2011. (Admin.) (Entered: 12/19/2011) |
| 12/16/2011 | 321 (3 pgs) | Order GRANTING Application for Compensation for Paul Reece Marr, Debtor's Attorney. Fees awarded: $7876.50 and expenses awarded: $1001.40. (Related Doc # 313) Service by BNC. Entered on 12/16/2011. (jkh) |
| 12/16/2011 | 320 (3 pgs) | Order GRANTING Application for Compensation for CSI Century Services, Inc., Loan Modification Specialist. Fees awarded: $4025.00 and expenses awarded: $0.00. (Related Doc # 311) Service by BNC. Service by BNC. Entered on 12/16/2011. (jkh) Modified on 12/16/2011 (jkh). |
| 12/14/2011 | 319 (2 pgs) | Change of Address of Citibank, N.A. filed by Citibank, N.A.. (Visa, Inc.) (no change to notice address) Modified on 12/15/2011 (jkh). ❶ |
| 11/30/2011 | 318 (34 pgs) | Amended Operating Report *for October 2011* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (related document(s)316 Operating Report)(Marr, Paul) ❶ |
| 11/30/2011 | 317 (36 pgs) | Amended Operating Report *for September 2011* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. |

| | | |
|---|---|---|
| | | Goralnik. (related document(s)315 Operating Report)(Marr, Paul) 🔂 |
| 11/21/2011 | 316 (35 pgs) | Operating Report *October 2011* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) 🔂 |
| 11/21/2011 | 315 (37 pgs) | Operating Report *September 2011* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) 🔂 |
| 11/15/2011 | 314 (6 pgs) | Notice of Hearing *and Certificate of Service* Filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. Hearing to be held on 12/15/2011 at 01:30 PM in Courtroom 1403, Atlanta, (related document(s)313 Final Application for Compensation for Paul Reece Marr, Debtor's Attorney, for period: 8/6/2011 to 11/15/2011. Fee: $7,876.50 and expenses: $1,001.40. filed by Gregory F. Goralnik, Antonina M. Goralnik)(Marr, Paul) 🔂 |
| 11/15/2011 | 313 (10 pgs; 2 docs) | Final Application for Compensation for Paul Reece Marr, Debtor's Attorney, for period: 8/6/2011 to 11/15/2011. Fee: $7,876.50 and expenses: $1,001.40. filed by Paul Reece Marr. (Attachments: 1 Exhibit A - Invoice) (Marr, Paul) 🔂 |
| 11/15/2011 | 312 (6 pgs) | Notice of Hearing *and Certificate of Service* Filed by Paul Reece Marr on behalf of CSI Century Services, Inc.. Hearing to be held on 12/15/2011 at 01:30 PM in Courtroom 1403, Atlanta, (related document(s)311 Application for Compensation for CSI Century Services, Inc., Consultant, for period: 8/5/2011 to 11/11/2011. Fee: $4,025.00 and expenses: $0.00. filed by CSI Century Services, Inc.)(Marr, Paul) 🔂 |
| 11/15/2011 | 311 (12 pgs; 2 docs) | Application for Compensation for CSI Century Services, Inc., Consultant, for period: 8/5/2011 to 11/11/2011. Fee: $4,025.00 and expenses: $0.00. filed by CSI Century Services, Inc.. (Attachments: 1 Exhibit A - Invoice) (Marr, Paul) 🔂 |
| 11/09/2011 | 310 (7 pgs) | Certificate of Mailing by BNC of Order Confirming Chapter 11 Plan Service Date 11/09/2011. (Admin.) (Entered: 11/10/2011) |
| 11/09/2011 | 309 (4 pgs) | Certificate of Mailing by BNC of Notice of Order Confirming Plan. Service Date 11/09/2011. (Admin.) (Entered: 11/10/2011) |
| 11/07/2011 | 308 (1 pg) | Notice of Order Confirming Chapter 11 Plan. Service by BNC. (jkh) |
| 11/07/2011 | 307 (6 pgs) | Order Confirming Debtor's Chapter 11 Plan of Reorganization. Service by BNC. Entered on 11/7/2011. (related document(s) 278 Granting Chapter 11 Plan filed by Gregory F. Goralnik, Antonina M. Goralnik) (jkh) |

| | | |
|---|---|---|
| 11/03/2011 | | COURT NOTES: Hearing Held re: Plan Confirmed (related document(s)278 Chapter 11 Plan filed by Gregory F. Goralnik, Antonina M. Goralnik, 279 Disclosure Statement filed by Gregory F. Goralnik, Antonina M. Goralnik, 292 Disclosure Statement filed by Gregory F. Goralnik, Antonina M. Goralnik) (nmt) |
| 11/02/2011 | 306 (4 pgs) | Certification of Ballots filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (related document(s)278 Chapter 11 Plan filed by Gregory F. Goralnik, Antonina M. Goralnik)(Marr, Paul) |
| 10/17/2011 | 305 (2 pgs) | Ballot *accepting the Plan; ASC/Wells Fargo 10-34615; 4305 Dove Point* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) 🛈 |
| 10/17/2011 | 304 (2 pgs) | Ballot *accepting the Plan; ASC-10-19341, 3112-3118 Destin Circle* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) 🛈 |
| 10/17/2011 | 303 (2 pgs) | Ballot *accepting the Plan; ASC-10-19335, 3042-3048 Destin Circle* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) 🛈 |
| 09/28/2011 | 302 (7 pgs; 2 docs) | Certificate of Service filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Attachments: 1 Exhibit Form Ballot) (related document(s)300 Order and Notice)(Marr, Paul) 🛈 |
| 09/25/2011 | 301 (4 pgs) | Certificate of Mailing by BNC of Order and Notice Service Date 09/25/2011. (Admin.) (Entered: 09/26/2011) |
| 09/23/2011 | 300 (3 pgs) | Order and Notice Approving First Amended Disclosure Statement With Regard To Debtors' Plan Of Reorganization And Fixing Time For Filing Acceptances And Rejections Of Debtors' Plan Of Reorganization, Combined With Notice Of Confirmation Hearing And Notice Of the Time Fixed For Filing Objections To Confirmation Of Debtors' Plan Of Reorganization. Service by BNC. Entered on 9/23/2011. Hearing to be held on 11/3/2011 at 01:30 PM in Courtroom 1403, Atlanta. 10/27/11 Is Fixed As Deadline to File Ballot. 10/27/11 Is Fixed As Last Day to File Objection to Plan. (related document(s) 278 Chapter 11 Plan filed by Gregory F. Goralnik, Antonina M. Goralnik, 292 Disclosure Statement filed by Gregory F. Goralnik, Antonina M. Goralnik) (jkh) |
| 09/16/2011 | 299 (4 pgs) | Certificate of Mailing by BNC of Order on Motion to Disallow Claim Service Date 09/16/2011. (Admin.) (Entered: 09/17/2011) |
| 09/16/2011 | 298 | Operating Report *August 2011* filed by Paul Reece Marr on |

7/23/2018                          Georgia Northern Bankruptcy CM/ECF v5.1.3 LIVE DB

| | | |
|---|---|---|
| | (46 pgs) | behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) 🅘 |
| 09/15/2011 | 297 (4 pgs) | Certificate of Mailing by BNC of Order on Application for Compensation Service Date 09/15/2011. (Admin.) (Entered: 09/16/2011) |
| 09/15/2011 | 296 (4 pgs) | Certificate of Mailing by BNC of Order on Application for Compensation Service Date 09/15/2011. (Admin.) (Entered: 09/16/2011) |
| 09/14/2011 | 295 (3 pgs) | Order GRANTING Objection to Claims No. 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65 of The Gwinnett County, Georgia Tax Commissioner. (Related Doc # 281) Service by BNC. Entered on 9/14/2011. (jkh) |
| 09/13/2011 | 294 (3 pgs) | Order GRANTING Second Application for Interim Compensation for Paul Reece Marr. Fees awarded: $22361.00 and expenses awarded: $961.92. (Related Doc # 283) Service by BNC. Entered on 9/13/2011. (jkh) |
| 09/13/2011 | 293 (3 pgs) | Order GRANTING Second Application for Interim Compensation for CSI Century Services, Inc. Fees awarded: $32070.00 and expenses awarded: $0.00. (Related Doc # 285) Service by BNC. (Related Doc # 285) Service by BNC. Entered on 9/13/2011. (jkh) Modified on 9/13/2011 (jkh). |
| 09/09/2011 | 292 (27 pgs) | Amended Disclosure Statement *Regarding Debtors' Plan of Reorganization* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (related document(s)279 Disclosure Statement filed by Gregory F. Goralnik, Antonina M: Goralnik)(Marr, Paul) 🅘 |
| 09/02/2011 | 291 (3 pgs) | Objection *to Debtors' Disclosure Statement* filed by James H. Morawetz on behalf of Office of the United States Trustee. (related document(s)279 Disclosure Statement filed by Gregory F. Goralnik, Antonina M. Goralnik)(Morawetz, James) 🅘 |
| 08/22/2011 | 290 (42 pgs) | Operating Report *July 2011* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) 🅘 |
| 08/18/2011 | 289 (3 pgs) | Objection to Confirmation of Plan filed by Deborah L. Conley on behalf of America's Servicing Company. (related document(s)278 Chapter 11 Plan filed by Gregory F. Goralnik, Antonina M. Goralnik) (Conley, Deborah) 🅘 |
| 08/12/2011 | 288 (2 pgs) | Certificate of Mailing by BNC of Return Mail. Service Date 08/12/2011. (Admin.) (Entered: 08/13/2011) |
| 08/10/2011 | 287 (2 pgs; 2 docs) | Notice Regarding Return Mail addressed to Citibank South Dakota NA . Service by BNC. (related document(s)276 Notice |

| | | of Transfer of Claim) (rf) |
|---|---|---|
| 08/09/2011 | <u>286</u><br>(6 pgs) | Notice of Hearing *and Certificate of Service* Filed by Paul Reece Marr on behalf of CSI Century Services, Inc.. Hearing to be held on 9/8/2011 at 01:30 PM in Courtroom 1403, Atlanta, (related document(s)<u>285</u> Application for Compensation for CSI Century Services, Inc., Consultant, for period: 11/5/2010 to 8/4/2011. Fee: $32,070.00 and expenses: $0.00. filed by CSI Century Services, Inc.)(Marr, Paul) 🌐 |
| 08/09/2011 | <u>285</u><br>(54 pgs; 2 docs) | Application for Compensation for CSI Century Services, Inc., Consultant, for period: 11/5/2010 to 8/4/2011. Fee: $32,070.00 and expenses: $0.00. filed by CSI Century Services, Inc.. (Attachments: <u>1</u> Exhibit A - Invoice) (Marr, Paul) 🌐 |
| 08/05/2011 | <u>284</u><br>(6 pgs) | Notice of Hearing *and Certificate of Service* Filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. Hearing to be held on 9/8/2011 at 01:30 PM in Courtroom 1403, Atlanta, (related document(s)<u>283</u> Application for Compensation for Paul Reece Marr, Debtor's Attorney, for period: 11/1/2010 to 8/5/2011. Fee: $22,361.00 and expenses: $961.92. filed by Gregory F. Goralnik, Antonina M. Goralnik) (Marr, Paul) 🌐 |
| 08/05/2011 | <u>283</u><br>(17 pgs; 2 docs) | Application for Compensation for Paul Reece Marr, Debtor's Attorney, for period: 11/1/2010 to 8/5/2011. Fee: $22,361.00 and expenses: $961.92. filed by Paul Reece Marr. (Attachments: <u>1</u> Exhibit A - Invoice) (Marr, Paul) 🌐 |
| 08/05/2011 | <u>282</u><br>(3 pgs) | Notice of Hearing *and Certificate of Service* Filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. Hearing to be held on 9/8/2011 at 01:30 PM in Courtroom 1403, Atlanta, (related document(s)<u>281</u> Objection to Claim (Motion to Disallow Claim) of Creditor The Gwinnett County, Georgia Tax Commissioner Filed in the amount of aggregate amount of $65,186.16, Claim No. Proof of Claim numbers 44 through 65, inclusive filed by Gregory F. Goralnik, Antonina M. Goralnik)(Marr, Paul) 🌐 |
| 08/05/2011 | <u>281</u><br>(4 pgs) | Objection to Claim (Motion to Disallow Claim) of Creditor The Gwinnett County, Georgia Tax Commissioner Filed in the amount of aggregate amount of $65,186.16, Claim No. Proof of Claim numbers 44 through 65, inclusive filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) 🌐 |
| 08/05/2011 | <u>280</u><br>(6 pgs) | Notice of Hearing *and Certificate of Service* Filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. Hearing to be held on 9/8/2011 at 01:30 PM in Courtroom 1403, Atlanta, (related document(s)<u>279</u> Disclosure Statement filed by Gregory F. Goralnik, Antonina M. Goralnik)(Marr, Paul) 🌐 |

| | | |
|---|---|---|
| 08/05/2011 | <u>279</u><br>(26 pgs) | Disclosure Statement filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (related document(s)<u>278</u> Chapter 11 Plan filed by Gregory F. Goralnik, Antonina M. Goralnik)(Marr, Paul) 🛈 |
| 08/05/2011 | <u>278</u><br>(12 pgs) | Chapter 11 Plan filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) |
| 07/30/2011 | <u>277</u><br>(2 pgs) | Certificate of Mailing by BNC of Notice of Transfer of Claim Service Date 07/30/2011. (Admin.) (Entered: 07/31/2011) |
| 07/28/2011 | <u>276</u><br>(1 pg) | Notice of Transfer of Claim to Citibank, N.A. from Citibank, SD, N.A. with objections due 21 days from the date of this notice. Service by BNC. (jkh) |
| 07/26/2011 | <u>275</u><br>(3 pgs) | Joint Transfer of claim Transfer Agreement 3001 (e) 2 Transferor: Citibank South Dakota NA (Claim No. 39) To Citibank, N.A. . To Citibank, N.A.701 East 60th Street NorthSioux Falls, SD 57117. filed by EMC Mortgage Corporation as Servicer for Citibank, N.A..(Visa, Inc.) 🛈 |
| 07/25/2011 | <u>274</u><br>(50 pgs) | Amended Operating Report *June 2011* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (related document(s)<u>273</u> Operating Report)(Marr, Paul) 🛈 |
| 07/25/2011 | <u>273</u><br>(40 pgs) | Operating Report *June 2011* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) 🛈 |
| 07/23/2011 | <u>272</u><br>(5 pgs) | Certificate of Mailing by BNC of Order on Motion for Relief from Stay Service Date 07/23/2011. (Admin.) (Entered: 07/24/2011) |
| 07/22/2011 | <u>271</u><br>(5 pgs) | Certificate of Mailing by BNC of Order on Motion for Relief from Stay Service Date 07/22/2011. (Admin.) (Entered: 07/23/2011) |
| 07/21/2011 | <u>270</u><br>(4 pgs) | Consent Order Conditionally DENYING Motion for Relief from Stay and Providing for Adequate Protection Payments as to First Horizon Home Loans. (Related Doc # <u>66</u>, <u>74</u>) Service by BNC. Entered on 7/21/2011. (jkh) |
| 07/20/2011 | <u>269</u><br>(4 pgs) | Consent Order Conditionally DENYING Motion for Relief from Stay And Providing for Adequate Protection Payments As to FIRST HORIZON HOME LOANS. (Related Doc # <u>255</u>) Service by BNC. Entered on 7/20/2011. (jkh) |
| 07/10/2011 | <u>268</u><br>(2 pgs) | Certificate of Mailing by BNC of Notice of Transfer of Claim Service Date 07/10/2011. (Admin.) (Entered: 07/11/2011) |

7/23/2018          Georgia Northern Bankruptcy CM/ECF v5.1.3 LIVE DB

| 07/10/2011 | 267 (2 pgs) | Certificate of Mailing by BNC of Notice of Transfer of Claim Service Date 07/10/2011. (Admin.) (Entered: 07/11/2011) |
|---|---|---|
| 07/08/2011 | 266 (1 pg) | Notice of Transfer of Claim to The Huntington National Bank as Trustee from Deutsche Bank National Trust CompanyDeutsche Bank National Trust Company with objections due 21 days from the date of this notice. Service by BNC. (jkh) |
| 07/08/2011 | 265 (1 pg) | Notice of Transfer of Claim to The Huntington National Bank As Trustee from Deutsche Bank National Trust Company with objections due 21 days from the date of this notice. Service by BNC. (jkh) |
| 07/06/2011 | 264 (4 pgs) | Transfer of claim Transfer Agreement 3001 (e) 1 Transferor: The Huntington National Bank, as Trustee (Claim No. 66) To Deutsche Bank National Trust Company . To Deutsche Bank National Trust Companyc/o Franklin Credit Management Corp.PO Box 620555Indianapolis, IN 46262-0555. filed by Andrew D. Goldberg on behalf of Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1.(Goldberg, Andrew) 🛈 |
| 07/06/2011 | 263 (4 pgs) | Transfer of claim Transfer Agreement 3001 (e) 1 Transferor: The Huntington National Bank as Trustee (Claim No. 41) To Deutsche Bank National Trust Company . To Deutsche Bank National Trust Companyc/o Franklin Credit Management Corp.PO Box 620555Indianapolis, IN 46262-0555. filed by Andrew D. Goldberg on behalf of Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1.(Goldberg, Andrew) 🛈 |
| 06/23/2011 | 262 (44 pgs) | Operating Report *May 2011* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) 🛈 |
| 06/22/2011 | 261 (4 pgs) | Certificate of Mailing by BNC of Order on Motion to Modify Loan Service Date 06/22/2011. (Admin.) (Entered: 06/23/2011) |
| 06/22/2011 | 260 (4 pgs) | Certificate of Mailing by BNC of Order on Motion to Modify Loan Service Date 06/22/2011. (Admin.) (Entered: 06/23/2011) |
| 06/22/2011 | 259 (4 pgs) | Certificate of Mailing by BNC of Order on Motion to Modify Loan Service Date 06/22/2011. (Admin.) (Entered: 06/23/2011) |
| 06/20/2011 | 258 (3 pgs) | Order GRANTING Motion for Loan Modification with JPMORGAN CHASE BANK, N.A. [Loan No. 1915086891]. (Related Doc # 245) Service by BNC. Entered on 6/20/2011. (jkh) |

7/23/2018                                 Georgia Northern Bankruptcy CM/ECF v5.1.3 LIVE DB

| | | |
|---|---|---|
| 06/20/2011 | [257](#)<br>(3 pgs) | Order GRANTING Motion for Loan Modification with JPMORGAN CHASE BANK, N.A. [Loan No. 1915086870]. (Related Doc # [247](#)) Service by BNC. Entered on 6/20/2011. (jkh) |
| 06/20/2011 | [256](#)<br>(3 pgs) | Order GRANTING Motion for Loan Modification with JPMORGAN CHASE BANK, N.A. [Loan No. 1915086880]. (Related Doc # [243](#)) Service by BNC. Entered on 6/20/2011. (jkh) |
| 05/24/2011 | [255](#)<br>(4 pgs) | Motion for Relief from Stay Or, In the Alternative, For Adequate Protection *with Certificate of Service on 2880-2886 Spruce Circle (proposed Consent Order to be uploaded)* filed by Sidney Gelernter on behalf of FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION,. (Gelernter, Sidney) Modified on 5/25/2011 (jkh). |
| 05/19/2011 | [254](#)<br>(36 pgs) | Operating Report *April 2011* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) |
| 05/15/2011 | [253](#)<br>(6 pgs) | Certificate of Mailing by BNC of Order Service Date 05/15/2011. (Admin.) (Entered: 05/16/2011) |
| 05/13/2011 | [252](#)<br>(5 pgs) | AMENDED Consent Order regarding GMAC Mortgage, LLC Service by BNC. Entered on 5/13/2011. (related document(s)[135](#) Order on Motion to Modify Loan)(mab) |
| 05/10/2011 | [251](#)<br>(4 pgs) | Notice Rescheduling Hearing *with Certificate of Service, regarding Motion to modify JPMorgan Chase Bank, N.A. loan # -6870* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. Hearing to be held on 6/9/2011 at 01:30 PM in Courtroom 1403, Atlanta, (related document(s)[248](#) Notice of Hearing filed by Gregory F. Goralnik, Antonina M. Goralnik)(Marr, Paul) |
| 05/10/2011 | [250](#)<br>(4 pgs) | Notice Rescheduling Hearing *with Certificate of Service, regarding Motion to modify JPMorgan Chase Bank, N.A. loan # -6891* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. Hearing to be held on 6/9/2011 at 01:30 PM in Courtroom 1403, Atlanta, (related document(s)[246](#) Notice of Hearing filed by Gregory F. Goralnik, Antonina M. Goralnik)(Marr, Paul) |
| 05/10/2011 | [249](#)<br>(4 pgs) | Notice Rescheduling Hearing *with Certificate of Service, regarding Motion to modify JPMorgan Chase Bank, N.A. loan # -6880* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. Hearing to be held on 6/9/2011 at 01:30 PM in Courtroom 1403, Atlanta, (related |



| | | document(s)244 Notice of Hearing filed by Gregory F. Goralnik, Antonina M. Goralnik)(Marr, Paul) 🛈 |
|---|---|---|
| 05/09/2011 | 248 (4 pgs) | Notice of Hearing *and Certificate of Service* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. Hearing to be held on 5/26/2011 at 01:30 PM in Courtroom 1403, Atlanta, (related document(s)247 Motion for Loan Modification *with JPMORGAN CHASE BANK, N.A. [Loan No. 1915086870]* filed by Gregory F. Goralnik, Antonina M. Goralnik)(Marr, Paul) Modified on 5/10/2011 (nmt). INSUFFICIENT SERVICE TIME - NOTIFIED ATTY 🛈 |
| 05/09/2011 | 247 (14 pgs; 2 docs) | Motion for Loan Modification *with JPMORGAN CHASE BANK, N.A. [Loan No. 1915086870]* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Attachments: 1 Exhibit - Loan Modification Agreement) (Marr, Paul) 🛈 |
| 05/09/2011 | 246 (4 pgs) | Notice of Hearing *and Certificate of Service* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. Hearing to be held on 5/26/2011 at 01:30 PM in Courtroom 1403, Atlanta, (related document(s)245 Motion for Loan Modification *with JPMORGAN CHASE BANK, N.A. [Loan No. 1915086891]* filed by Gregory F. Goralnik, Antonina M. Goralnik)(Marr, Paul) Modified on 5/10/2011 (nmt). INSUFFICIENT SERVICE TIME - NOTIFIED ATTY 🛈 |
| 05/09/2011 | 245 (13 pgs; 2 docs) | Motion for Loan Modification *with JPMORGAN CHASE BANK, N.A. [Loan No. 1915086891]* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Attachments: 1 Exhibit - Loan Modification Agreement) (Marr, Paul) 🛈 |
| 05/09/2011 | 244 (4 pgs) | Notice of Hearing *and Certificate of Service* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. Hearing to be held on 5/26/2011 at 01:30 PM in Courtroom 1403, Atlanta, (related document(s)243 Motion for Loan Modification *with JPMORGAN CHASE BANK, N.A. [Loan No. 1915086880]* filed by Gregory F. Goralnik, Antonina M. Goralnik)(Marr, Paul) Modified on 5/10/2011 (nmt). INSUFFICIENT SERVICE TIME - NOTIFIED ATTY 🛈 |
| 05/09/2011 | 243 (14 pgs; 2 docs) | Motion for Loan Modification *with JPMORGAN CHASE BANK, N.A. [Loan No. 1915086880]* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Attachments: 1 Exhibit - Loan Modification Agreement) (Marr, Paul) 🛈 |
| 05/05/2011 | 242 (2 pgs) | Request for addition to list of creditors and request for notices filed by Dean R. Prober Esq. on behalf of BAC Home Loans |

| | | |
|---|---|---|
| | | Servicing, LP, c/o Prober & Raphael, A Law Corporation. (Prober, Dean) |
| 05/05/2011 | 241 (27 pgs) | Notice of Of Security Interest in Rents and Profits (3151-3157 Sloping Terrace Snellville Georgia) filed by Dean R. Prober Esq. on behalf of BAC Home Loans Servicing, LP c/o Prober & Raphael A law Corporation. (Prober, Dean) |
| 05/01/2011 | 240 (2 pgs) | Change of Address of EMC Mortgage fka EMC Mortgage Corporation filed by EMC Mortgage fka EMC Mortgage Corporation. (EMC Mortgage Corporation) ⬤ |
| 05/01/2011 | 239 (2 pgs) | Change of Address of EMC Mortgage fka EMC Mortgage Corporation filed by EMC Mortgage fka EMC Mortgage Corporation. (EMC Mortgage Corporation) ⬤ |
| 05/01/2011 | 238 (2 pgs) | Change of Address of EMC Mortgage fka EMC Mortgage Corporation filed by EMC Mortgage fka EMC Mortgage Corporation. (EMC Mortgage Corporation) ⬤ |
| 05/01/2011 | 237 (2 pgs) | Change of Address of EMC Mortgage fka EMC Mortgage Corporation filed by EMC Mortgage fka EMC Mortgage Corporation. (EMC Mortgage Corporation) ⬤ |
| 05/01/2011 | 236 (2 pgs) | Change of Address of EMC Mortgage fka EMC Mortgage Corporation filed by EMC Mortgage fka EMC Mortgage Corporation. (EMC Mortgage Corporation) ⬤ |
| 05/01/2011 | 235 (2 pgs) | Change of Address of EMC Mortgage fka EMC Mortgage Corporation filed by EMC Mortgage fka EMC Mortgage Corporation. (EMC Mortgage Corporation) ⬤ |
| 05/01/2011 | 234 (2 pgs) | Change of Address of EMC Mortgage fka EMC Mortgage Corporation filed by EMC Mortgage fka EMC Mortgage Corporation. (EMC Mortgage Corporation) ⬤ |
| 05/01/2011 | 233 (2 pgs) | Change of Address of EMC Mortgage fka EMC Mortgage Corporation filed by EMC Mortgage fka EMC Mortgage Corporation. (EMC Mortgage Corporation) ⬤ |
| 05/01/2011 | 232 (2 pgs) | Change of Address of EMC Mortgage fka EMC Mortgage Corporation filed by EMC Mortgage fka EMC Mortgage Corporation. (EMC Mortgage Corporation) ⬤ |
| 05/01/2011 | 231 (2 pgs) | Change of Address of EMC Mortgage fka EMC Mortgage Corporation filed by EMC Mortgage fka EMC Mortgage Corporation. (EMC Mortgage Corporation) ⬤ |
| 05/01/2011 | 230 (2 pgs) | Change of Address of EMC Mortgage fka EMC Mortgage Corporation filed by EMC Mortgage fka EMC Mortgage Corporation. (EMC Mortgage Corporation) ⬤ |

| | | |
|---|---|---|
| 04/21/2011 | <u>229</u><br>(39 pgs) | Operating Report *March 2011* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) 🛈 |
| 03/27/2011 | <u>228</u><br>(43 pgs) | Amended Operating Report *February 2011* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (related document(s)<u>227</u> Operating Report)(Marr, Paul) 🛈 |
| 03/27/2011 | <u>227</u><br>(43 pgs) | Operating Report *February 2011* filed by Paul Reece Marr on behalf of Antonina M. Goralnik, Gregory F. Goralnik. (Marr, Paul) 🛈 |
| 03/05/2011 | <u>226</u><br>(4 pgs) | Certificate of Mailing by BNC of Order on Motion to Modify Loan Service Date 03/05/2011. (Admin.) (Entered: 03/06/2011) |
| 03/05/2011 | <u>225</u><br>(4 pgs) | Certificate of Mailing by BNC of Order on Motion to Modify Loan Service Date 03/05/2011. (Admin.) (Entered: 03/06/2011) |
| 03/05/2011 | <u>224</u><br>(4 pgs) | Certificate of Mailing by BNC of Order on Motion to Modify Loan Service Date 03/05/2011. (Admin.) (Entered: 03/06/2011) |
| 03/05/2011 | <u>223</u><br>(4 pgs) | Certificate of Mailing by BNC of Order Service Date 03/05/2011. (Admin.) (Entered: 03/06/2011) |
| 03/04/2011 | <u>222</u><br>(4 pgs) | Certificate of Mailing by BNC of Order on Motion to Modify Loan Service Date 03/04/2011. (Admin.) (Entered: 03/05/2011) |
| 03/04/2011 | <u>221</u><br>(4 pgs) | Certificate of Mailing by BNC of Order on Motion to Modify Loan Service Date 03/04/2011. (Admin.) (Entered: 03/05/2011) |
| 03/04/2011 | <u>220</u><br>(4 pgs) | Certificate of Mailing by BNC of Order on Motion to Modify Loan Service Date 03/04/2011. (Admin.) (Entered: 03/05/2011) |
| 03/03/2011 | <u>219</u><br>(3 pgs) | Order GRANTING Debtor's Motion Seeking Entry of Order Approving Proposed Loan Modification *with Specialized Loan Servicing, LLC. [Loan No. 1000879614] Service by BNC. (related document 196. Entered on 3/3/2011. (jkh) Modified on 3/3/2011 (jkh).* |
| 03/03/2011 | <u>218</u><br>(3 pgs) | Order GRANTING Debtors' Motion Seeking Entry of Order Approvingt Proposed Loan Modification with Specialized Loan Servicing, LLC (Loan No. 1000879614) (Related Doc # <u>196</u>) Service by BNC. Entered on 3/3/2011. (mab) |
| 03/03/2011 | <u>217</u><br>(3 pgs) | Order GRANTING Debtors' Motion Seeking Entry Of Order Approving Proposed Loan Modification With Specialized Loan Servicing, LLC [Loan No. 1000630963]. (Related Doc # <u>194</u>) Service by BNC. Entered on 3/3/2011. (jkh) |
| 03/02/2011 | <u>216</u><br>(3 pgs) | Order GRANTING Debtors' Motion Seeking Entry Of Order Approving Proposed Loan Modification With Specialized Loan Servicing, LLC [Loan No. 1000806315]. (Related Doc # <u>192</u>) Service by BNC. Entered on 3/2/2011. (jkh) |

| | | |
|---|---|---|
| 03/02/2011 | <u>215</u><br>(3 pgs) | Order GRANTING Debtors' Motion Seeking Entry Of Order Approving Proposed Loan Modification With Specialized Loan Servicing, LLC [Loan No. 10009806328]. (Related Doc # <u>190</u>) Service by BNC. Entered on 3/2/2011. (jkh) |
| 03/02/2011 | <u>214</u><br>(3 pgs) | Order GRANTING Debtors' Motion Seeking Entry Of Order Approving Proposed Loan Modification With Specialized Loan Servicing, LLC [Loan No. 1000988929]. (Related Doc # <u>188</u>) Service by BNC. Entered on 3/2/2011. (jkh) |

NATIONSTAR MORTGAGE

ACCOUNT # 596841824

2880-2886 SPRUCE CIRCLE

SNELLVILLE, GA 30078



350 Highland Drive
Lewisville, TX 75067

March 27, 2013

Gregory Goralnik
Antonina Goralnik
4305 DOVE PT
BERKELEY LAKE, GA 30096

Re:    Gregory Goralnik and Antonina Goralnik
       Account #: 596841824   *2880-2886*
       Case Number: 1060074

Dear Gregory Goralnik and Antonina Goralnik:

Our records indicate you recently filed bankruptcy. This letter is for informational purposes only and provides important information for you while your loan is being serviced by the Bankruptcy Department at Nationstar Mortgage.

If you filed for protection under Chapter 7, and would like to reaffirm the debt please contact our office at 1-877-782-7612 to request a Reaffirmation Agreement. The Reaffirmation Agreement must be filed within 45 days of the Meeting of Creditors. You may rescind at any time prior to the entry of a discharge order in the bankruptcy case or within 60 days of the filing of the Reaffirmation Agreement, whichever is longer.

If your client is to retain the property and you are interested in loss mitigation opportunities, please contact our Bankruptcy Loss Mitigation representatives at 1-877-782-7612 Monday through Thursday from 8:00 am until 8:00 pm Central Standard Time; Friday from 8:00 am until 5:00 pm Central Standard Time and Saturday from 8:00 am until 12:00 pm Central Standard Time.

Payments during the pendency of the bankruptcy case can be mailed, sent via Western Union or Money Gram. If you are mailing your payment, please send to the following address and include your loan number.

                    Nationstar Mortgage
                    350 Highland Drive
                    Lewisville, Texas 75067

Payments sent via Western Union should reference the following information.

        Code City:  ASTAR            Code State:  TX

Payments sent via Money Gram should utilize reference code: 1678

**Nationstar**
M O R T G A G E   350 Highland Drive
Lewisville, TX 75067
www.MyNationstarMtg.com

**IMPORTANT TAX RETURN
INFORMATION BELOW**



0-692-69433-0113751-023-1-000-000-000-000
GREGORY F GORALNIK
ANTONINA C GORALNIK
4305 DOVE PT
BERKELEY LAKE GA  30096-3088

PROPERTY ADDRESS:
2880- 2886 SPRUCE CIR
SNELLVILLE   GA 30078

LOAN NUMBER:     0596841824

FOR INFORMATION CALL:    1-888-480-2432
CUSTOMER SERVICE HOURS:  MON - TH, 8:00 A.M. - 8:00 P.M. CT
FRI, 8:00 A.M. - 6:00 P.M. CT

*SEE REVERSE SIDE FOR ADDITIONAL INFORMATION*

## ANNUAL TAX AND INTEREST STATEMENT

GREGORY F GORALNIK
ANTONINA C GORALNIK
4305 DOVE PT
BERKELEY LAKE GA  30096-3088

NATIONSTAR MORTGAGE LLC     YEAR: 2012
350 HIGHLAND DRIVE          ACCT#:0596841824
LEWISVILLE TX  75067        SSN: 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

TIN# 75-2921540

DISBURSEMENTS FROM ESCROW          PRINCIPAL RECONCILIATION

PROPERTY TAX          3,522.63     230,741.97  BEG BAL
HAZARD INSURANCE        975.00           .00   APPLIED PRIN
MORTGAGE INSURANCE         .00     230,741.97  ENDING BAL
ESCROW REFUND              .00

INTEREST RECONCILIATION

6,826.10   INTEREST PAID
CURRENT TOTAL PYMT      1,025.63     6,826.10   *MORTGAGE INTEREST RECEIVED
CURRENT ESCROW PYMT       448.78                FROM PAYER(S)/BORROWER(S)
CURRENT OPTIONAL INS PYMT     .00

*If the Tax ID Number shown above is incorrect or if the space is blank, please complete the Tax Identification Certification on the reverse side of this statement and return to us at our return address above.*

*Gregory Goralnik*
*Antonina Goralnik*
*4305 Dove Point*
*Berkeley Lake, GA 30096*

*404-561-4163 Greg-Cell*
*770-315-8087 Nina-Cell*

April 16, 2013

To: NationStar Mortgage – ATTN: KRISTI

Fax #: 214-222-7126

Total Pages, including Cover Sheet: 9

**Re: Loan # 0596841824**
▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

I am attaching the following:

1. U.S. Bankruptcy Court – Consent Order showing the agreed upon payments to be made to cover any back payments not made during Ch 11 bankruptcy totaled $11,568.80 divided by 24 payments = $482.03.
2. A list of all payments made starting January 2011 (11 paid to MetLife Home Loans) through April 2013. Please note we made 27 additional payments and not the 24 per the agreement. The extra payments should be applied to principal.
3. U.S. Bankruptcy Court – FINAL DECREE dated February 2012.

I have not received a statement from NationStar Mortgage in 2 years. Our bankruptcy has been closed since February 2012 – see item 3.

Per my conversations with various NationStar employees I was told that my account is not up to date since the payments made and agreed upon in the court were not properly applied.

I would like to get this resolved as soon as possible. Please contact me at *770-315-8087* with any questions.

Thank you for your attention to this matter.

*Antonina Goralnik*

**Nationstar Mortgage**
Vendor: BER LAW PC

Check Date: 08/13/2014
449047

| Document No. | Date | Description | Amount | Discount | Net Amount |
|---|---|---|---|---|---|
| 596841824 | 7/30/2014 | BER LAW PC | 6,283.50 | 0.00 | 6,283.50 |
| | | | | Total | 6,283.50 |

**Nationstar Mortgage**
350 Highland Drive
Lewisville, TX 75067

**Nationstar**
MORTGAGE

Wells Fargo Bank, NA
PO Box 63020
San Francisco, CA
94163
12-345/678

DATE 08/13/2014
AMOUNT $*******6,283.50

449047

➡ PAY ONLY **6,283.50**

PAY ****SIX THOUSAND TWO HUNDRED EIGHTY THREE AND 50/100 DOLLARS

TO THE ORDER OF
BER LAW PC
100 PEACHTREE STREET SUITE 1950
ATLANTA, GA 30303

*** COPY ***

---

**Nationstar Mortgage**
Vendor: BER LAW PC

Check Date: 08/13/2014
449047

| Document No. | Date | Description | Amount | Discount | Net Amount |
|---|---|---|---|---|---|
| 596841824 | 7/30/2014 | BER LAW PC | 6,283.50 | 0.00 | 6,283.50 |
| | | | | Total | 6,283.50 |

THE REVERSE SIDE OF THIS DOCUMENT INCLUDES MICROPRINTED ENDORSEMENT LINES • TRUE WATERMARK - HOLD TO LIGHT TO VIEW

**Nationstar Mortgage**
350 Highland Drive

Lewisville, TX 75067

Wells Fargo Bank, NA
PO Box 63020
San Francisco, CA
94163
12-345/678

\449047

DATE 08/13/2014
AMOUNT $*******6,283.50

➡ PAY ONLY **6,283.50** SIX TWO EIGHT THREE

PAY ****SIX THOUSAND TWO HUNDRED EIGHTY THREE AND 50/100 DOLLARS

TO THE ORDER OF
BER LAW PC
100 PEACHTREE STREET SUITE 1950
ATLANTA, GA 30303

*Nationstar Mortgage*



2458

**Nationstar Mortgage**
Vendor: BER LAW PC

Check Date: 08/13/2014

**449047**

| Document No. | Date | Description | Amount | Discount | Net Amount |
|---|---|---|---|---|---|
| 596841824 | 7/30/2014 | BER LAW PC | 6,283.50 | 0.00 | 6,283.50 |
| | | | | Total | 6,283.50 |

**Nationstar Mortgage**
350 Highland Drive
Lewisville, TX 75087

**449047**

DATE 08/13/2014
AMOUNT $*******6,283.50

PAY ONLY $ 6,283.50

PAY ****SIX THOUSAND TWO HUNDRED EIGHTY THREE AND 50/100 DOLLARS

TO THE ORDER OF
BER LAW PC
100 PEACHTREE STREET SUITE 1950
ATLANTA, GA 30303

*** COPY ***

---

**Nationstar Mortgage**
Vendor: BER LAW PC

Check Date: 08/13/2014

**449047**

| Document No. | Date | Description | Amount | Discount | Net Amount |
|---|---|---|---|---|---|
| 596841824 | 7/30/2014 | BER LAW PC | 6,283.50 | 0.00 | 6,283.50 |
| | | | | Total | 6,283.50 |

THE REVERSE SIDE OF THIS DOCUMENT INCLUDES MICROPRINTED ENDORSEMENT LINES • TRUE WATERMARK - HOLD TO LIGHT TO VIEW

**Nationstar Mortgage**
350 Highland Drive
Lewisville, TX 75087

Wells Fargo Bank, NA
PO Box 63020
San Francisco, CA
94163
12-345/678

**449047**

DATE 08/13/2014
AMOUNT $*******6,283.50

PAY ONLY 6,283.50 Six Two Eight Three

PAY ****SIX THOUSAND TWO HUNDRED EIGHTY THREE AND 50/100 DOLLARS

TO THE ORDER OF
BER LAW PC
100 PEACHTREE STREET SUITE 1950
ATLANTA, GA 30303

*Nationstar Mortgage*



THIS DOCUMENT IS PRINTED ON TONER ADHESION PAPER

2458

## Jamie Carroll

| | |
|---|---|
| **From:** | Keli.Goss@nationstarmail.com |
| **Sent:** | Wednesday, July 30, 2014 12:16 PM |
| **To:** | Jamie Carroll |
| **Cc:** | Beth Rogers |
| **Subject:** | RE: 10-60074 / Goralnik |

Hi Jamie,

Can you send me your W-9 please?  My last day here at NSM is actually this Friday so I will get this process started for you.  It has been approved.

Thank you,
Keli

> **Keli Goss**
> Sr. Bankruptcy Specialist
> Chapter 11
> 2501 State Highway 121
> Lewisville, TX 75067
> 469-426-3072
> Keli.Goss@Nationstarmail.com
> 

| | |
|---|---|
| From: | "J Carroll" <jcarroll@berlawoffice.com> |
| To: | <Keli.Goss@nationstarmail.com> |
| Cc: | "Beth Rogers" <brogers@berlawoffice.com> |
| Date: | 07/30/2014 09:58 AM |
| Subject: | RE: 10-60074 / Goralnik |

Keli,

Attached please find the following correspondence from our office regarding the above-referenced matter.

Thanks,

Jamie

**From:** Keli.Goss@nationstarmail.com [mailto:Keli.Goss@nationstarmail.com]
**Sent:** Tuesday, June 24, 2014 12:59 PM
**To:** J Carroll
**Subject:** RE: 10-60074 / Goralnik

Hi Jamie,

It is our policy to send the statements to the attorney as long as the loan is in BK.  I realized the BK is closed but they have not received a discharge yet.  The docket was never updated to show your firm's information as their new attorney.  Can you provide that to me?

Thank you,
Keli

**Keli Goss**
Sr. Bankruptcy Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3072
Keli.Goss@Nationstarmail.com



| From: | "J Carroll" <jcarroll@berlawoffice.com> |
|---|---|
| To: | <Keli.Goss@nationstarmail.com> |
| Date: | 06/23/2014 06:52 PM |
| Subject: | RE: 10-60074 / Goralnik |

---

Keli,

Can you forward the statements for these two loans to the Goralniks from now on? Now that the loans are current, we no longer need to receive statements at our office.

Thanks,

Jamie

**From:** Keli.Goss@nationstarmail.com [mailto:Keli.Goss@nationstarmail.com]
**Sent:** Wednesday, May 28, 2014 4:49 PM
**To:** J Carroll
**Subject:** RE: 10-60074 / Goralnik

Jamie,

All I can do really is provide a screen shot, I hope that will be sufficient.

```
Loan#  0596841565
CP: ZZ_BK_UCL

Closing Date    2/24/05
1st Pmt.Due     4/01/05

Maturity Date 10/01/35
```

```
Loan#  0596841824
CP: ZZ_BK_UCL

Closing Date    1/24/05
1st Pmt.Due     3/01/05

Maturity Date  9/01/35
```

Thank you,
Keli

**Keli Goss**
Sr. Bankruptcy Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3072
Keli.Goss@Nationstarmall.com



From:     "J Carroll" <jcarroll@berlawoffice.com>
To:       <Keli.Goss@nationstarmall.com>
Cc:       "Beth Rogers" <brogers@berlawoffice.com>
Date:     05/28/2014 02:57 PM
Subject:  RE: 10-60074 / Goralnik

3

Kelly,

Thanks-can I get documentation that the maturity date has been extended? It doesn't say anything about that on the monthly statements that I have.

Jamie

**From:** Keli.Goss@nationstarmail.com [mailto:Keli.Goss@nationstarmail.com]
**Sent:** Wednesday, May 28, 2014 2:17 PM
**To:** J Carroll
**Subject:** RE: 10-60074 / Goralnik

Hi Jamie,

Adjustments are complete and the maturity date has been extended by 7 months for each loan.

Monthly statements for each loan are also attached.

Thank you,
Keli

**Keli Goss**
Sr. Bankruptcy Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3072
Keli.Goss@Nationstarmail.com



Thanks, I look forward to reviewing the statements tomorrow.

**From:** Keli.Goss@nationstarmail.com [mailto:Keli.Goss@nationstarmail.com]
**Sent:** Tuesday, May 27, 2014 2:33 PM
**To:** J Carroll
**Cc:** Beth Rogers
**Subject:** RE: 10-60074 / Goralnik

Jamie,

I expect them to be finalized today.  Once finalized, I can have the statements generated so probably tomorrow if that will be alright.

Thank you,
Keli

**Keli Goss**
Sr. Bankruptcy Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3072
Keli.Goss@Nationstarmail.com

Nationstar
MORTGAGE

| | |
|---|---|
| From: | "J Carroll" <jcarroll@berlawoffice.com> |
| To: | <Keli.Goss@nationstarmail.com> |
| Cc: | "Beth Rogers" <brogers@berlawoffice.com> |
| Date: | 05/27/2014 01:30 PM |
| Subject: | RE: 10-60074 / Goralnik |

Keli,

Thanks for the update. Just to clarify, will the adjustment be finalized today? When can I expect to see documentation of the adjustment for both loans?

Thanks,

Jamie

**From:** Keli.Goss@nationstarmail.com [mailto:Keli.Goss@nationstarmail.com]
**Sent:** Tuesday, May 27, 2014 2:29 PM
**To:** J Carroll
**Subject:** RE: 10-60074 / Goralnik

Hi Jamie,

Just a status update.  This is still in process.  Having the change request form completed by our loss mit team and then I can submit to have the adjustment made - I expect it today.

Thank you,
Keli

**Keli Goss**
Sr. Bankruptcy Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3072
Keli.Goss@nationstarmail.com



From:   "J Carroll" <jcarroll@berlawoffice.com>
To:      <Keli.Goss@nationstarmail.com>
Cc:      "Beth Rogers" <brogers@berlawoffice.com>

Date:      05/20/2014 12:58 PM
Subject:     RE: 10-60074 / Goralnik

Keli,

Yes, we can extend the deadline to May 27th. Pursuant to the Goralniks' Amended Reorganization Plan, page 9, attached hereto, any pre-petition arrearages to the loans will be "put onto the end of the loan with the term of the loan to be extended accordingly", so yes, the loans just need to be extended, not re-amortized completely.

Jamie

**From:** Keli.Goss@nationstarmail.com [mailto:Keli.Goss@nationstarmall.com]
**Sent:** Tuesday, May 20, 2014 1:44 PM
**To:** J Carroll
**Subject:** RE: 10-60074 / Goralnik

Hi Jamie,

I am requesting the deadline to be May 27th as we are not here on Saturday May 24th or Monday May 26th as it is Memorial Day, I appreciate your cooperation.  I thought the loan needed to be completely reamortized.  Now, I am thinking this may just need to be extended?  I am seeing if that is possible.

Thank you!
Keli

**Keli Goss**
Sr. Bankruptcy Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3072
Keli.Goss@nationstarmail.com



From:       "J Carroll" <jcarroll@berlawoffice.com>
To:         <Keli.Goss@nationstarmail.com>
Cc:         "Beth Rogers" <brogers@berlawoffice.com>
Date:       05/14/2014 04:46 PM
Subject:    RE: 10-60074 / Goralnik

---

Keli,

I am writing to confirm our conversation today in which you agreed that the Goralniks are current on their payments to Nationstar on the two loans numbers 596841565 and 596841824 ("Goralnik Loans") pursuant to the Consent Orders entered in their bankruptcy case, and that Nationstar's demand for a deficiency payment regarding the Goralnik Loans was in violation of the automatic stay. You requested that I provide you with the amount of the attorney fees incurred by the Goralniks as a result of Nationstar's violation of the automatic stay, and I will prepare same and provide it to you.

Moreover, you agreed that Nationstar would send updated loan statements for loan numbers 596841565 and 596841824 reflecting that the Goralniks are current on said loans within ten (10) days from today, i.e. by May 24, 2014.

Please let me know as soon as possible if this email does not reflect your understanding of our conversation. My number is 770-685-6320 if you need to contact me.

Thanks,

Jamie

**From:** Keli.Goss@nationstarmail.com [mailto:Keli.Goss@nationstarmail.com]
**Sent:** Tuesday, May 13, 2014 4:58 PM
**To:** J Carroll
**Subject:** RE: 10-60074 / Goralnik

Hi Jamie,

I received your message - I will call you tomorrow so we can discuss.

Thank you!

Keli

**Keli Goss**
Sr. Bankruptcy Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3072
Keli.Goss@Nationstarmail.com

Nationstar
MORTGAGE

From:    "J Carroll" <jcarroll@berlawoffice.com>
To:      <Keli.Goss@nationstarmail.com>,
Date:    04/21/2014 05:21 PM
Subject: RE: 10-60074 / Goralnik

Keli,

Just writing to follow up on this. The Court's Orders were clear in setting out the terms of the repayment of the two loans, and my clients have completely complied with them.

Thanks,

Jamie

**From:** Keli.Goss@nationstarmail.com [mailto:Keli.Goss@nationstarmail.com]
**Sent:** Thursday, April 10, 2014 4:35 PM
**To:** J Carroll
**Subject:** RE: 10-60074 / Goralnik

Hi Jamie,

I know that our attorney had reached out to the counsel that represented the Goralnik's during the BK.  I sent a follow up earlier this week and they were awaiting a response.  I will call her in the morning to see if they have any additional information. We want to follow the court's order but need to clarify what the terms were as they were not completely clear.  I will update you with what I find out tomorrow.
Thank you,
Keli



Keli Goss
Sr. Bankruptcy Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3072
Keli.Goss@Nationstarmail.com

From:    "J Carroll" <jcarroll@berlawoffice.com>
To:      <Keli.Goss@nationstarmail.com>,
Date:    04/09/2014 04:38 PM
Subject:   RE: 10-60074 / Goralnik

Keli,

Just following up on this matter.

Thanks,

Jamie

**From:** Keli.Goss@nationstarmail.com [mailto:Keli.Goss@nationstarmail.com]
**Sent:** Tuesday, April 01, 2014 8:10 AM
**To:** J Carroll
**Subject:** 10-60074 / Goralnik

Hi Jamie,

I was out of the office several days last week.  I received your message and am waiting for a response from McCurdy and Candler on this matter before finalizing the matter.  I expect to have a response shortly.

Thank you for your patience!

Keli

Keli Goss



Sr. Bankruptcy Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3072
Keli.Goss@Nationstarmail.com

[attachment "Letter to Nationstar 7.30.14.pdf" deleted by Keli Goss/Mortgage]

This e-mail communication and any attachments may contain confidential, copyrighted, and legally privileged information for use solely by the designated recipients to which this e-mail is addressed. If you are not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, disclosure, dissemination, distribution, or copying of this message or its contents is prohibited and may be subject to governing laws protecting its disclosure. If you have received this communication in error, please notify Nationstar Mortgage immediately by e-mail at postmaster@nationstarmail.com and destroy all copies of this communication and any attachments.

Exhibit G

 mr. **cooper**
CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Coppell, TX 75019

# ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT



Customer Service: 888-480-2432
Monday through Thursday from 7 a.m. to 8 p.m. (CT),
Friday from 7 a.m. to 6 p.m. (CT) and Saturday from 8 a.m. to 2 p.m. (CT)

0004820 01 AV   0.375 01   TR 00023 RNESEHG1 000000
GREGORY F GORALNIK
ANTONINA C GORALNIK
4305 DOVE POINT
BERKELEY LAKE GA 30096



Your Loan Number: ████████1824
Statement Date: 2/23/2018

Your Dedicated Loan Specialist is Charlotte Kelly and can be reached at
(866) 316-2432 EXT. 5160286 or via mail at:
8950 Cypress Waters Blvd., Coppell, TX 75019

## IN CASE YOU WERE WONDERING

**Why am I receiving this?**

As required by RESPA, Mr. Cooper completes an analysis each year to ensure that your escrow account is funded correctly, determine any surplus or shortage*, and adjust your monthly payment** accordingly. Mr. Cooper maintains a cushion equal to two months' estimated taxes and insurance (unless limited by your loan documents or state law). This measure helps to avoid a negative balance in the event of changing tax and insurance amounts.

**What does this mean for me?**

At this time, your Escrow Account has less money than needed and there is a shortage of $447.86. Due to this shortage and changes in your taxes and insurance premiums, your monthly escrow payment will decrease by ($250.72). Effective 04/01/2018, your new total monthly payment** will be $1,745.50. This shortage amount assumes all past due payments have been made toward your loan. If there are past due payments, this amount may not be accurate.

**What do I need to do?**

Please refer to your monthly billing statement for any changes in your monthly payments.

| TOTAL PAYMENT | CURRENT MONTHLY PAYMENT | PAYMENT CHANGES | NEW MONTHLY PAYMENT** |
|---|---|---|---|
| Principal and Interest | $1,213.87 | $0.00 | $1,213.87 |
| Escrow | $782.35 | ($288.04) | $494.31 |
| Shortage Spread | $0.00 | $37.32 | $37.32 |
| TOTAL PAYMENT | $1,996.22 | ($250.72) | $1,745.50 |

*See below for shortage calculation*

**What is a Shortage?** A shortage is the difference between the **lowest projected balance** of your account for the coming year and your minimum required balance. To prevent a negative balance, the total annual shortage is divided by twelve months and added to your monthly escrow payment, as shown below.

| LOWEST PROJECTED BALANCE | MINIMUM REQUIRED BALANCE | |
|---|---|---|
| $540.76 | $988.62 | $447.86 / 12 = $37.32 |

*Please see the Coming Year Projections table on the back for more details.*

| ESCROW DISBURSEMENT BREAKDOWN | ANNUAL DISBURSEMENT | ANNUAL CHANGE | ANTICIPATED ANNUAL DISBURSEMENT |
|---|---|---|---|
| County Tax | $3,914.84 | $34.88 | $3,949.72 |
| Hazard Sfr | $1,681.00 | $301.00 | $1,982.00 |
| ANNUAL TOTAL | $5,595.84 | $335.88 | $5,931.72 |

*If you have questions about changes to your property taxes or homeowners' insurance premiums, please contact your local taxing authority or insurance provider. For more information about your escrow, please sign in at www.mrcooper.com.*

*The shortage amount listed assumes there are no outstanding payments owed.
**The Monthly Payment amount/changes assume that there are not outstanding payments owed.
A coupon is attached below but if you are delinquent please contact us for the correct amount.

2480-2886

Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC. All rights reserved.

Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.


EQUAL HOUSING OPPORTUNITY

DETACH HERE AND RETURN WITH YOUR PAYMENT. PLEASE ALLOW A MINIMUM OF 7 TO 10 DAYS FOR POSTAL DELIVERY.

S 00004820 RNESEHG1 009639

Exhibit H

**mr.**
**cooper**

8050 Cypress Waters Blvd.
Dallas, TX 75019

OUR INFO
ONLINE
www.mrcooper.com

03/05/2018

Sent Via Certified Mail
9307 1100 1170 0950 1301 96

GREGORY F GORALNIK
ANTONINA C GORALNIK
4305 DOVE PT
BERKELEY LAKE, GA 30096-3088

Loan Number:       596841824
Investor Name:     "The Bank of New York Mellon, as Trustee for FIRST HORIZON ALTERNATIVE
                   MORTGAGE SECURITIES TRUST 2005-AA9"
Property Address:  2880 2886 SPRUCE CIR
                   SNELLVILLE, GA 30078

Dear GREGORY F GORALNIK and ANTONINA C GORALNIK:

If you are represented by an attorney, please send this notice to your attorney.

Mr. Cooper is the mortgage loan servicer for the above referenced loan.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

Your loan is currently past due for the 10/01/2017 payment and is due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$10,988.40**. In order to cure this default, you must pay the total amount due of **$10,988.40** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Mr. Cooper at 888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Mr. Cooper subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

All reinstatement payments must be made payable in certified funds, cashier's check or money order(s) and

Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC. All rights reserved.

Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.

GA_NOI
Page 1 of 3

9307 1100 1170 0950 1301 96

mailed to Mr. Cooper, PO Box 650783, Dallas, TX 75265-0783 or overnight delivery to Mr. Cooper, Attn. Payment Processing, 1010 W. Mockingbird, Suite 100, Dallas, TX 75247. You may call Mr. Cooper at 888-480-2432 if you have questions regarding your account or write to Mr. Cooper, 8950 Cypress Waters Blvd., Dallas, TX 75019.

Unless otherwise required by applicable law, Mr. Cooper is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Mr. Cooper may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

$10,988.40 must be paid by 04/09/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 04/01/2018 is still due on 04/01/2018 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter). Please be further advised that from this point forward, strict compliance with the exact terms of the loan documentation will be required pursuant to O.C.G.A. § 13-4-4.

Failure to pay $10,988.40 by 04/09/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Mr. Cooper.

If you request in writing, Mr. Cooper will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Mr. Cooper will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Mr. Cooper's Foreclosure Prevention Department at 888-480-2432 for additional information or to request an interview for the purpose of resolving the past due account. You may also visit https://www.mrcooper.com/support/mortgage_assistance for additional information, to see what options may be available to you, and to submit an application for assistance.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD-approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents: Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify Mr. Cooper immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Mr. Cooper as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance

Officer. Homeowner counseling is also available at Military OneSource (www.militaryonesource.mil; 1-800-342-9647), Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and HUD-certified housing counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You may also call Mr.Cooper toll-free at 888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Charlotte Kelly
Dedicated Loan Specialist
Mr. Cooper
866-316-2432 ext. 5160286
8950 Cypress Waters Blvd.
Dallas, TX 75019



GA_NOI
Page 3 of 3

10:41 AM
03/10/18
Cash Basis

# GORALNIK PROPERTIES
## Transactions by Account
### As of March 10, 2018

| Type | Date | Num | Name | Memo | Class | Original Amount | Paid Amount |
|---|---|---|---|---|---|---|---|
| **MORTGAGE PAYABLE** | | | | | | | |
| **2885-2880 SPRUCE CIRCLE** | | | | | | | |
| Check | 1/1/2017 | 4197 | Nationstar Mortgage LLC | #0586641824 LOAN MODIFICATION PAYMENT - includes $446.78 for escrow | 2885-2886 SPRUCE CIRCLE | -1,662.65 | -1,662.65 |
| Check | 2/1/2017 | 4212 | Nationstar Mortgage LLC | #0586641824 LOAN MODIFICATION PAYMENT - includes $446.78 for escrow | 2885-2886 SPRUCE CIRCLE | -1,662.65 | -1,662.65 |
| Check | 3/1/2017 | 4291 | Nationstar Mortgage LLC | #0586641824 LOAN MODIFICATION PAYMENT - includes $811.08 for escrow | 2885-2886 SPRUCE CIRCLE | -2,024.95 | -2,024.95 |
| Check | 4/1/2017 | 4280 | Nationstar Mortgage LLC | #0586641824 LOAN MODIFICATION PAYMENT - includes $782.35 for escrow | 2885-2886 SPRUCE CIRCLE | -1,996.22 | -1,996.22 |
| Check | 5/1/2017 | 4333 | Nationstar Mortgage LLC | #0586641824 LOAN MODIFICATION PAYMENT - includes $782.35 for escrow | 2885-2886 SPRUCE CIRCLE | -1,996.22 | -1,996.22 |
| Check | 6/1/2017 | 4366 | Nationstar Mortgage LLC | #0586641824 LOAN MODIFICATION PAYMENT - includes $782.35 for escrow | 2885-2886 SPRUCE CIRCLE | -1,996.22 | -1,996.22 |
| Check | 7/1/2017 | 4417 | Nationstar Mortgage LLC | #0586641824 LOAN MODIFICATION PAYMENT - includes $782.35 for escrow | 2885-2886 SPRUCE CIRCLE | -1,996.22 | -1,996.22 |
| Check | 8/1/2017 | 4470 | Nationstar Mortgage LLC | #0586641824 LOAN MODIFICATION PAYMENT - includes $782.35 for escrow | 2885-2886 SPRUCE CIRCLE | -1,996.22 | -1,996.22 |
| Check | 9/1/2017 | 4527 | Nationstar Mortgage LLC | #0586641824 LOAN MODIFICATION PAYMENT - includes $811.08 for escrow | 2885-2886 SPRUCE CIRCLE | -2,024.95 | -2,024.95 |
| Check | 10/1/2017 | 4574 | Nationstar Mortgage LLC | #0586641824 LOAN MODIFICATION PAYMENT - includes $782.35 for escrow | 2885-2886 SPRUCE CIRCLE | -1,996.22 | -1,996.22 |
| Check | 11/1/2017 | 4642 | Nationstar Mortgage LLC | #0586641824 LOAN MODIFICATION PAYMENT - includes $782.35 for escrow | 2885-2886 SPRUCE CIRCLE | -1,996.22 | -1,996.22 |
| Check | 12/1/2017 | 4678 | Nationstar Mortgage LLC | #0586641824 LOAN MODIFICATION PAYMENT - includes $782.35 for escrow | 2885-2886 SPRUCE CIRCLE | -1,996.22 | -1,996.22 |
| Check | 1/10/2018 | 4723 | Mr. Cooper | #0586641824 LOAN MODIFICATION PAYMENT - includes $782.35 for escrow | 2885-2886 SPRUCE CIRCLE | -1,996.27 | -1,996.27 |
| Check | 2/10/2018 | 4770 | Mr. Cooper | #0586641824 LOAN MODIFICATION PAYMENT - includes $782.35 for escrow | 2885-2886 SPRUCE CIRCLE | -1,996.27 | -1,996.27 |
| Check | 3/10/2018 | 4815 | Mr. Cooper | #0586641824 LOAN MODIFICATION PAYMENT - includes $782.35 for escrow | 2885-2886 SPRUCE CIRCLE | -1,996.22 | -1,996.22 |
| **Total 2885-2880 SPRUCE CIRCLE** | | | | | | -29,333.52 | -29,333.52 |
| **Total MORTGAGE PAYABLE** | | | | | | | |
| **TOTAL** | | | | | | -29,333.52 | -29,333.52 |

Page 1

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER AND ORIGINAL DOCUMENT SECURITY SCREEN ON BACK WITH PADLOCK SECURITY ICON

5006

**GREGORY F GORALNIK**
**ANTONINA C GORALNIK**
4305 DOVE POINT
BERKELEY LAKE GA 30096
www.avalon-homes.com

JUL 09 2018

WELLS FARGO BANK, N.A.
4170 PLEASANT HILL ROAD NW
DULUTH, GA 30096

64-22/610

7/1/2018

PAY TO THE
ORDER OF _____ Mr. Cooper _____    $   **1,745.50

_One Thousand Seven Hundred Forty-Five and 50/100******************************************************************_ _____ DOLLARS

Mr. Cooper
P.O. Box 650783
Dallas, TX 75265-0783

_Antonina C Goralnik_
AUTHORIZED SIGNATURE                MP

MEMO _____ 1824 LOAN MODIFICATION PAYMENT

3/17/2018

Wells Fargo

Wells Fargo Online®

Online Security Guarantee
Privacy, Cookies, Security & Legal
Ad Choices

Contact Us
Locations
Sign Off

## Check Details

**Check Number**        4574

**Date Posted**         10/10/17

**Check Amount**        $1,996.22





For your security, information like account numbers, signatures, and the ability to view the backs of checks have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

3/17/2018

Wells Fargo

Wells Fargo Online®

Online Security Guarantee
Privacy, Cookies, Security & Legal
Ad Choices

Contact Us
Locations
Sign Off

## Check Details

**Check Number** 4542

**Date Posted** 11/15/17

**Check Amount** $1,995.22

---

GREGORY F CORALNIK
ANTONIA C CORALNIK
4200 COVE POINT
BERKELEY LAKE GA 30096

4542

WELLS FARGO BANK N.A.
4101 ELEMENT WAY MAIL MD NW
DULUTH, MN 55806
64-89/910

11/01/2017

PAY TO THE ORDER OF ___ Nationstar Mortgage LLC

One Thousand Nine Hundred Ninety Six and 22/100 _____ DOLLARS

$ ***1,996.22

Nationstar Mortgage LLC
PO Box 619094
Dallas, TX 75261

MEMO _1624 LOAN MODIFICATION PAYMENT_

AUTHORIZED SIGNATURE

---

ENDORSE HERE
X   NATIONSTAR PMT CLEARING ACCT
MR.COOPER DBA
ACCT4121067343

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

For your security, information like account numbers, signatures, and the ability to view the backs of checks
have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

Ⓔ Equal Housing Lender

3/7/2018

Wells Fargo

Wells Fargo Online®

Online Security Guarantee
Privacy, Cookies, Security & Legal
AD Choices

Contact Us
Locations
Sign Off

## Check Details

Check Number          4659

Date Posted           12/11/17

Check Amount          $1,996.22

GREGORY F. GORALNIK
ANTONINA D GORALNIK

4659

WELLS FARGO BANK, N.A.

12/12/2017

$ **1,996.22**

...One Thousand Nine Hundred Ninety Six and 22/100............................. DOLLARS

Mr. Cooper
P.O. Box 650783
Dallas, TX 75265-0783

AUTHORIZED SIGNATURE

ENDORSE HERE

RESERVED FOR FINANCIAL INSTITUTION USE

For your security, information like account numbers, signatures, and the ability to view the backs of checks have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

⌂ Equal Housing Lender

https://connect.secure.wellsfargo.com/inquiry/start/SAW,urf=AM&H/2B5EOCR1nWg3poU=QNGCnVgceStInt=PK542B2hN2log1UDfJUBg7Er%20... 1/1

Wells Fargo Online®

Online Security Guarantee
Privacy, Cookies, Security & Legal
Ad Choices

Contact Us
Locations
| Sign Off |

## Check Details

**Check Number**      4723

**Date Posted**       01/16/18

**Check Amount**      $1,996.22

GREGORY F DORALINK
ANTONINA C DORALINK
4895 DUCKY LCT CT
SUWANEE LAKE GA 30265

4723

11/2/2/18

PAY TO THE
ORDER OF    Mr. Cooper                              $  *1,996.22

One Thousand Nine Hundred Ninety-Six and 22/100                          DOLLARS

Mr. Cooper
P.O. Box 650783
Dallas, TX 75265-0783

WELLS FARGO BANK, N.A.
4875 ATLANTA HWY. BLDG 400 STE 1
SUWANEE LAKE GA 30265

Anthonina C Doralink
AUTHORIZED SIGNATURE

ENDORSE HERE
X

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

WELLS FARGO BANK DEP TO/
NATIONSTAR
OR, PAYEE ABS OF END./CC
07/17/2018

For your security, information like account numbers, signatures, and the ability to view the backs of checks
have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

🏠 Equal Housing Lender

https://connect.secure.wellsfargo.com/accounts/start?SAMLart=AAQBaNZBdGEOFhWtDg5aSxUf4DjUGzHpGcaShHtsP65V0BENZrkgUUGUUBqPlcfuXD...   5

3/7/2018

Wells Fargo

Wells Fargo Online®

Online Security Guarantee
Privacy, Cookies, Security & Legal
Ad Choices

Contact Us
Locations
[ Sign Off ]

## Check Details

Check Number    4770
Date Posted     02/12/18
Check Amount    $1,996.22

GREGORY F ROBALNIK
ANTONINA C QORHALNIK
P.O. Box 650783
Dallas, TX 75265-0783

PAY TO THE ORDER OF   Mr. Cooper

One Thousand Nine Hundred Ninety-Six and 22/100

4770

2/1/2018

$ 1,996.22

DOLLARS

WELLS FARGO BANK, N.A.

SA LOAN MODIFICATION PAYMENT

For your security, information like account numbers, signatures, and the ability to view the backs of checks have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

Equal Housing Lender

5/7/2018

Wells Fargo

Wells Fargo Online®

Online Security Guarantee
Privacy, Cookies, Security & Legal
Ad Choices

Contact Us
Locations
Sign Off

## Check Details

| | |
|---|---|
| Check Number | 4815 |
| Date Posted | 03/15/18 |
| Check Amount | $1,996.22 |

GREGORY P GORDALNIK
ANTONINA C GORDALNIK
4308 DOVE POINT LN
BERKELEY LAKE GA 30096

MAR 0 7 2018

PAY TO THE
ORDER OF_____ Mr. Cooper

One Thousand Nine Hundred Ninety-Six and 22/100_____

WELLS FARGO BANK, N.A.
4TH QUARRY PLACE SAN FRA
95-61010

Mr. Cooper
P.O. Box 650783
Dallas, TX 75265-0783

$ **1,996.22

2/1/2018

4815

DOLLARS

AUTHORIZED SIGNATURE

MEMO _____ LOAN MODIFICATION PAYMENT

00112  B4G        R. 03/07/18

PAYEE ENDORSEMENT GUARANTEED BY WELLS FARGO BANK

DO NOT SIGN, STAMP OR WRITE BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

For your security, information like account numbers, signatures, and the ability to view the backs of checks have been removed from the images. You can see full or partial fronts and backs of the images by using the link at the top of the window.

⌂ Equal Housing Lender

4970

**GREGORY F GORALNIK**
**ANTONINA C GORALNIK**
4305 DOVE POINT
BERKELEY LAKE GA 30096
www.avalon-homes.com

WELLS FARGO BANK, N.A.
4170 PLEASANT HILL ROAD NW
DULUTH, GA 30096

64-22/610

6/1/2018

PAY TO THE
ORDER OF ___Mr. Cooper_____   $   **1,745.50

One Thousand Seven Hundred Forty-Five and 50/100***********************************************************   DOLLARS

Mr. Cooper
P.O. Box 650783
Dallas, TX 75265-0783

Antonina C Goralnik
AUTHORIZED SIGNATURE

MEMO ▆▆▆1824 LOAN MODIFICATION PAYMENT

3 74 6

7/12/2018                                           Wells Fargo

antee
curity & Legal
Ad Choices

Contact Us
Locations
Sign Off

# Check Details

| | |
|---|---|
| **Check Number** | 4417 |
| **Date Posted** | 07/12/17 |
| **Check Amount** | $1,996.22 |





For your security, information like account numbers, signatures, and the ability to view the backs of checks have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

🏠 Equal Housing Lender

7/12/2018        Wells Fargo



antee
urity & Legal
Skip to main content
Ad Choices

Contact Us
Locations
Sign Off

# Check Details

| | |
|---|---|
| **Check Number** | 4470 |
| **Date Posted** | 08/14/17 |
| **Check Amount** | $1,996.22 |





For your security, information like account numbers, signatures, and the ability to view the backs of checks have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

⌂ Equal Housing Lender

7/12/2018                                      Wells Fargo



antee
curity & Legal
Ad Choices

Contact Us
Locations

[ Sign Off ]

# Check Details

**Check Number**                               4527

**Date Posted**                                09/15/17

**Check Amount**                               $2,024.95





For your security, information like account numbers, signatures, and the ability to view the backs of checks
have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

7/12/2018                                                  Wells Fargo



~~~~~~~~ antee
Privacy Cookies Security & Legal
Ad Choices

Contact Us
Locations
[ Sign Off ]

# Check Details

**Check Number**                                          4574

**Date Posted**                                           10/10/17

**Check Amount**                                          $1,996.22





For your security, information like account numbers, signatures, and the ability to view the backs of checks
have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

7/12/2018                                         Wells Fargo

antee

Skip to main content, Security & Legal
Ad Choices

Contact Us
Locations
Sign Off

# Check Details

| | |
|---|---|
| **Check Number** | 4642 |
| **Date Posted** | 11/15/17 |
| **Check Amount** | $1,996.22 |



For your security, information like account numbers, signatures, and the ability to view the backs of checks
have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

⌂ Equal Housing Lender

PLEASE NOTE: THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER AND ORIGINAL DOCUMENT SECURITY SCREEN ON BACK WITH PADLOCK SECURITY ICON

**4909**

GREGORY F GORALNIK
ANTONINA C GORALNIK
4305 DOVE POINT
BERKELEY LAKE GA 30096
www.avalon-homes.com

WELLS FARGO BANK, N.A.
4170 PLEASANT HILL ROAD NW
DULUTH, GA 30096

64-22/810

5/1/2018

MAY 11 2018

PAY TO THE
ORDER OF   Mr. Cooper _____   $  **1,745.50

One Thousand Seven Hundred Forty-Five and 50/100************************************************************************** DOLLARS

Mr. Cooper
P.O. Box 650783
Dallas, TX 75265-0783

*Antonina C Goralnik*
AUTHORIZED SIGNATURE

MEMO

824 LOAN MODIFICATION PAYMENT

⑆ 374 60 ⑈

DLB

Exhibit J

# ROGERS LAW OFFICES

100 Peachtree Street
Suite 1950
Atlanta, Georgia 30303
Phone: 770-685-6320
Fax:     678-990-9959          jcarroll@hetlawoffice.com

James F. F. Carroll
Attorney at Law

April 2, 2018

**VIA FEDEX**
Charlotte Kelly
Nationstar Mortgage, LLC, d/b/a Mr. Cooper
8950 Cypress Waters Blvd.
Dallas, TX 75019

Re:   Our Client:       Gregory and Antonina Goralnik (the "Goralniks")
      Loan Number:      596841824
      Property Address: 2880-2886 Spruce Circle
                        Snellville, Georgia 30076

Dear Ms. Kelly:

As you know, this firm represents the Goralniks in regards to the above-referenced loans. The Goralniks filed a voluntary petition with the U.S. Bankruptcy Court, Northern District of Georgia ("Bankruptcy Court") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on January 2, 2010 (the "Petition Date"). On July 20, 2011, the Bankruptcy Court entered a Consent Order which, inter alia, stated the amount due to First Horizon Home Loans, a Division of First Tennessee Bank National Association ("First Horizon") by the Goralniks on the loan secured by a security interest in the property located at 2880-2886 Spruce Circle, Snellville, Gwinnett County, Georgia ("Spruce Circle Property Loan"), and provided for a repayment plan to allow the Goralniks to cure the delinquency owed by the Goralniks on the Spruce Circle Property Loan by making twenty four (24) additional monthly payments of $484.77 to First Horizon beginning December 15, 2010 ("Spruce Circle Payments")("Spruce Circle Order," attached hereto as Exhibit A). The Goralniks have complied with the Spruce Circle Order by completing the Spruce Circle Payments as well as complying with the First Horizon security documents.

Sometime after the entry of the Spruce Circle Order, Nationstar Mortgage, LLC, d/b/a Mr. Cooper ("Nationstar") took over the servicing of the Spruce Circle Loans. On August 5, 2011, the Goralniks filed their Chapter 11 Plan ("Chapter 11 Plan," attached hereto as Exhibit B). Section 8.07 of the Goralniks' Chapter 11 Plan provided that "[t]he Confirmation Order shall operate as an injunction against any acts against the Reorganized Goralniks and their property to initiate, prosecute, enforce, liquidate, collect or otherwise assert any claim or interest against the Reorganized Goralniks and their property except as specifically provided in the Plan." On November 7, 2011, this Court confirmed the Goralniks' Chapter 11 Plan ("Confirmation Order," attached hereto as Exhibit C). The bankruptcy case docket reflects that the Goralniks received a standard discharge in this case.

In 2013 and 2014, Nationstar alleged that the Goralniks had defaulted on the Spruce Circle Payments and owed five (5) monthly installment payments. After numerous letters from

Rogers Law Offices
Letter to Nationstar
March 29, 2018
Page 2

the Goralniks, including threats of litigation, Nationstar admitted that its calculations were incorrect, and paid the Goralniks $6,283.50 in attorney fees. Email correspondence from Nationstar documenting same is attached hereto as Exhibit D.

Now, Nationstar is again claiming that the Goralniks missed five (5) monthly payments on the Spruce Circle Loan, from October 2017 to March 2018. However, the Goralniks have in fact made all 5 payments due on the Spruce Circle Loan from October 2017 to March 2018, and true and correct copies of the checks evidence said payments are attached hereto as Exhibit E. Therefore, Nationstar's claim is without merit. Instead, Nationstar is again seeking payments that it alleged were due during the bankruptcy, in violation of the bankruptcy court's numerous orders, and in violation of the automatic stay.

11 U.S.C. § 524 operates as a post-discharge injunction against the collection of debts discharged in bankruptcy, and provides that:

(a) A discharge in a case under this title-(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;

Courts have held creditors liable for contempt pursuant to 11 U.S.C. § 105 for violating 11 U.S.C. § 524 if the creditor wilfully violated 11 U.S.C. § 524. In re Hardy, 97 F.3d 1384, 1390 (11th Cir. 1996)(wilfull violation of § 524 justified sanctions). In order for a violation of the § 524 to be wilfull, the creditor must (1) know that the discharge injunction is in place, and (2) intend the actions that violate the discharge injunction. In re Hardy, 97 F.3d 1384, 1390 (11th Cir. 1996).

In this case, as referenced above, the Goralniks repeatedly notified Nationstar of their bankruptcy, of the Spruce Circle Order, of the confirmation of their Plan and that they had received their discharge, so Nationstar was aware that the discharge injunction was in place. Moreover, Nationstar intended the actions that violated the discharge injunction, as it repeatedly sent default notices and threatened to foreclose upon the Spruce Circle Property even after receiving notice of the discharge injunction, and of the Goralniks' timely payments on the Spruce Circle Property loan pursuant to the Spruce Circle Order.

Courts have also held that the imposition of punitive damages for violation of the discharge injunction is an appropriate remedy when the violation "acts in an egregious, intentional manner." In re Nibbelink, 403 B.R. 113, 122 (Bankr. M.D. Fla. 2009)(court held that

Rogers Law Offices
Letter to Nationstar
March 29, 2018
Page 3

when a creditor repeatedly attempted to collect a debt in violation of a discharge injunction and ignored two separate letters from debtors' counsel, punitive damages were appropriate); In re Wassem, 456 B.R. 566, 572 (Bankr. M.D. Fla. 2009)(repeated post-discharge attempts to collect a mortgage debt after the creditor was notified of the bankruptcy warranted punitive damages).

Moreover, Eleventh Circuit courts have frequently awarded attorneys fees as compensation for willful violations of the discharge injunction. In re Kkee, 98 B.R. 103, 107 (Bankr. N.D. Ga. 1988)(attorneys fees may be awarded in response to a willful violation of the discharge injunction); In re Nibbelink, 403 B.R. 113, 122 (Bankr. M.D. Fla. 2009)(attorneys fees are an appropriate award for a willful violation of the discharge injunction).

In this case, just as in Nibbelink and Wassem, Nationstar has repeatedly attempted to collect a debt in violation of the discharge injunction even after the Goralniks repeatedly notified Nationstar of the discharge injunction. In addition, Nationstar has ignored numerous letters from Debtors' counsel notifying it of its violation of the Discharge Injunction. Not only have the Goralniks expended a considerable amount of their own time and resources in defending themselves against Nationstar's violations of the discharge injunction but they were forced to hire counsel who also was required to spend significant time to thwart Nationstar's improper demands. Therefore, Nationstar is liable to the Goralniks for both punitive damages and attorney fees.

The Goralniks have suffered damages and incurred fees and expenses in the amount of at least $2,000.00 as a result of Nationstar's willful violation of the automatic stay in their bankruptcy case. Therefore, the Goralniks hereby demand that Nationstar immediately state that the Goralniks are current on the Spruce Circle Loan and reinstate same, send the Goralniks statements regarding same, and pay their attorney fees incurred in this matter in the amount of $2,000.00 ("Goralnik Attorney Fees"). If Nationstar does not accept this proposal by paying the Goralnik attorney fees by April 14, 2018, the Goralniks will exercise any and all remedies available to them under applicable law, including, without limitation, re-opening their bankruptcy case to file a motion for sanctions against Nationstar, seeking punitive damages and attorney fees.

Sincerely,

James F. F. Carroll

Enclosures

Case 10-60074-wlh   Doc 269   Filed 07/20/11   Entered 07/20/11 16:07:36   Desc Main
Document   Page 1 of 4

IT IS ORDERED as set forth below:

Date: July 20, 2011

*Wendy L. Hagenau*
Wendy L. Hagenau
U.S. Bankruptcy Court Judge

PLAINTIFF'S
EXHIBIT

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                      )    CHAPTER 11
                                            )
GREGORY F. GORALNIK,                        )    CASE NO. 10-60074-WLH
ANTONINA M. GORALNIK,                       )
                                            )
                          Debtors.          )
- - - - - - - - - - - - - - - - - - - - - - - -
FIRST HORIZON HOME LOANS, A
DIVISON OF FIRST TENNESSEE BANK
NATIONAL ASSOCIATION,

                          Movant,

vs.                                              CONTESTED MATTER

GREGORY F. GORALNIK, Debtor
ANTONINA M. GORALNIK, Debtor

                          Respondents.      )

**CONSENT ORDER CONDITIONALLY DENYING MOTION FOR RELIEF OF STAY
AND PROVIDING FOR ADEQUATE PROTECTION PAYMENTS**

This matter comes before the Court on the "Motion for Relief from Automatic Stay or in
the Alternative for Adequate Protection" (the Motion) filed by First Horizon Home Loans, a Division
of First Tennessee Bank National Association ("Movant"), its successors and assigns, on May 24,
2011. In the Motion, Movant sought relief from the automatic stay with respect to the property located

M&C File No.05-19779

at 2880-2886 Spruce Circle, Snellville, Gwinnett County, Georgia (the "Property"). Movant contends that the Motion was served upon the appropriate parties in interest as evidenced by the certificate of service on file with the Court. Counsel for Gregory F. Gronlahk and Antonina M. Gronlahk ("Debtors") and counsel for Movant have conferred regarding the Motion and agreed that the automatic stay shall remain in place and Debtors shall commence adequate protection payments as set forth as below. Accordingly,

IT IS HEREBY ORDERED that the relief from the automatic stay sought by the Motion is hereby conditionally denied, it being the conclusion of the Court that the interest of the Movant is adequately protected by payment and performance as more particularly set forth hereinafter.

FURTHER ORDERED that the Debtors shall hereafter timely pay to Movant the sum of $1,025.63 per month as adequate protection payments, the first payment to be made on December 1, 2010 and the successive payments due on the 1st day of each month thereafter and, said payments shall be applied to the Movant's claim pursuant to the Note and security documents.

FURTHER ORDERED that as of November 30, 2010 Debtors' account is post petition due for the February, 2010 monthly payment at $1,608.15, the March, 2010 through August, 2010 monthly payments at $953.53 each, the September, 2010 through November, 2010 monthly mortgage payments at $1,025.63 each, post petition late charges at $392.58, post petition property inspection fees of $120.00, and attorney's fees and costs in the amount of $650.00. To cure the delinquency, Debtors shall make twenty four (24) additional payments of $484.77 per month beginning December 15, 2010. Payments should be sent to:

First Horizon Home Loans
4000 Horizon Way
Irving, TX 75063

or to such address as may be designated.

FURTHER ORDERED that nothing in this Order shall be determined an admission or stipulation as to the value of the Property.

FURTHER ORDERED that the Debtors shall keep the Property fully insured in the manner and to the extent prescribed in the Movant's security documents, and the Debtors shall comply with the terms and conditions stated in the Movant's security documents except to the extent that such terms and conditions are modified by this Order.

FURTHER ORDERED that to the extent Movant has an interest in cash collateral, Debtors shall be authorized to use the same.

MGC File No.09-39179

FURTHER, ORDERED, if payment is not received by the 1st day of the month or Debtors is otherwise in default of this Order and the case is still pending, then after notice is provided by Movant to Debtors and Debtors' counsel at the address of record at the time, by certified mail and payment is not received within 10 days of Debtors' counsels receipt of such notice, then it shall be a default and Movant may file a motion and affidavit of default with the Court, with service upon Debtors and Debtors' attorney and the Court may enter the order terminating the automatic stay, without further notice or hearing and Movant shall have the right to proceed to foreclose or otherwise dispose of or take action including exercising our state law remedies.

FURTHER, ORDERED that the Debtors'counsel shall serve Notice of the Consent Order, pursuant to Fed. R. Bankr. P. 4001(d) on all creditors and parties in interest requiring notice of said Order and certify service of the same.

[END OF DOCUMENT]

PREPARED AND PRESENTED BY:

/s/ Sidney Gelernter
Sidney Gelernter
Georgia Bar No. 289145
McCurdy & Candler, L.L.C.
1525 Piedmont Road, NE
Building 5, Suite 700
Atlanta, GA 30305
(404) 373-1612 Telephone
(404) 370-7237 Facsimile
sgelernter@mccurdycandler.com
ATTORNEYS FOR MOVANT

REVIEWED AND CONSENTED TO BY:

/s/ _____ with Express Permission to Sidney Gelernter to sign
Paul Reece Marr
Georgia Bar No. 471230
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30339
770-984-2255 Telephone
(770) 984-0044 Facsimile
pmarr@mindspring.com
ATTORNEY FOR DEBTORS

M&C File No.09-19179

## DISTRIBUTION LIST

Gregory F. Grenluik
Antonius M. Grenluik
4305 Dove Point
Duluth, GA. 30096

Paul Reece Marr
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30339

James H. Morawetz
Office of the U.S. Trustee
362 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

Sidney Gelernter
McCurdy & Candler, LLC
3525 Piedmont Road, NE
Building 6, Suite 700
Atlanta, GA  30305

M&C File No.05-19779

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re:                        :
                              :
GREGORY F. GORALNIK and       :    Case No. 10-60074
ANTONINA M. GORALNIK,         :
                              :    Chapter 11
                              :
        Debtors.              :    Judge Hagenau
                              :

PLAINTIFF'S
EXHIBIT
8

PLAN OF REORGANIZATION

ARTICLE I
SUMMARY

This Plan of Reorganization ("Plan") filed by Gregory F.
Goralnik and Antonina M. Goralnik (collectively, "Debtors")
under chapter 11 of the Bankruptcy Code (the "Code") proposes to
pay Debtors' creditors from cash flow from personal employment
income and income derived from their real estate operations.
This Plan provides for one class of secured creditors and one
class of general unsecured creditors. Most of Debtors' secured
real estate loans have been modified post-Petition. The Plan
provides that Debtors will continue to pay said secured loans
pursuant to the modified terms. To the extent that any secured
loan has not been modified post-Petition, the Plan provides
that Debtors shall resume monthly installment payments on the 1st
day of the calendar month following the Effective Date with any
arrearage to be put onto the end of the loan with the term of
the loans to be extended accordingly. General unsecured
creditors holding allowed claims will receive a pro rata monthly
distribution of $500.00, beginning on the Effective Date of the
Plan, as defined in Article VIII of the Plan, and on the like
day of each month thereafter, until they receive 100% of their
respective allowed general unsecured claim with interest. This
Plan also provides for the payment of administrative and
priority claims. All creditors should refer to Articles III
through VI of this Plan for information regarding the precise
treatment of their claim. A Disclosure Statement that provides
more detailed information regarding this Plan and the rights of
creditors has been circulated with this Plan. Your rights may
be affected. You should read these papers carefully and discuss

them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

ARTICLE II

CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 Class 1. All secured claims, to the extent allowed as a secured claim under § 506 of the Code.

2.02 Class 2. All non-insider general unsecured claims allowed under 11 U.S.C. §502.

ARTICLE III

TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under § 1123(a)(1) of the Code, administrative expense claims and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and Debtors. In this respect, it is anticipated that Debtors' attorneys Paul Reece Marr, P.C. will have a claim for professional compensation in the approximate amount of $25,000.00 and that Debtors' loan modification consultants CSI Century Services, Inc. will have a claim for professional compensation in the approximate amount of $30,000.00.

3.03 Priority Tax Claims. Each holder of an allowed priority tax claim will be paid consistent with § 1129(a)(9)(C) of the Code. In this regard, the Gwinnett County Tax Commissioner filed Proofs of Claim on July 15, 2010 as to various of Debtors' real properties in the aggregate amount of $61,191.29 for tax year 2010. However, said claims were subsequently paid in full. Accordingly, Debtors have filed Objections to the Proofs of Claim in their entirety.

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees

owed on or before the Effective Date of this Plan will be paid on the Effective Date.

ARTICLE IV
TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims and interests shall be treated as follows:

Class 1 - Secured Claims. Impaired. The following parties or their agents, transferees, and/or assigns hold secured claims as of the Petition Date:

| Creditor | Property | Approximate Claim Amount |
|---|---|---|
| America's Servicing Co. | 3042 - 3048 Destin Circle, Snellville, GA 30078 | $260,188.55 |
| America's Servicing Co. | 3063 - 3069 Destin Circle, Snellville, GA 30078 | 239,358.43 |
| America's Servicing Co. | 3112 - 3118 Destin Circle, Snellville, GA 30078 | 260,437.53 |
| Bank of America Home Loans | 3171 -3177 Sloping Terrace, Snellville, GA 30078 | 289,208.00 |
| Bank of America Home Loans | 2190-2196 Highpoint Road, Snellville, GA 30078 | 289,208.00 |
| Bank of America Home Loans | 3093 -3099 Destin Circle, Snellville, GA 30078 | 88,156.00 |
| Bank of America Home Loans | 3151-3157 Sloping Terrace, Snellville, GA 30078 | 79,342.00 |
| Bank of America Home Loans | 2220-2206 Highpoint Road, Snellville, GA 30078 | 289,197.00 |
| Bank of America Home Loans | 2880 - 2886 Spruce Circle, Snellville, GA 30078 | 88,050.00 |
| Chase Home Finance LLC | 3073 -3079 Destin Circle, Snellville, GA 30078 | 230,705.00 |
| Chase Home Finance LLC | 3161 - 3167 Highpoint Ct., Snellville, GA 30078 | 208,000.00 |
| Chase Home Finance LLC | 3122-3128 Sloping Terrace, Snellville, GA 30078 | 211,250.00 |
| EMC Mortgage Corp. | 3025 - 3027 Sonya Lane, Snellville, GA 30078 | 170,400.00 |
| EMC Mortgage Corp. | 3035 - 3037 Sonya Lane, Snellville, GA 30060 | 170,400.00 |
| EMC Mortgage Corp. | 3045 - 3047 Sonya Lane, Snellville, GA 30078 | 170,400.00 |

-3-

Case 10-60074-wlh   Doc 278   Filed 08/05/11   Entered 08/05/11 10:41:42   Desc Main
Document   Page 4 of 12

| | | |
|---|---|---|
| EMC Mortgage Corp. | 3051 - 3053 Sonya Lane, Snellville, GA 30078 | 170,400.00 |
| EMC Mortgage Corp. | 2865 A & B Springdale Road, Snellville, GA 30078 | 170,400.00 |
| EMC Mortgage Corp. | 3051 - 3053 Sonya Lane, Snellville, GA 30078 | 42,188.00 |
| EMC Mortgage Corp. | 3015 - 3017 Sonya Lane, Snellville, GA 30078 | 170,400.00 |
| EMC Mortgage Corp. | 3015 - 3017 Sonya Lane, Snellville, GA 30078 | 42,357.00 |
| EMC Mortgage Corp. | 3025 - 3027 Sonya Lane, Snellville, GA 30078 | 42,188.00 |
| EMC Mortgage Corp. | 3045 - 3047 Sonya Lane, Snellville, GA 30078 | 42,188.00 |
| EMC Mortgage Corp. | 2865 A & B Springdale Road, Snellville, GA 30078 | 42,175.00 |
| EMC Mortgage Corp. | 3035 - 3037 Sonya Lane, Snellville, GA 30048 | 42,188.00 |
| First Horizon | 2880 - 2886 Spruce Circle, Snellville, GA 30078 | 230,742.00 |
| First Horizon | 3271 - 3277 Highpoint Ct, Snellville GA 30078 | 211,929.00 |
| Franklin Credit Management Corporation | 3042 - 3048 Destin Circle, Snellville, GA 30078 | 56,625.00 |
| Franklin Credit Management Corporation | 3112 - 3118 Destin Circle, Snellville, GA 30078 | 66,625.00 |
| GMAC Mortgage | 3093 -3099 Destin Circle, Snellville, GA 30078 | 230,750.00 |
| GMAC Mortgage | 3132-3138 Sloping Terrace, Snellville, GA 30078 | 207,999.00 |
| GMAC Mortgage | 3132-3138 Sloping Terrace, Snellville, GA 30078 | 79,301.00 |
| GMAC Mortgage | 3153-3157 Sloping Terrace, Snellville, GA 30078 | 207,955.00 |
| Specialized Loan Servicing LLC | 3190-3196 Highpoint Road, Snellville, GA | 227,500.00 |
| Specialized Loan Servicing LLC | 3181 - 3187 Highpoint Ct, Snellville, GA 30078 | 227,500.00 |
| Specialized Loan Servicing LLC | 3181 - 3187 Highpoint Ct, Snellville, GA 30078 | 42,074.00 |
| Specialized Loan Servicing LLC | 3190 - 3196 Highpoint Ct, Snellville, GA 30078 | $53,006.79 |
| Specialized Loan Servicing LLC | 3190 - 3196 Highpoint Ct, Snellville, GA 30078 | 41,959.00 |

-4-

| Specialized Loan Servicing LLC | 3271 - 3277 Highpoint Ct, Snellville, GA 30078 | 52,503.00 |
| Wachovia Bank, N.A. | 3063 - 3069 Destin Circle, Snellville, GA 30078 | 87,411.14 |
| Wachovia Bank, N.A. | 3073 -3079 Destin Circle, Snellville, GA 30078 | 87,457.05 |
| Wachovia Bank, N.A. | 3122-3128 Sloping Terrace, Snellville, GA 30078 | 80,054.91 |
| Wells Fargo Home Mortgage | 435 Dovre Point, Duluth, GA 30096 | 292,691.00 |

Most of Debtors' secured real estate loans have been modified post-Petition pursuant to Orders entered on the docket. The Plan provides that Debtors will continue to pay said secured loans pursuant to the modified terms, and the terms of the referenced Orders modifying the pre-Petition loans are hereby incorporated herein as if set forth verbatim.  To the extent that any secured loans have not been modified post-Petition, the Plan provides that Debtors shall resume monthly installment payments on the 1st day of the calendar month following the Effective Date with any arrearage to be put onto the end of the loan with the term of the loans to be extended accordingly.

Class 2 - General Unsecured Creditors.  Impaired.  This class consists of all non-insider persons and entities not otherwise classified and treated herein holding court general unsecured claims allowed under 11 U.S.C. 9502 in the approximate aggregate amount of $23,052.92.  Under the Plan, the Debtor shall pay to all creditors holding allowed Class 2 claims, beginning on the Effective Date and on the like day of each month thereafter, a pro rata share of $500.00 per month until each such creditor receives 100% of its respective allowed general unsecured claim, with interest to accrue at the rate of 0.43% per annum, being the weekly average 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the Petition Date.

ARTICLE V
ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01  Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or, deemed filed, and Debtor or another party in interest has filed

-5-

an objection; or (ii) no proof of claim has been filed, and Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Treatment of Disputed Claims. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Pre-Petition Executory Contracts and Unexpired Leases. In the course of their business operations, Debtors entered into residential leases of their rental properties with various tenants. On the Effective Date, Debtors shall be deemed to have assumed, pursuant to Section 365 of the United States Bankruptcy Code, their unexpired pre-Petition leases with their tenants.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Plan provides that Debtors will continue to operate with all assets. Debtor will fund all Plan payments from cash flow from personal employment income and income derived from their real estate operations. As for future operations, Debtors project that ongoing revenue should be sufficient to meet all ongoing operating and Plan expenses and payments. No changes in Debtors' ownership, employment, or compensation structure are contemplated post-confirmation.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 Definitions and Rules of Construction. The definitions of income and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

-6-

(a) "Confirmation Date" means the date upon which the Court enters the Confirmation Order.

(b) "Confirmation Order" means the Order of the Court confirming the Plan.

(c) "Effective Date" of this Plan is the eleventh calendar day following the date of the entry of the Confirmation Order. But if a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been vacated.

(d) "Petition Date" means January 2, 2010, the date upon which Debtors filed their Voluntary Petition.

(e) "Reorganized Debtors" means Debtors on and after the Confirmation Date.

8.02 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.03 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.04 Controlling Effect. Except to the extent the Bankruptcy Code, Bankruptcy Rules, or other federal laws apply, the rights and obligations arising under the Plan shall be governed by the laws of the State of Georgia.

8.05 Binding Effect. On the Confirmation Date, the provisions of the Plan shall be binding on the Reorganized Debtors, the estate, all creditors, all holders of claims and interests and all other parties-in-interest whether or not such entities are impaired and whether or not such entities have accepted the Plan.

8.06 Vesting of Assets in Reorganized Debtors. On or after the Effective Date, all property of the estate of Debtors shall vest in the Reorganized Debtors, free and clear of any and all claims, liens, charges or other encumbrances or interests

-7-

except as may be specifically provided for otherwise in the Plan. On and after the Effective Date, the Reorganized Debtors may operate their business and may use, acquire and dispose of property without supervision or approval of the Bankruptcy Court, except as may be otherwise set forth herein.

8.07 Injunction. The Confirmation Order shall operate as an injunction against any acts against the Reorganized Debtors and their property to initiate, prosecute, enforce, liquidate, collect or otherwise assert any claim or interest against the Reorganized Debtors and their property except as specifically provided in the Plan.

8.08 Default. If the Reorganized Debtors default in their payment obligations hereunder to a creditor after the Effective Date of the Plan, then such creditor may serve a written "notice of default" to the Reorganized Debtors via Regular U.S. Mail, addressed to the Reorganized Debtors at the address of Debtors as reflected in the electronic records maintained by the Clerk of Bankruptcy Court or as otherwise notified in writing. If the Reorganized Debtors do not cure said default within ten (10) calendar days of the date of mailing of said written notice of default, then the creditor may (a) accelerate and enforce the entire amount due to it under the Plan irrespective of any installment payment arrangement otherwise provided for in the Plan; (b) exercise any and all rights and remedies it may have under applicable law and/or (c) seek such relief as may be appropriate in this Court; in addition, the Court may retain jurisdiction to hear certain matters even after the case has been closed.

8.9 Reservation of Rights. Neither the filing of the Plan, nor any statement or provision contained herein, nor the taking by any creditor of any action with respect to the Plan, shall (1) be or be deemed to be an admission against interest, and (2) until the Effective Date, be or be deemed to be a waiver of any rights which any party in interest may have against any other party in interest or any of its property, and until the Effective Date all such rights are specifically reserved. In the event that the Effective Date does not occur, neither the Plan nor any statement contained in the Plan may be used or relied upon in any manner in any suit, action, proceeding, or controversy within or outside of the reorganization case involving the Debtor.

8.10 **Modification of the Plan.** Debtors and the Reorganized Debtors may modify this Plan pursuant to §1127 of the Bankruptcy Code and as herein provided, to the extent applicable law permits. Said modification may be without notice or hearing, or after such notice and hearing as the Court deems appropriate, if the court finds that the modification does not materially and adversely affect the rights of any parties in interest which have not had notice and an opportunity to be heard with regard thereto. Without limiting the generality of the foregoing, the Plan may be modified after notice and hearing to entities which have requested notice pursuant to Bankruptcy Rule 2002(i). In the event of any modification on or before confirmation, any votes to accept or reject the Plan shall be deemed to be votes to accept or reject the Plan as modified, unless the Court finds that the modification materially and adversely attests that the rights of parties in interest which have cast said votes. The Debtor reserves the right in accordance with §127 of the Bankruptcy code to modify this Plan at any time before the Confirmation Date.

8.11 **Revocation of Plan.** Debtors reserve the right, unilaterally and unconditionally, to revoke and/or withdraw the Plan at any time prior to entry of the Confirmation Order, and upon such revocation and/or withdrawal the Plan shall be deemed null and void and of no force and effect.

8.12 **Successors and Assigns.** The rights, duties and obligations of any entity named or referred to in this Plan, shall be binding upon, and shall inure to the benefit of, the successors and assigns of such entity.

8.13 **Prepayment.** Provided that it is not in default of its obligations under this Plan, the Reorganized Debtors may prepay, without penalty, all or any portion of an Allowed Claim at any time.

8.14 **Supremacy Clause.** In the event of any conflict between the Disclosure Statement and the Plan, the terms of the Plan shall control.

### ARTICLE IX
### DISCHARGE

9.01. **Discharge.** Upon completion of all payments under the Plan, Debtors will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code, except that Debtors will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A), if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

### ARTICLE X
### OTHER PROVISIONS

10.1 **Rounding.** Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent.

10.2 **Method of Cash Distribution.** Any cash payment to be made pursuant to the Plan may be made by draft, check, wire transfer, or as otherwise provided in any relevant agreement or applicable law. Any payment or distribution due on a day other than a Business Day shall be made, without interest, on the next business day. Notwithstanding anything to the contrary herein, no holder of an allowed claim shall receive in respect to such claim any distribution in excess of the allowed amount of such claim.

10.3 **Objections to Claims.** At any time prior to entry of a Final Decree, Debtors and the Reorganized Debtors, shall be allowed to object to claims. Once an objection has been resolved, Debtors shall pay the allowed claim pursuant to the terms of the Plan. Debtors and the Reorganized Debtors shall have authority to file, settle, compromise, withdraw, or litigate to judgment objections or claims.

10.4 **Governing Law.** Except to the extent the Bankruptcy Code, Bankruptcy Rules, or other federal laws apply, the rights and obligations arising under the Plan shall be governed by the laws of the State of Georgia.

-10-

WHEREFORE, Debtors propose the within and foregoing "Plan of Reorganization".

Prepared and submitted by,
PAUL REECE MARR, P.C.
Debtors' attorneys

By:  /s/ Paul Reece Marr
     Paul Reece Marr
     Georgia Bar No. 471230
300 Galleria Parkway
Suite 960
Atlanta, Georgia 30339
770/984-2255

/s/ Gregory F. Goralnik
Gregory F. Goralnik

/s/ Antonina M. Goralnik
Antonina M. Goralnik

-11-

Case 10-60074-wlh   Doc 278   Filed 08/05/11   Entered 08/05/11 10:41:42   Desc Main
Document   Page 12 of 12

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re:                          :
                                :   Case No. 10-60074
GREGORY F. GORALNIK and         :
ANTONINA M. GORALNIK,           :   Chapter 11
                                :
          Debtors.              :   Judge Hagenau
                                :

CERTIFICATE OF SERVICE

I certify that I have this date served the following
parties with a copy of the attached PLAN OF REORGANIZATION by
placing a true copy of same in the United States Mail with
adequate postage affixed to insure delivery, addressed to:

James H. Morawetz
Office of the U.S. Trustee
362 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

This the 5th day of August, 2011.

By: /s/Paul Reece Marr
    Paul Reece Marr (471230)

PAUL REECE MARR, P.C.
Suite 960
300 Galleria Parkway, N.W.
Atlanta, GA 30339
770/984-2255

-12-

IT IS ORDERED as set forth below:

Date: November 07, 2011

_Wendy L. Hagenau_
Wendy L. Hagenau
U.S. Bankruptcy Court Judge

PLAINTIFF'S
EXHIBIT
_C_

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re:                          :
                                :   Case No. 10-60074
GREGORY F. GORALNIK and         :
ANTONINA M. GORALNIK,           :   Chapter 11
                                :
        Debtors.                :   Judge Hagenau
                                :

ORDER CONFIRMING DEBTORS' PLAN OF REORGANIZATION

        Gregory F. Goralnik and Antonina M. Goralnik (collectively,
the "Debtors") filed their Plan of Reorganization on August 5,
2011. On August 18, 2011, America's Servicing Company filed its
Objection to confirmation of the Plan of Reorganization.  Upon
due notice, the Court held a hearing (the "Hearing") on November
3, 2011 to consider confirmation of the Plan of Reorganization.
Paul Reece Marr, attorney for the Debtors, and James H. Morawetz,
attorney for the United States Trustee, made appearances at the
Hearing.  Debtors' counsel announced that the Debtors agreed to
amend the Plan of Reorganization in certain respects as announced
in open court and as set forth hereinbelow in order to resolve

issues raised by the Court and to resolve the Objection of
America's Servicing Company.

THEREFORE, IT HAVING BEEN DETERMINED AFTER A HEARING ON
NOTICE THAT:

(1)   The Plan of Reorganization filed on August 5, 2011, as
modified and amended by the terms of this Order (hereinafter, the
"Plan"), does not materially and adversely affect the rights of
any parties in interest and therefore does not require any
further disclosure or solicitation;

(2)   All applicable provisions of 11 U.S.C. § 1125 have been
met.

(3)   The Plan has been accepted in writing by the creditors
and parties in interest whose acceptance is required by law;

(4)   The provisions of Chapter 11 of the Bankruptcy Code
have been complied with, and the Plan has been proposed in good
faith and not by any means forbidden by law;

(5)   Each holder of a claim or interest either has accepted
the Plan or will receive or retain under the Plan property of a
value, as of the Effective Date of the Plan, that is not less
than the amount that such holder would receive or retain if the
Debtor was liquidated under Chapter 7 of the Bankruptcy Code on
such date;

(6)   All payments made or promised by the Debtors or by a
person issuing securities or acquiring property under the Plan or
by any other person for services or for costs and expenses in, or
in connection with, the Plan and incident to the case have been
fully disclosed to the Court and are reasonable or, if to be
fixed after confirmation of the Plan, will be subject to the
approval of the Court;

(7)   The identity of any insider that will be employed or
retained by Debtors or by any affiliate of the Debtors, and his
or her compensation, have been fully disclosed;

(8)   The Plan does not discriminate unfairly and is fair and
equitable with respect to each class of claims or interests that
is impaired under the Plan and has not accepted the Plan;

(9)   The Plan provides that the holders of secured claims
shall retain the liens securing such claims to the extent of the

allowed amount of such claims, and that each holder of a secured
claim shall receive on account of such claim deferred cash
payments totaling at least the allowed amount of such claim, of a
value, as of the effective Date of the Plan, of at least the
value of such holder's interest in Debtors' interest in such
property;

(10) The Plan is in the best interests of creditors and
parties in interest herein;

(11) Confirmation of the Plan is not likely to be followed
by the liquidation or need for further financial reorganization
of the Debtors except as liquidation or reorganization is
proposed in the Plan; and

(12) All fees payable under 28 U.S.C. § 1930 have been paid,
or the Plan provides for the payment of such fees on the
Effective Date of the Plan.

ACCORDINGLY, IT IS HEREBY ORDERED that the following
modifications are made a part of this Order and the Plan of
Reorganization filed on August. 5, 2011 is amended and modified
accordingly pursuant to 11 U.S.C. § 1127:

1. 'Class 1 appearing in Article IV on pages 3, 4, and 5 of
the Plan is amended by adding the following provision:

Notwithstanding anything contained in the Plan to the
contrary, Wells Fargo Home Mortgage loan number 106-
121804429, secured by a first mortgage on a quadraplex
owned by the Debtors having a street address of 3063 -
3069 Destin Circle, Snellville, Georgia 30078, is
hereby modified by adding all arrearages to the
outstanding principal balance and extending the term of
the loan by 30 years. The terms of the modified loan
are as follows:

Unpaid principal balance (UPB): $263,619.44 (approx)
Interest Rate: 5.375 (fixed)
Term: 360 months
PIT: $1,476.19 (escrow to be added)
Effective Date: 12/1/2011
Maturity Date: 11/1/2041

3

No Balloon.

There may be fluctuations to the UPB based on the
escrow adjustments. It is estimated that the monthly
tax and insurance escrow will be $494.48 monthly,
making the approximate monthly payment $1,970.67.

2. Class 2 appearing in Article IV on page 5 of the Plan is
hereby deleted in its entirety and the following is hereby
substituted in lieu thereof:

Class 2 - General Unsecured Creditors. Impaired.
This class consists of all non-insider person and
entities not otherwise classified and treated herein
holding court issued general unsecured claims allowed under 11
U.S.C. §502 in the approximate aggregate amount of
$23,052.92. Under the Plan, the Debtor shall pay to
all creditors holding allowed Class 2 Claims, beginning
on the Effective Date and on the like day of each month
thereafter, a pro rata share of $300.00 per month until
each such creditor receives 100% of its respective
allowed general unsecured claim, with interest to
accrue at the rate of 3.25% per annum, being the "Prime
Rate" as currently published in The Wall Street
Journal; and

IT IS FURTHER ORDERED that notwithstanding any language in
the confirmed plan to the contrary, this Court will retain only
such jurisdiction in this case as it is required to retain under
the Bankruptcy Code and Rules.

IT IS FURTHER ORDERED that within 120 days from the entry of
this Order, the Debtors shall file a report stating whether the
estate has been fully administered within the meaning of
Bankruptcy Rule 3022 and setting forth a list of all fees and
expenses paid to all professionals including attorneys for the
Debtors, together with an application for a final decree closing
the case.

END OF DOCUMENT

Prepared and Submitted By,
PAUL REECE MARR, P.C.
Attorneys for the Debtors

By: /s/ Paul Reece Marr
Paul Reece Marr
GA Bar # 471230
300 Galleria Pkwy, #960
Atlanta, Georgia 30339
(770) 984-2255

No Opposition By,
U.S. Trustee, Region 21
DONALD F. WALTON

By: /s/ James H. Morawetz
James H. Morawetz
Georgia Bar # 521900
362 Richard Russell Bldg.
75 Spring Street SW
Atlanta, GA  30303
404/331-4437

Consented to by,
MCCALLA RAYMER, LLC
Attorneys for
America's Servicing Company

By: /s/ Deborah L. Conley
Deborah L. Conley
Georgia Bar # 181171
1544 Old Alabama Road
Roswell, Georgia 30076-2102
(770)-643-7200

5

DISTRIBUTION LIST

Pursuant to Local Rule 9013-3 for the United States
Bankruptcy Court, Northern District of Georgia, following is a
list of all parties to be served with a copy of this Order:

James H. Morawetz
Office of U.S. Trustee
362 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

Sidney Gelernter
McCurdy & Candler, LLC
Bldg. 6 Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305

Paul Reece Marr
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30339

James E. Albertelli
Albertelli Law
100 Galleria Parkway
Suite 900
Atlanta, GA 30339

Andrew D. Goldberg
Rosicki, Rosicki
& Associates, P.C.
Outsource Management
51 East Bethpage Road
Plainview, NY 11803

Dean R. Prober, Esq.
Polk, Prober & Raphael
Suite 100
20750 Ventura Blvd.
Woodland Hills, CA 91364

Deborah L. Conley
McCalla Raymer LLC
1544 Old Alabama Road
Roswell, GA 30076

6

**Jamie Carroll**

| | |
|---|---|
| **From:** | Jamie Carroll |
| **Sent:** | Wednesday, July 30, 2014 12:53 PM |
| **To:** | Kell.Goss@nationstarmail.com |
| **Cc:** | Beth Rogers |
| **Subject:** | RE: 10-60074 / Goralnik |
| **Attachments:** | BER Law W9.pdf |

Kell,

Here is our W9. Good luck in your future endeavors outside of NSM.

Thanks,

Jamie

**From:** Kell.Goss@nationstarmail.com [mailto:Kell.Goss@nationstarmail.com]
**Sent:** Wednesday, July 30, 2014 12:16 PM
**To:** J Carroll
**Cc:** Beth Rogers
**Subject:** RE: 10-60074 / Goralnik

Hi Jamie,

Can you send me your W-9 please?  My last day here at NSM is actually this Friday so I will get this process started for you.  It has been approved.

Thank you,
Kell



Kell Goss
Sr. Bankruptcy Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3072
Kell.Goss@nationstarmail.com

| | |
|---|---|
| From: | "J Carroll" <jcarroll@berlawoffice.com> |
| | <kell.Goss@nationstarmail.com> |
| To: | "Beth Rogers" <brogers@berlawoffice.com> |
| Cc: | |
| Date: | 07/30/2014 09:58 AM |
| Subject: | RE: 10-60074 / Goralnik |

PLAINTIFF'S EXHIBIT

1

Keli,

Attached please find the following correspondence from our office regarding the above-referenced matter.

Thanks,

Jamie

**From:** Keli.Goss@nationstarmail.com [mailto:Keli.Goss@nationstarmail.com]
**Sent:** Tuesday, June 24, 2014 12:59 PM
**To:** J Carroll
**Subject:** RE: 10-60074 / Goralnik

Hi Jamie,

It is our policy to send the statements to the attorney as long as the loan is in BK. I realized the BK is closed but they have not received a discharge yet. The docket was never updated to show your firm's information as their new attorney. Can you provide that to me?

Thank you,
Keli

Keli Goss
Sr. Bankruptcy Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3072
Keli.Goss@nationstarmail.com

Nationstar

**From:** "J Carroll" <jcarroll@bettsnadlaw.com>
**To:** <Keli.Goss@nationstarmail.com>
**Date:** 06/20/2014 04:53 PM
**Subject:** RE: 10-60074 / Goralnik

Keli,

Can you forward the statements for these two loans to the Goralniks from now on? Now that the loans are current, we no longer

2

need to receive statements at our office.

Thanks,

Jamie

**From:** Kell.Goss@nationstarmail.com (mailto:Kell.Goss@nationstarmail.com)
**Sent:** Wednesday, May 28, 2014 4:49 PM
**To:** J Carroll
**Subject:** RE: 10-60074 / Goralnik

Jamie,

All I can do really is provide a screen shot. I hope that will be sufficient.

Loan# 0590841854
CP: ZZ_BK_UCL

Closing Date    3/24/04
1st Pmt Due     4/01/04

Maturity Date 10/01/34

Loan# 0590641854
CP: ZZ_BK_UCL

Closing Date    1/24/05
1st Pmt Due     3/01/05

Maturity Date 9/01/35

Thank you,
Kell

Nationstar
mortgage

Kell Goss
Sr. Bankruptcy Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3272
Kell.Goss@nationstarmail.com

From:   "J. Carroll" <jcarroll@barrlawoffice.com>
To:     <Keli_Goss@nationstarmail.com>
Cc:     "Ben Rogers" <brogers@rclawoffice.com>
Date:   04/28/2014 02:37 PM
Subject:    RE: 10-60074 / Gorahik

Kelly,

Thanks-can I get documentation that the maturity date has been extended? It doesn't say anything about that on the monthly statements that I have.

Jamie

From: Keli.Goss@nationstarmail.com [mailto:Keli.Goss@nationstarmail.com]
Sent: Wednesday, May 28, 2014 2:17 PM
To: J Carroll
Subject: RE: 10-60074 / Gorahik

Hi Jamie,

Adjustments are complete and the maturity date has been extended by 7 months for each loan.

Monthly statements for each loan are also attached.

Thank you,
Keli

Keli Goss
Sr. Bankruptcy Specialist
Chapter 13
3501 State Highway 121
Lewisville, TX 75067
469-426-3672
Keli.Goss@nationstarmail.com

From: "J Carroll" <jcarroll@bellsouth.net>
To: <Keli.Goss@nationstarmail.com>
Cc: "Beth Rogers" <ssrep@sbcglobal.net>
Date: 05/27/2014 01:35 PM
Subject: RE: 10-60074 / Gonzhik

Thanks, I look forward to reviewing the statements tomorrow.

From: Keli.Goss@nationstarmail.com [mailto:Keli.Goss@nationstarmail.com]
Sent: Tuesday, May 27, 2014 2:33 PM
To: J Carroll
Cc: Beth Rogers
Subject: RE: 10-60074 / Gonzhik

Jamie,

I expect them to be finalized today. Once finalized, I can have the statements generated so probably tomorrow if that will be alright.

Thank you,
Keli

Keli Goss
Sr. Bankruptcy Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3072
Keli.Goss@nationstarmail.com

Nationstar
MORTGAGE

5

From: "J Carroll" <jcarroll@bellsouthpcs.com>
To: <keli.goss@nationstarmail.com>
Cc: "Beth Rogers" <brogers@bellsouthpcs.com>
Date: 05/27/2014 01:30 PM
Subject: RE: 10-60074 / Goralnik

Keli,

Thanks for the update, just to clarify, will the adjustment be finished today? When can I expect to see documentation of the adjustment for both loans?

Thanks,

Jamie

From: Keli.Goss@nationstarmail.com [mailto:Keli.Goss@nationstarmail.com]
Sent: Tuesday, May 27, 2014 2:29 PM
To: J Carroll
Subject: RE: 10-60074 / Goralnik

Hi Jamie,

Just a status update. This is still in process. Having the change request form completed by our loss mit team and then I can submit to have the adjustment made - I expect it today.

Thank you,
Keli

Keli Goss
Sr. Bankruptcy Specialist.
Chapter 11
2100 State Highway 121
Lewisville, TX 75067
469-426-3072
keli.goss@nationstarmail.com

Nationstar
MORTGAGE

6

From:     "J Carroll" <jcarroll@bestbestoffice.com>
To:       <Keli.Goss@nationsmail.com>
Cc:       "Ben Ropson" <bropson@bestbestoffice.com>
Date:     05/20/2014 12:58 PM
Subject:  RE: 10-60074 / Goralnik

Keli,

Yes, we can extend the deadline to May 27th. Pursuant to the Goralnik's Amended Reorganization Plan, page 5, attached hereto, any pre-petition arrearages to the loans will be "put onto the end of the loan with the term of the loan to be extended accordingly", so yes, the loans just need to be extended, not re-amortized completely.

Jamie

From: Keli.Goss@nationsmail.com [mailto:Keli.Goss@nationsmail.com]
Sent: Tuesday, May 20, 2014 1:44 PM
To: J Carroll
Subject: RE: 10-60074 / Goralnik

Hi Jamie,

I am requesting the deadline to be May 27th as we are not here on Saturday May 24th or Monday May 28th as it is Memorial Day. I appreciate your cooperation. I thought the loan needed to be completely reamortized. Now, I am thinking this may just need to be extended? I am seeing if that is possible.

Thank you!
Keli

Nationstar®

Kell Goss
Sr. Bankruptcy Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3072
Kell.Goss@Nationstarmail.com

From: "J Cena" <jerry@bbchandler.com>
To: <Kell.Goss@nationstarmail.com>
Cc: "Beth Rogers" <brogers@BethRogersRLP.com>
Date: 5/14/2014 12:46 PM
Subject: RE: 1040074 / Goralnik

Kell,

I am writing to confirm our conversation today in which you agreed that the Goralniks are current on their payments to Nationstar on the two loans numbers 5968415565 and 5968415824 ("Goralnik Loans") pursuant to the Consent Orders entered in their bankruptcy case, and that Nationstar's demand for a deficiency payment regarding the Goralnik Loans was in violation of the automatic stay. You requested that I provide you with the amount of the attorney fees incurred by the Goralniks as a result of Nationstar's violation of the automatic stay, and I will prepare same and provide it to you.

Moreover, you agreed that Nationstar would send updated loan statements for loan numbers 5968415565 and 5968415824 reflecting that the Goralniks are current on said loans within ten (10) days from today, i.e. by May 24, 2014.

Please let me know as soon as possible if this email does not reflect your understanding of our conversation. My number is 770-685-6330 if you need to contact me.

Thanks,

Jamie

From: Kell.Goss@nationstarmail.com [mailto:Kell.Goss@nationstarmail.com]
Sent: Tuesday, May 13, 2014 4:58 PM

To: J Carroll
Subject: RE: 10-60074 / Gorshnik

Hi Jamie,

I received your message - I will call you tomorrow so we can discuss.

Thank you!

Kelli

**Nationstar**

Kelli Goss
Sr. Bankruptcy Specialist
Chapter 13
2501 State Highway 121
Lewisville, TX 75067
469-426-3272
Kelli.Goss@NationstarMail.com

From:   "J Carroll" <jcarroll@....com>
To:
Date:   04/21/2014 05:01 PM
Subject:   RE: 10-60074 / Gorshnik

Keli,

Just writing to follow up on this. The Court's Orders were clear in setting out the terms of the repayment of the two loans, and my clients have completely complied with them.

Thanks,

Jamie

**From:** Keli_Goss@nationstarmail.com [mailto:Keli_Goss@nationstarmail.com]
**Sent:** Thursday, April 10, 2014 4:35 PM
**To:** J Carroll
**Subject:** RE: 10-60074 / Goralnik

Hi Jamie,

I know that our attorney had reached out to the counsel that represented the Goralnik's during the BK. I sent a follow up earlier this week and they were awaiting a response. I will call her in the morning to see if they have any additional information. We went to follow the court's order but need to clarify what the terms were as they were not completely clear. I will update you with what I find out tomorrow.

Thank you,

Keli

Keli Goss
Sr. Bankruptcy Specialist
Chapter 11
350 1 State Highway 121
Lewisville, TX 75067
469-426-3072
Keli_Goss@nationstarmail.com

Nationstar
MORTGAGE

10

From: "J Carrol" <jcarroll@nationsimecare.com>
To: <Kell.Goss@nationsimecare.com>
Date: 04/29/2014 04:58 PM
Subject: RE: 10-60074 / Goralnik

Kell,

Just following up on this matter.

Thanks,

Jamie

**From:** Kell.Goss@nationsimecare.com [mailto:Kell.Goss@nationsimecare.com]
**Sent:** Tuesday, April 01, 2014 8:10 AM
**To:** J Carroll
**Subject:** 10-60074 / Goralnik

Hi Jamie,

I was out of the office several days last week. I received your message and am waiting for a response from McCurdy and Candler on this matter before finalizing this matter. I expect to have a response shortly.

Thank you for your patience!

Kell

11

Nationstar
MORTGAGE

Keli Goss
Sr. Bankruptcy Specialist
Chapter 11 121
2501 State Highway 121
Lewisville, TX 75067
469-426-3372
Keli.Goss@Nationstarmail.com

[attachment "Letter to Nationstar 7.30.14.pdf" deleted by Keli Goss/Mortgage]

This e-mail communication and any attachments may contain confidential, copyrighted, and legally privileged information for use solely by the designated recipients to which this e-mail is addressed. If you are not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, disclosure, dissemination, distribution, or copying of this message or its contents is prohibited and may be subject to governing laws protecting its disclosure. If you have received this communication in error, please notify Nationstar Mortgage immediately by e-mail at postmaster@nationstarmail.com and destroy all copies of this communication and any attachments.

12

3/1/2018

Wells Fargo Online®

Online Security Guarantee
Privacy, Cookies, Security & Legal
Ad Choices

Contact Us
Locations
Sign Off

Wells Fargo

## Check Details

**Check Number** 4574

**Date Posted** 10/12/17

**Check Amount** $1,996.22



MEMO  #05956##24 LOAN MODIFICATION PAYMENT

Nationstar Mortgage LLC
PO Box 619094
Dallas, TX 75265

For your security, information like account numbers, signatures, and the ability to view the backs of checks
have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

3/17/2018

Wells Fargo

Online Security Guarantee
Privacy, Cookies, Security & Legal
Ad Choices

Contact Us
Locations
Sign Off

## Check Details

**Check Number** 4542

**Date Posted** 11/15/17

**Check Amount** $1,996.22

---

GREGORY E GGRALNIK
ANTONINA G GGRALNIK
6355 DOVE POINT
BERKELEY LAKE GA 30096

4542

WELLS FARGO BANK, N.A.
4101 PLEASANT HILL ROAD SW
DULUTH, MN 30096

64-30/810

11/15/2017

PAY TO THE ORDER OF ____ Nationstar Mortgage LLC _____

__One Thousand Nine Hundred Ninety-Six and 22/100_____ DOLLARS

Nationstar Mortgage LLC
PO Box 619094
Dallas, TX 75285

$ **1,996.22**

602568041524 LOAN MODIFICATION PAYMENT

AUTHORIZED SIGNATURE

---

ENDORSE HERE NATIONSTAR PMT CLEARING ACCT
U/L COOPER DBA
ACCT4121907343
X

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

For your security, information like account numbers, signatures, and the ability to view the backs of checks have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

Equal Housing Lender

3/17/2018

Wells Fargo

Wells Fargo Online®

Online Security Guarantee
Privacy, Cookies, Security, & Legal
Ad Choices

Contact Us
Locations
[ Sign Off ]

## Check Details

**Check Number**    4679

**Date Posted**    12/11/17

**Check Amount**    $1,995.22

---

GREGORY F GORALNIK
ANTONINA G GORALNIK
8203 LONE PINE
BERKELEY LAKE GA 30096

4679

WELLS FARGO BANK, N.A.
ATTN: ENCODED ALLOCATION PAY
DALLAS, TX 75266

12/11/2017

PAY TO THE
ORDER OF    Mr. Cooper

$ **1,995.22**

One Thousand Nine Hundred Ninety-five and 22/100_____ DOLLARS

Mr. Cooper
P.O. Box 5247003
Dallas, TX 76265-0783

MEMO

*Antonina C Goralnik*

AUTHORIZED SIGNATURE

ENDORSE HERE

X

DO NOT SIGN / WRITE / STAMP BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

For your security, information like account numbers, signatures, and the ability to view the backs of checks
have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

⌂ Equal Housing Lender

https://connect.secure.wellsfargo.com/accounts/start?SAML_art=AKBefc3BdGCK14mOgSod4QNCDdy5osSthtcrPs1%2BENh2pgU0tU18qjTEr%3D...   1/1

Wells Fargo Online®

Online Security Guarantee
Privacy, Cookies, Security, & Legal
Ad Choices

Contact Us
Locations
Sign Off

## Check Details

Check Number        4723
Date Posted         01/16/18
Check Amount        $1,995.22

GREGORY F GORALNIK
ANTONIA G GORALNIK

4723

PAY TO THE
ORDER OF    Mr. Cooper

One Thousand Nine Hundred Ninety-Five and 22/100                    DOLLARS

WELLS FARGO BANK, N.A.

$ **1,995.22**

For your security, information like account numbers, signatures, and the ability to view the backs of checks have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

Equal Housing Lender

3/7/2018

Wells Fargo

Wells Fargo Online

Online Security Guarantee
Privacy / Cookies · Security & Legal
Ad Choices

Contact Us
Locations
| Sign Off |

## Check Details

**Check Number**   4770

**Date Posted**   02/12/18

**Check Amount**   $1,995.22

---

GREGORY F GORALNIK
ANTONINA C GORALNIK
BERKELEY LAKE GA 30096

4770

PAY TO THE
ORDER OF      Mr. Cooper

One Thousand Nine Hundred Ninety-Five and 22/100          DOLLARS

WELLS FARGO BANK, N.A.
DULUTH, GA 30096

2/11/2018

$ **1,995.22

Mr. Cooper
P.O. Box 650783
Dallas, TX 75265-0783

MEMO   60599514521 LOAN MODIFICATION PAYMENT

---

ENDORSE HERE

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

WELLS FARGO BANK DEP FDS 0210024C
NATIONSTAR
CR PAYEE ACT OF END, CTD
02/11/2018

For your security, information like account numbers, signatures, and the ability to view the backs of checks
have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

Ⓔ Equal Housing Lender

3/17/2018

Wells Fargo Online®

Online Security Guarantee
Privacy, Cookies, Security & Legal
All Policies

Contact Us
Locations
[ Sign Off ]

## Check Details

| | |
|---|---|
| Check Number | 4815 |
| Date Posted | 03/15/18 |
| Check Amount | $1,996.22 |

GREGORY P. KORALALUK
ANTONINA O KORALALUK
4808 COLONY POINT
BUFORT ST OCALA 92066
www.walmartcorset.net

4815

MAR 0 7 2018

2/1/2018

PAY TO THE
ORDER OF    Mr. Cooper

$ **1,996.22

One Thousand Nine Hundred Ninety-Six and 22/100                                    DOLLARS

WELLS FARGO BANK, N.A.
4101 CLAY TERRACE, BLVD STE XW
DULUTH, GA 30096
8-4/310

Mr. Cooper
P.O. Box 650783
Dallas, TX 75265-0783

Antonina C Koralaluk

MEMO   0000464150-1 / LOAN MODIFICATION PAYMENT                        AUTHORIZED SIGNATURE

00012 045        R 03/07/18

ENDORSER INDEX
X

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

PAYEE ENDORSEMENT GUARANTEED BY

For your security, information like account numbers, signatures, and the ability to view the backs of checks
have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

⌂ Equal Housing Lender



Nina Coralaik
4305 Dove Pt
Berkeley Lake, GA 30096-3088



ATLANTA METRO 300

19.MAR 2018 PM 4 L

Mr. Jamie Carroll
Rogers Law Offices
100 Peachtree Street -Suite 1950
Atlanta, GA 30303

30303-191975

Exhibit K

*mr.*
# cooper™

CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Dallas, TX 75019

**OUR INFO**
**ONLINE**
www.mrcooper.com

GREGORY F GORALNIK
ANTONINA C GORALNIK
4305 DOVE POINT
BERKELEY LAKE, GA 30096

May 16, 2018

**YOUR INFO**
**LOAN NUMBER:** 596841824
**PROPERTY ADDRESS:**
2880 2886 SPRUCE CIR
SNELLVILLE, GA 30078

**SUBJECT:**
*Returning funds - Unacceptable*
*Payment Amount*

Dear GREGORY and ANTONINA:

At Mr. Cooper, we strive to keep our customers informed on matters relating to their loans.

We recently received a payment on your behalf in the amount of $1,745.50. We are returning these funds as they are insufficient to bring your account current.

As of the date of this letter, the total amount required to bring this account current is $10,334.82. Account statuses are subject to change. Please contact us for up-to-date account information and amounts owed.

If you have any questions, please contact your Assigned Foreclosure Prevention Specialist Rosio Rosas at 4803784828 and ext 3784828 Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT) or via mail at the above listed mailing address. You can also visit us online at **www.mrcooper.com** for more information.

Sincerely,

Mr. Cooper
Customer Service Department

Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC. All rights reserved.

Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.


EQUAL HOUSING
OPPORTUNITY

# mr. cooper™

CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Dallas, TX 75019

**OUR INFO
ONLINE**
www.mrcooper.com

GREGORY F GORALNIK
ANTONINA C GORALNIK
4305 DOVE POINT
BERKELEY LAKE, GA 30096

June 19, 2018

**YOUR INFO**
LOAN NUMBER: 596841824
**PROPERTY ADDRESS:**
2880 2886 SPRUCE CIR
SNELLVILLE, GA 30078

**SUBJECT:**
*Returning funds - Unacceptable
Payment Amount*

Dear GREGORY and ANTONINA:

At Mr. Cooper, we strive to keep our customers informed on matters relating to their loans.

We recently received a payment on your behalf in the amount of $1,745.50. We are returning these funds as they are insufficient to bring your account current.

As of the date of this letter, the total amount required to bring this account current is $12,908.51. Account statuses are subject to change. Please contact us for up-to-date account information and amounts owed.

If you have any questions, please contact your Assigned Foreclosure Prevention Specialist Rosio Rosas at 4803784828 and ext 3784828 Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT) or via mail at the above listed mailing address. You can also visit us online at **www.mrcooper.com** for more information.

Sincerely,

Mr. Cooper
Customer Service Department

Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC. All rights reserved.

Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.



EQUAL HOUSING
OPPORTUNITY



**mr. cooper**™

CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Dallas, TX 75019

**OUR INFO**
**ONLINE**
www.mrcooper.com

GREGORY F GORALNIK
ANTONINA C GORALNIK
4305 DOVE POINT
BERKELEY LAKE, GA 30096

July 17, 2018

**YOUR INFO**
**LOAN NUMBER:** 596841824
**PROPERTY ADDRESS:**
2880 2886 SPRUCE CIR
SNELLVILLE, GA 30078

**SUBJECT:**
*Returning funds - Unacceptable*
*Payment Amount*

Dear GREGORY and ANTONINA:

At Mr. Cooper, we strive to keep our customers informed on matters relating to their loans.

We recently received a payment on your behalf in the amount of $1,745.50. We are returning these funds as they are insufficient to bring your account current.

As of the date of this letter, the total amount required to bring this account current is $14,669.01. Account statuses are subject to change. Please contact us for up-to-date account information and amounts owed.

If you have any questions, please contact your Assigned Foreclosure Prevention Specialist Rosio Rosas at 4803784828 and ext 3784828 Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT) or via mail at the above listed mailing address. You can also visit us online at **www.mrcooper.com** for more information.

Sincerely,

Mr. Cooper
Customer Service Department

Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC. All rights reserved.

Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.



EQUAL HOUSING
OPPORTUNITY



CHANGING THE FACE OF HOME LOANS

**Hawaii Residents:** If you believe a loss mitigation option request has been wrongly denied, you may file a complaint with the state division of financial institutions at 808-586-2820 or http://cca.hawaii.gov/dfi/.

**New York Residents:** Nationstar Mortgage LLC d/b/a Mr. Cooper is licensed by the New York City Department of Consumer Affairs License Number: 1392003. **If you believe a Loss Mitigation request has been wrongly denied, you may file a complaint with the New York State Department of Financial Services at 1-800-342-3736 or www.dfs.ny.gov.**

**New York Residents Income Disclosure:** If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI); social security; public assistance (welfare); spousal support, maintenance (alimony) or child support; unemployment benefits; disability benefits; workers' compensation benefits; public or private pensions; veterans' benefits; federal student loans, federal student grants, and federal work study funds; and ninety percent of your wages or salary earned in the last sixty days.

**Oregon Residents:** There are government agencies and nonprofit organizations that can give you information about foreclosure and help you decide what to do. For the name and telephone number of an organization near you, please call 211 or visit www.oregonhomeownersupport.gov. If you need help finding a lawyer, consult the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling 503-684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at 800-452-7636. Free legal assistance may be available if you are very low income. For more information and a directory of legal aid programs, go to www.oregonlawhelp.org.

**North Carolina Residents:** Nationstar Mortgage LLC d/b/a Mr. Cooper is licensed by the North Carolina Commissioner of Banks, Mortgage Lender License L-103450. Nationstar Mortgage LLC d/b/a Mr. Cooper is also licensed by the North Carolina Department of Insurance, Permit Numbers 105369, 112715, 105368, 111828, 112954, 113359. **If you believe a Loss Mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks website www.nccob.gov.**

**Texas Residents:** COMPLAINTS REGARDING THE SERVICING OF A MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550. A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

Exhibit L



100 Galleria Parkway, Suite 960, Atlanta, GA 30339
Phone: 770.373.4242 I Fax: 770.373.4260 I  alaw.net

May 25, 2018

| | |
|---|---|
| Principal Balance: | $207,263.58 |
| Interest through date above: | $3,248.26 |
| Escrow Advances: | $1,600.02 |
| Corporate Advances: | $147.69 |
| Outstanding Attorney's Fees & Costs: | $487.50 |
| Total Claim: | $212,747.05 |

Gregory F. Goralnik
4305 Dove Point
Berkeley Lake, GA  30096

RE:  Property: 2880 2886 Spruce Cir , Snellville, GA 30078
Loan Number: 0596841824
Albertelli File Number: 18-015931

Dear Sir/Madam:

Albertelli Law represents Nationstar Mortgage LLC, the creditor and servicer of a loan related to the property at 2880 2886 Spruce Cir , Snellville, GA 30078 and this communication is governed by the Fair Debt Collection Practices Act "FDCPA", 15 USCS §§ 1692 et seq. As of today's date, our records indicate that based upon the terms of the Promissory Note and Mortgage associated with this loan, you owe the Total Claim amount listed above.  An itemization of the unpaid balance, unliquidated damages and other contractual costs are provided above.  Also, the terms of the Promissory Note and Mortgage also entitle the creditor to recover attorney's fees and costs which is the Outstanding Attorney's Fees & Costs listed above.  Per the FDCPA:

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

All correspondence with our firm should be directed to the following address:  **Albertelli Law, 100 Galleria Parkway, Suite 960, Atlanta, GA 30339**

**IF YOU ARE CURRENTLY PURSUING LOSS MITIGATION WITH THE CREDITOR OR A DEBTOR IN BANKRUPTCY:**

Please be advised that if you are currently pursuing loss mitigation with the creditor, or a debtor in bankruptcy or have been discharged in bankruptcy, this letter is provided to you for informational purposes to notify you of our Firm's legal retention.  You should consult legal counsel regarding your obligations, if any, to pay the mortgage loan.  If you previously received a discharge in a bankruptcy case involving this loan and did not sign a reaffirmation agreement, then this letter is not an attempt to collect a debt from you personally.  This law firm is

seeking solely to foreclose the creditor's lien on real estate and this law firm will not be seeking a personal money judgment against you.

Sincerely,
Albertelli Law

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Exhibit M

# ROGERS LAW OFFICES

100 Peachtree Street
Suite 1950
Atlanta, Georgia 30303

James F. F. Carroll
Attorney at Law

Phone: 770-685-6320
Fax:     678-990-9959

jcarroll@berlawoffice.com

June 5, 2018

**VIA FEDEX**
Albertelli Law
100 Galleria Parkway
Suite 960
Atlanta, GA 30339

Re:   Our Client:        Gregory and Antonina Goralnik (the "Goralniks")
      Loan Number:       596841824
      Property Address:  2880-2886 Spruce Circle
                         Snellville, Georgia 30076 ("Spruce Circle Property")
      Albertellia File Number: 18-015931

To Whom It May Concern:

    This firm represents the Goralniks in regards to the above-referenced loan secured by a security deed on that certain real property located at 2880-2886 Spruce Circle, Snellville, Georgia 30076 ("Spruce Circle Loan"). Enclosed is a letter that we sent to Nationstar d/b/a Mr. Cooper ("Nationstar") on April 2, 2018, outlining that not only are the Goralniks current on the Spruce Circle Loan, but Nationstar is in violation of the automatic stay because it has sent numerous default notices and attempted to foreclose on the Spruce Circle Property despite the Goralniks' complying with their Chapter 11 Plan. In fact, Nationstar has even admitted that its prior attempts to claim that the Goralniks were in default on the Spruce Circle Loan were incorrect, and it paid the Goralniks $6,283.50 for their cost in disputing same.

    Accordingly, please be advised that pursuant to 15 USCS Section 1692, et sq. the Goralniks dispute this debt.

    If Nationstar does not withdraw its claims as to the Goralniks' alleged default on the Spruce Circle Loan by June 15, 2018, the Goralinks will file a Motion to Re-Open their bankruptcy case and seek sanctions against Nationstar for its violation of the aotumatic stay.

Sincerely,

James F. F. Carroll

Enclosures

# ROGERS LAW OFFICES

100 Peachtree Street
Suite 1950
Atlanta, Georgia 30303
Phone: 770-481-6320
Fax:    678-990-9959          jcarroll@herlawoffice.com

April 2, 2018

James F. F. Carroll
Attorney at Law

VIA FEDEX
Charlotte Kelly
Nationstar Mortgage, LLC, d/b/a Mr. Cooper
8950 Cypress Waters Blvd.
Dallas, TX 75019

Re:     Our Client:         Gregory and Antonina Goralnik (the "Goralniks")
        Loan Number:        5968418234
        Property Address:   2880-2886 Spruce Circle
                            Snellville, Georgia 30076

Dear Ms. Kelly:

As you know, this firm represents the Goralniks in regards to the above-referenced loans. The Goralniks filed a voluntary petition with the U.S. Bankruptcy Court, Northern District of Georgia ("Bankruptcy Court") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on January 2, 2010 (the "Petition Date"). On July 30, 2011, the Bankruptcy Court entered a Consent Order which, inter alia, noted the amount due to First Horizon Home Loans, a Division of First Tennessee Bank National Association ("First Horizon") by the Goralniks on the loan secured by a security interest in the property located at 2880-2886 Spruce Circle, Snellville, Gwinnett County, Georgia ("Spruce Circle Property Loan"), and provided for a repayment plan to allow the Goralniks to cure the delinquency owed by the Goralniks on the Spruce Circle Property Loan by making twenty four (24) additional monthly payments of $484.77 to First Horizon beginning December 15, 2010 ("Spruce Circle Payments")("Spruce Circle Order," attached hereto as Exhibit A). The Goralniks have complied with the Spruce Circle Order by completing the Spruce Circle Payments as well as complying with the First Horizon security documents.

Sometime after the entry of the Spruce Circle Order, Nationstar Mortgage, LLC, d/b/a Mr. Cooper ("Nationstar") took over the servicing of the Spruce Circle Loans. On August 5, 2011, the Goralniks filed their Chapter 11 Plan ("Chapter 11 Plan," attached hereto as Exhibit B). Section 8.07 of the Goralniks' Chapter 11 Plan provided that "[t]he Confirmation Order shall operate as an injunction against any acts against the Reorganized Goralniks and their property to initiate, prosecute, enforce, liquidate, collect or otherwise assert any claim or interest against the Reorganized Goralniks and their property except as specifically provided in the Plan." On November 7, 2011, this Court confirmed the Goralniks' Chapter 11 Plan ("Confirmation Order," attached hereto as Exhibit C). The bankruptcy case docket reflects that the Goralniks received a standard discharge in this case.

In 2013 and 2014, Nationstar alleged that the Goralniks had defaulted on the Spruce Circle Payments and owed five (5) monthly installment payments. After numerous letters from

Rogers Law Offices
Letter to Nationstar
March 29, 2018
Page 2

the Goralniks, including threats of litigation, Nationstar admitted that its calculations were incorrect, and paid the Goralniks $6,283.50 in attorney fees. Email correspondence from Nationstar documenting same is attached hereto as Exhibit D.

Now, Nationstar is again claiming that the Goralniks missed five (5) monthly payments on the Spruce Circle Loan, from October 2017 to March 2018. However, the Goralniks have in fact made all 5 payments due on the Spruce Circle Loan from October 2017 to March 2018, and true and correct copies of the checks evidence said payments are attached hereto as Exhibit E. Therefore, Nationstar's claim is without merit. Instead, Nationstar is again seeking payments that it alleged were due during the bankruptcy, in violation of the bankruptcy court's numerous orders, and in violation of the automatic stay.

11 U.S.C. § 524 operates as a post-discharge injunction against the collection of debts discharged in bankruptcy, and provides that:

(a) A discharge in a case under this title-(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;

Courts have held creditors liable for contempt pursuant to 11 U.S.C. § 105 for violating 11 U.S.C. § 524 if the creditor willfully violated 11 U.S.C. § 524. In re Hardy, 97 F.3d 1384, 1390 (11th Cir. 1996)(willful 'violation of § 524 justified sanctions). In order for a violation of the § 524 to be willful, the creditor must (1) know that the discharge injunction is in place; and (2) intend the actions that violate the discharge injunction. In re Hardy, 97 F.3d 1384, 1390 (11th Cir. 1996).

In this case, as referenced above, the Goralniks repeatedly notified Nationstar of their bankruptcy, of the Spruce Circle Order, of the confirmation of their Plan and that they had received their discharge, so Nationstar was aware that the discharge injunction was in place. Moreover, Nationstar intended the actions that violated the discharge injunction, as it repeatedly sent default notices and threatened to foreclose upon the Spruce Circle Property even after receiving notice of the discharge injunction, and of the Goralniks' timely payments on the Spruce Circle Property loan pursuant to the Spruce Circle Order.

Courts have also held that the imposition of punitive damages for violation of the discharge injunction is an appropriate remedy when the violation "acts in an egregious, intentional manner." In re Whitelink, 403 B.R. 113, 122 (Bankr. M.D. Fla. 2009)(court held that

Rogers Law Offices
Letter to Nationstar
March 29, 2018
Page 3

when a creditor repeatedly attempted to collect a debt in violation of a discharge injunction and ignored two separate letters from debtors' counsel, punitive damages were appropriate); In re Wassem, 456 B.R. 566, 573 (Bankr. M.D. Fla. 2009)(repeated post-discharge attempts to collect a mortgage debt after the creditor was notified of the bankruptcy warranted punitive damages).

Moreover, Eleventh Circuit courts have frequently awarded attorneys fees as compensation for willful violations of the discharge injunction. In re Kline, 98 B.R. 105, 107 (Bankr. N.D. Ga. 1988)(attorneys fees may be awarded in response to a willful violation of the discharge injunction); In re Nibbelink, 403 B.R. 113, 122 (Bankr. M.D. Fla. 2009)(attorneys fees are an appropriate award for a willful violation of the discharge injunction.)

In this case, just as in Nibbelink and Wassem, Nationstar has repeatedly attempted to collect a debt in violation of the discharge injunction even after the Goralniks repeatedly notified Nationstar of the discharge injunction. In addition, Nationstar has ignored numerous letters from Debtors' counsel notifying it of its violation of the Discharge Injunction. Not only have the Goralniks expended a considerable amount of their own time and resources in defending themselves against Nationstar's violations of the discharge injunction but they were forced to hire counsel who also was required to spend significant time to thwart Nationstar's improper demands. Therefore, Nationstar is liable to the Goralniks for both punitive damages and attorney fees.

The Goralniks have suffered damages and incurred fees and expenses in the amount of at least $2,000.00 as a result of Nationstar's willful violation of the automatic stay in their bankruptcy case. Therefore, the Goralniks hereby demand that Nationstar immediately state that the Goralniks are current on the Spruce Circle Loan and reinstate same, send the Goralniks statements regarding same, and pay their attorney fees incurred in this matter in the amount of $2,000.00 ("Goralnik Attorney Fees"). If Nationstar does not accept this proposal by paying the Goralnik attorney fees by April 14, 2018, the Goralniks will exercise any and all remedies available to them under applicable law, including, without limitation, re-opening their bankruptcy case to file a motion for sanctions against Nationstar, seeking punitive damages and attorney fees.

Sincerely,

James F. F. Carroll

Enclosures

Case 10-60074-wlh   Doc 269   Filed 07/20/11   Entered 07/20/11 16:07:36   Desc Main
Document   Page 1 of 4

PLAINTIFF'S
EXHIBIT
1

**IT IS ORDERED as set forth below:**

Date: July 20, 2011

Wendy L. Hagenau
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    ) CHAPTER 11
                                          )
GREGORY F. GORALNIK,                      ) CASE NO. 10-60074-WLH
ANTONINA M. GORALNIK,                     )
                                          )
                    Debtors.              )
                                          )
FIRST HORIZON HOME LOANS, A               )
DIVISON OF FIRST TENNESSEE BANK           )
NATIONAL ASSOCIATION,                     )
                    Movant,               )
                                          )
                                          ) CONTESTED MATTER
vs.                                       )
                                          )
GREGORY F. GORALNIK, Debtor               )
ANTONINA M. GORALNIK, Debtor              )
                                          )
                    Respondents.          )

**CONSENT ORDER CONDITIONALLY DENYING MOTION FOR RELIEF OF STAY
AND PROVIDING FOR ADEQUATE PROTECTION PAYMENTS**

This matter comes before the Court on the "Motion for Relief from Automatic Stay or in the Alternative for Adequate Protection" (the Motion) filed by First Horizon Home Loans, a Division of First Tennessee Bank National Association ("Movant"), its successors and assigns, on May 24, 2011. In the Motion, Movant sought relief from the automatic stay with respect to the property located

MAC Fac-56-RV P8177

at 2880-2886 Spruce Circle, Snellville, Gwinnett County, Georgia (the "Property"). Movant contends that the Motion was served upon the appropriate parties in interest as evidenced by the certificate of service on file with the Court. Counsel for Gregory F. Gorshkik and Antonina M. Gorshkik ("Debtors") and counsel for Movant have conferred regarding the Motion and agreed that the automatic stay shall remain in place and Debtors shall commence adequate protection payments as set forth as below. Accordingly,

IT IS HEREBY ORDERED that the relief from the automatic stay sought by the Motion is hereby conditionally denied, it being the conclusion of the Court that the interest of the Movant is adequately protected by payment and performance as more particularly set forth hereinafter.

FURTHER ORDERED that the Debtors shall hereafter timely pay to Movant the sum of $1,025.63 per month as adequate protection payments, the first payment to be made on December 1, 2010 and the successive payments due on the 1st day of each month thereafter, and, said payments shall be applied to the Movant's claim pursuant to the Note and security documents.

FURTHER ORDERED that as of November 30, 2010 Debtors' account is post petition due for the February, 2010 monthly payment at $1,608.15, the March, 2010 through August, 2010 monthly payments at $953.51 each, the September, 2010 through November, 2010 monthly mortgage payments at $1,025.63 each, post petition late charges at $302.58, post petition property inspection fees of $120.00, and attorney's fees and costs in the amount of $650.00. To cure the delinquency, Debtors shall make twenty four (24) additional payments of $448.77 per month beginning December 15, 2010.  Payments should be sent to:

First Horizon Home Loans
4000 Horizon Way
Irving, TX 75063

or to such address as may be designated.

FURTHER ORDERED that nothing in this Order shall be determined as admission or stipulation as to the value of the Property.

FURTHER ORDERED that the Debtors shall keep the Property fully insured in the manner and to the extent prescribed in the Movant's security documents, and the Debtors shall comply with the terms and conditions stated in the Movant's security documents except to the extent that such terms and conditions are modified by this Order.

FURTHER ORDERED that to the extent Movant has an interest in cash collateral, Debtors shall be authorized to use the same.

MGC File No.95-18179

Case 10-50074-wlh   Doc 255   Filed 07/20/11   Entered 07/20/11 16:07:35   Desc Main
Document   Page 3 of 4

FURTHER ORDERED, if payment is not received by the 1st day of the month or

Debtors is otherwise in default of this Order and the case is still pending, then after notice is provided

by Movant to Debtors and Debtors' counsel at the address of record at the time, by certified mail and

payment is not received within 10 days of Debtors' counsel's receipt of such notice, then it shall be a

default and Movant may file a motion and affidavit of default with the Court, with service upon

Debtors and Debtors' attorney and the Court may enter the order terminating the automatic stay,

without further notice or hearing and Movant shall have the right to proceed in foreclosure or otherwise

dispose of or take action including exercising your state law remedies.

FURTHER ORDERED that the Debtors' counsel shall serve Notice of this Consent

Order, pursuant to Fed. R. Bankr. P. 4001(d) on all creditors and parties in interest requiring notice of

said Order and certify service of the same.

[END OF DOCUMENT]

PREPARED AND PRESENTED BY:

/s/ Sidney Gelernter
Sidney Gelernter
Georgia Bar No. 289145
McCurdy & Candler, L.L.C.
3525 Piedmont Road, NE
Building 6, Suite 700
Atlanta, GA 30305
(404) 373-1612 Telephone
(404) 370-7227 Facsimile
sgelernter@mccurdycandler.com
ATTORNEYS FOR MOVANT

REVIEWED AND CONSENTED TO BY:

/s/ _____ with Express Permission to Sidney Gelernter to sign
Paul Reece Marr
Georgia Bar No. 471290
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30339
770-984-2255 Telephone
(770) 984-0044 Facsimile
pmarr@mindspring.com
ATTORNEY FOR DEBTORS

M&C File No 09-19173

Case 10-60074-wlh   Doc 269   Filed 07/20/11   Entered 07/20/2011 16:07:38   Desc Main
Document      Page 4 of 4

DISTRIBUTION LIST

Gregory F. Gonlinski
Antonica M. Gorelnik
4305 Dove Point
Duluth, GA 30096

Paul Reece Marr
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30319

James H. Morawetz
Office of the U.S. Trustee
362 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

Sidney Gelernter
McCurdy & Candler, LLC
1525 Piedmont Road, NE
Building 5, Suite 700
Atlanta, GA 30305

MGC File No 09-39179

Case 1D-60074-wjh   Doc 278   Filed 03/05/11   Entered 08/05/11 10:41:42   Desc Main
Document   Page 1 of 12

PLAINTIFF'S
EXHIBIT
2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re:                              :
                                    :   Case No. 1D-60074
GREGORY F. GORALNIK and             :
ANTONINA M. GORALNIK,               :   Chapter 11
                                    :
        Debtors.                    :   Judge Hagenau
                                    :

PLAN OF REORGANIZATION

ARTICLE I
SUMMARY

This Plan of Reorganization ("Plan") filed by Gregory F.
Goralnik and Antonina M. Goralnik (collectively, "Debtors")
under chapter 11 of the Bankruptcy Code (the "Code") proposes to
pay Debtors' creditors from cash flow from personal employment
income and income derived from their real estate operations.
This Plan provides for one class of secured creditors and one
class of general unsecured creditors. Most of Debtors' secured
real estate loans have been modified post-Petition. The Plan
provides that Debtors will continue to pay said secured loans
pursuant to the modified terms. To the extent that any secured
loans have not been modified post-Petition, the Plan provides
that Debtors shall resume monthly installment payments on the 1st
day of the calendar month following the Effective Date with any
arrearage to be cured on the end of the loan with the term of
the loans to be extended accordingly. General unsecured
creditors holding allowed claims will receive a pro rata monthly
distribution of $500.00, beginning on the Effective Date of the
Plan, as defined in Article VIII of the Plan, and on the like
day of each month thereafter, until they receive 100% of their
respective allowed general unsecured claims with interest. This
Plan also provides for the payment of administrative and
priority claims. All creditors should refer to Articles III
through VI of this Plan for information regarding the precise
treatment of their claim. A disclosure statement that provides
more detailed information regarding this Plan and the rights of
creditors has been circulated with this Plan. Your rights may
be affected. You should read these papers carefully and discuss

them with your attorney, if you have one. (If you do not have an
attorney, you may wish to consult one.)

## ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 *Class 1*. All secured claims, to the extent allowed as
a secured claim under § 506 of the Code.

2.02 *Class 2*. All non-insider general unsecured claims
allowed under 11 U.S.C. §502.

## ARTICLE III
### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01 *Unclassified Claims*. Under § 1123(a)(1) of the Code,
administrative expense claims and priority tax claims are not in
classes.

3.02 *Administrative Expense Claims*. Each holder of an
administrative expense claim allowed under § 503 of the Code
will be paid in full on the Effective Date of this Plan, in
cash, or upon such other terms as may be agreed upon by the
holder of the claim and the Debtors. In this respect, it is
anticipated that Debtors' attorneys Paul Reece Marr, P.C. will
have a claim for professional compensation in the approximate
amount of $25,000.00 and that Debtors' loan modification
consultants CSI Century Services, Inc. will have a claim for
professional compensation in the approximate amount of
$30,000.00.

3.03 *Priority Tax Claims*. Each holder of an allowed
priority tax claim will be paid consistent with § 1129(a)(9)(C)
of the Code. In this respect, the Gwinnett County Tax
Commissioner filed Proofs of Claim on July 15, 2010 as to
various of Debtors' real properties in the aggregate amount of
$61,191.29 for tax year 2010. However, said claims were
subsequently paid in full. Accordingly, Debtors have filed
Objections to the Proofs of Claim in their entirety.

3.04 *United States Trustee Fees*. All fees required to be
paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue
and be timely paid until the case is closed, dismissed, or
converted to another chapter of the Code. Any U.S. Trustee Fees

oved on or before the Effective Date of this Plan will be paid on the Effective Date.

## ARTICLE IV

### TREATMENT OF CLAIMS AND INTEREST UNDER THE PLAN

Claims and interests shall be treated as follows:

Class 1 - Secured Claims. Impaired. The following parties or their agents, transferees, and/or assigns held secured claims as of the Petition Date:

| Creditor | Property | Approximate Claim Amount |
|---|---|---|
| America's Servicing Co. | 3042 - 3048 Destin Circle, Snellville, GA 30078 | $260,180.55 |
| America's Servicing Co. | 3063 - 3069 Destin Circle, Snellville, GA 30078 | 239,358.43 |
| America's Servicing Co. | 3112 - 3118 Destin Circle, Snellville, GA 30078 | 260,437.53 |
| Bank of America Home Loans | 171-177 Sloping Terrace, Snellville, GA 30078 | 289,208.00 |
| Bank of America Home Loans | 2190-2196 Highpoint Road, Snellville, GA 30078 | 289,208.00 |
| Bank of America Home Loans | 3053 - 3059 Destin Circle, Snellville, GA 30078 | 98,156.00 |
| Bank of America Home Loans | 151-157 Sloping Terrace, Snellville, GA 30078 | 79,342.00 |
| Bank of America Home Loans | 2220-2226 Highpoint Road, Snellville, GA 30078 | 289,597.00 |
| Bank of America Home Loans | 2860 - 2866 Spruce Circle, Snellville, Ga 30078 | 89,050.00 |
| Chase Home Finance LLC | 3073 -3079 Destin Circle, Snellville, GA 30078 | 230,705.00 |
| Chase Home Finance LLC | 3261 - 3267 Highpoint Ct, Snellville, GA 30078 | 208,000.00 |
| Chase Home Finance LLC | 3122-3128 Sloping Terrace, Snellville, GA 30078 | 211,250.00 |
| EMC Mortgage Corp. | 3025 - 3027 Sonya Lane, Snellville, GA 30078 | 170,400.00 |
| EMC Mortgage Corp. | 3035 - 3037 Sonya Lane, Snellville, GA 30048 | 170,400.00 |
| EMC Mortgage Corp. | 3045 - 3047 Sonya Lane, Snellville, GA 30078 | 170,400.00 |

-3-

Case 10-60074-wlh   Doc 278   Filed 08/05/11   Entered 08/05/11 10:41:42   Desc Main Document   Page 4 of 12

| Creditor | Address | Amount |
|---|---|---|
| EMC Mortgage Corp. | 3051 - 3053 Sonya Lane, Snellville, GA 30078 | 170,400.00 |
| EMC Mortgage Corp. | 2965 A & B Springdale Road, Snellville, GA 30078 | 170,400.00 |
| EMC Mortgage Corp. | 3051 - 3053 Sonya Lane, Snellville, GA 30078 | 42,198.00 |
| EMC Mortgage Corp. | 3015 - 3017 Sonya Lane, Snellville, GA 30078 | 170,400.00 |
| EMC Mortgage Corp. | 3015 - 3017 Sonya Lane, Snellville, GA 30078 | 42,357.00 |
| EMC Mortgage Corp. | 3025 - 3027 Sonya Lane, Snellville, GA 30078 | 42,198.00 |
| EMC Mortgage Corp. | 3045 - 3047 Sonya Lane, Snellville, GA 30078 | 42,198.00 |
| EMC Mortgage Corp. | 2965 A & B Springdale Road, Snellville, GA 30078 | 42,175.00 |
| EMC Mortgage Corp. | 1035 - 1037 Sonya Lane, Snellville, GA 30248 | 42,198.00 |
| First Horizon | 2850 - 2886 Spruce Circle, Snellville, GA 30078 | 230,742.00 |
| First Horizon | 3271 - 3277 Highpoint Ct, Snellville, GA 30078 | 221,029.00 |
| Franklin Credit Management Corporation | 3042 - 3048 Destin Circle, Snellville, GA 30078 | 66,625.00 |
| Franklin Credit Management Corporation | 3117 - 3118 Destin Circle, Snellville, GA 30078 | 65,625.00 |
| GMAC Mortgage | 3081 - 3089 Destin Circle, Snellville, GA 30078 | 230,733.00 |
| GMAC Mortgage | 3132-3138 Sloping Terrace, Snellville, GA 30078 | 207,999.00 |
| GMAC Mortgage | 3132-3138 Sloping Terrace, Snellville, GA 30078 | 79,301.00 |
| GMAC Mortgage | 3151-3157 Sloping Terrace, Snellville, GA 30078 | 207,995.00 |
| Specialized Loan Servicing LLC | 3196-3196 Highpoint Road, Snellville, GA | 227,500.00 |
| Specialized Loan Servicing LLC | 3181 - 3187 Highpoint Ct, Snellville, GA 30078 | 227,500.00 |
| Specialized Loan Servicing LLC | 3181 - 3187 Highpoint Ct, Snellville, GA 30078 | 42,074.00 |
| Specialized Loan Servicing LLC | 3190 - 3196 Highpoint Cl, Snellville, GA 30078 | $53,006.79 |
| Specialized Loan Servicing LLC | 3190 - 3196 Highpoint Ct, Snellville, GA 30078 | 41,959.00 |

Case 10-80074-wHh   Doc 278   Filed 08/05/11   Entered 08/05/11 10:41:42   Desc Main
Document   Page 5 of 12

| Specialized Loan Servicing LLC | 3271 - 3277 Highpoint Ct. Snellville, GA 30078 | 52,581.00 |
|---|---|---|
| Wachovia Bank, N.A. | 3063 - 3069 Destin Circle, Snellville, GA 30078 | 67,411.14 |
| Wachovia Bank, N.A. | 3073 -3079 Destin Circle, Snellville, GA 30078 | 67,457.95 |
| Wachovia Bank, N.A. | 3112-3128 Sloping Terrace, Snellville, GA 30078 | 80,054.91 |
| Wells Fargo Home Mortgage | 4205 Dove Point, Duluth, GA 30096 | 292,601.00 |

Most of Debtors' secured real estate loans have been
modified post-Petition pursuant to Orders entered on the docket.
The Plan provides that Debtors will continue to pay said secured
loans pursuant to the modified terms, and the terms of the
referenced Orders modifying the pre-Petition loans are hereby
incorporated herein as if set forth verbatim. To the extent
that any secured loans have not been modified post-Petition, the
Plan provides that Debtors shall resume monthly installment
payments on the 1st day of the calendar month following the
Effective Date with any arrearage to be put onto the end of the
loan, with the term of the loans to be extended accordingly.

Class 2 - General Unsecured Creditors.  Impaired.  This
class consists of all non-insider persons and entities not
otherwise classified and treated herein holding court general
unsecured claims allowed under 11 U.S.C. §502 in the approximate
aggregate amount of $23,052.99. Under the Plan, the Debtor
shall pay to all creditors holding allowed Class 2 claims,
beginning on the Effective Date and on the like day of each
month thereafter, a pro rata share of $500.00 per month until
each such creditor receives 100% of its respective allowed
general unsecured claim, with interest to accrue at the rate of
0.15% per annum, being the weekly average 1-year constant
maturity Treasury yield as published by the Board of Governors
of the Federal Reserve System for the calendar week preceding
the Petition Date.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has
not been allowed or disallowed by a final non-appealable order,
and as to which either (a) a proof of claim has been filed or
deemed filed, and Debtor or another party in interest has filed

-5-

an objection or (ii) no proof of claim has been filed, and
Debtor has scheduled such claim as disputed, contingent, or
unliquidated.

5.02 Treatment of Disputed Claims. No distribution will be
made on account of a disputed claim unless such claim is allowed
by a final non-appealable order. Debtors will have the power
and authority to settle and compromise a disputed claim with
court approval and compliance with Rule 9019 of the Federal
Rules of Bankruptcy Procedure.

ARTICLE VI
PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Pre-Petition Executory Contracts and Unexpired Leases.
In the course of their business operations, Debtors entered into
residential leases of their rental properties with various
tenants. On the Effective Date, Debtors shall be deemed to have
assumed pursuant to Section 365 of the United States Bankruptcy
Code, their unexpired pre-petition leases with their tenants.

ARTICLE VII
MEANS FOR IMPLEMENTATION OF THE PLAN

The Plan provides that Debtors will continue to operate
with all assets. Debtor will fund all Plan payments from cash
flow from personal employment income and income derived from
their real estate operations. As for Debts operations, Debtors
project that ongoing revenue should be sufficient to meet all
ongoing operating and Plan expenses and payments. No changes in
Debtors' ownership, employment, or compensation structure are
contemplated post-confirmation.

ARTICLE VIII
GENERAL PROVISIONS

8.01 Definitions and Rules of Construction. The
definitions and rules of construction set forth in §§ 101 and
102 of the Code shall apply when terms defined or construed in
the Code are used in this Plan, and they are supplemented by the
following definitions:

-6-

(a) "Confirmation Date" means the date upon which the Court enters the Confirmation Order.

(b) "Confirmation Order" means the Order of the Court confirming the Plan.

(c) "Effective Date" of this Plan is the eleventh calendar day following the date of the entry of the Confirmation Order. But if a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been vacated.

(d) "Petition Date" means January 2, 2010, the date upon which Debtors filed their Voluntary Petition.

(e) "Reorganized Debtors" means Debtors on and after the Confirmation Date.

8.02  Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.03  Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.04  Controlling Effect. Except to the extent the Bankruptcy Code, Bankruptcy Rules, or other federal laws apply, the rights and obligations arising under the Plan shall be governed by the laws of the State of Georgia.

8.05  Binding Effect. On the Confirmation Date, the provisions of the Plan shall be binding on the Reorganized Debtors, the estate, all creditors, all holders of claims and interests, and all other parties-in-interest, whether or not such entities are impaired and whether or not such entities have accepted the Plan.

8.06  Vesting of Assets in Reorganized Debtors. On or after the Effective Date, all property of the estate of Debtors shall vest in the Reorganized Debtors, free and clear of any and all Claims, liens, charges or other encumbrances or interests

except as may be specifically provided for otherwise in the
Plan. On and after the Effective Date, the Reorganized Debtors
may operate their business and may use, acquire and dispose of
property without supervision or approval of the Bankruptcy
Court, except as may be otherwise set forth herein.

8.07 Injunction. The Confirmation Order shall operate as
an injunction against any acts against the Reorganized Debtors
and their property to initiate, prosecute, enforce, liquidate,
collect or otherwise assert any claim or interest against the
Reorganized Debtors and their property except as specifically
provided in the Plan.

8.08 Default. If the Reorganized Debtors default in their
payment obligations hereunder to a creditor after the Effective
Date of the Plan, then such creditor may serve a written "notice
of default" to the Reorganized Debtors via Regular U.S. Mail,
addressed to the Reorganized Debtors at the address of Debtors
as reflected in the electronic records maintained by the Clerk
of the Bankruptcy Court, or as otherwise noticed in writing to the
Reorganized Debtors do not cure said default within ten (15)
calendar days of the date of mailing of said written notice of
default, then the creditor may (a) accelerate and enforce the
entire amount due to it under the Plan irrespective of any
installment payment arrangement otherwise provided for in the
Plan, (b) exercise any and all rights and remedies it may have
under applicable law; and/or (c) seek such relief as may be
appropriate in this Court. In addition, the Court may retain
jurisdiction to hear certain matters even after the case has
been closed.

8.9 Reservation of Rights. Neither the filing of the Plan,
nor any statement or provision contained herein, nor the taking
by any creditor of any action with respect to the Plan, shall
(1) be or be deemed to be an admission against interest,
and (2) until the Effective Date, be or be deemed to be a waiver
of any rights which any party in interest may have against any
other party in interest, or any of its property, and until the
Effective Date all such rights are specifically reserved. In
the event that the Effective Date does not occur, neither the
Plan nor any statement contained in the Plan may be used or
relied upon in any manner in any suit, action, proceeding, or
controversy within or outside of the reorganization case
involving the Debtor.

-8-

8.10  Modification of the Plan.  Debtors and the Reorganized Debtors may modify this Plan pursuant to §1127 of the Bankruptcy Code and as herein provided, to the extent applicable law permits.  Said modification may be without notice or hearing, or after such notice and hearing as the Court deems appropriate, if the Court finds that the modification does not materially and adversely affect the rights of any parties in interest which have not had notice and an opportunity to be heard with regard thereto.  Without limiting the generality of the foregoing, the Plan may be modified after notice and hearing to entities which have requested notice pursuant to Bankruptcy Rule 2002(i).  In the event of any modification on or before confirmation, any votes to accept or reject the Plan shall be deemed to be votes to accept or reject the Plan as modified, unless the Court finds that the modification materially and adversely affects the rights of parties in interest which have cast said votes.  The Debtor reserves the right in accordance with §1127 of the Bankruptcy code to modify this Plan at any time before the Confirmation Date.

8.11  Revocation of Plan.  Debtors reserve the right, unilaterally and unconditionally, to revoke and/or withdraw the Plan at any time prior to entry of the Confirmation Order, and upon such revocation and/or withdrawal the Plan shall be deemed null and void and of no force and effect.

8.12  Successors and Assigns.  The rights, duties and obligations of any entity named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such entity.

8.13  Prepayment.  Provided that it is not in default of its obligations under this Plan, the Reorganized Debtors may prepay, without penalty, all or any portion of an Allowed Claim at any time.

8.14  Supremacy Clause.  In the event of any conflict between the Disclosure Statement and the Plan, the terms of the Plan shall control.

-5-

## ARTICLE IX
## DISCHARGE

9.01.  Discharge.  Upon completion of all payments under
the Plan, Debtors will be discharged from any debt that arose
before confirmation of this Plan, subject to the occurrence of
the Effective Date, to the extent specified in § 1141(d)(1)(A)
of the Code, except that Debtors will not be discharged of any
debt: (i) imposed by this Plan; (ii) of a kind specified in §
1141(d)(6)(A) if a timely complaint was filed in accordance with
Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or
(iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

10.1  Rounding.  Whenever any payment of a fraction of a
cent would otherwise be called for, the actual payment shall
reflect a rounding of such fraction to the nearest whole cent.

10.2  Method of Cash Distribution.  Any cash payment to be
made pursuant to the Plan may be made by draft, check, wire
transfer, or as otherwise provided in any relevant agreement or
applicable law.  Any payment or distribution due on a day other
than a business day shall be made, without interest, on the next
business day.  Notwithstanding anything to the contrary herein,
no holder of an allowed claim shall receive in respect to such
claim any distribution in excess of the allowed amount of such
claim.

10.3  Objections to Claims.  At any time prior to entry of a
Final Decree, Debtors and the Reorganized Debtors, shall be
allowed to object to claims.  Once an objection has been
resolved, Debtors shall pay the allowed claim pursuant to the
terms of the Plan.  Debtors and the Reorganized Debtors shall
have authority to file, settle, compromise, withdraw, or
litigate to judgment objections or claims.

10.4  Governing law.  Except to the extent the Bankruptcy
Code, Bankruptcy Rules, or other federal laws apply, the rights
and obligations arising under the Plan shall be governed by the
laws of the State of Georgia.

-10-

Case 10-60074-wlh   Doc 278   Filed 08/05/11   Entered 08/05/11 10:41:42   Desc Main
Document      Page 11 of 12

WHEREFORE, Debtors propose the within and foregoing "Plan
of Reorganization".

Prepared and submitted by,
PAUL REECE MARR, P.C.
Debtors' attorneys

By: /s/ Paul Reece Marr                    /s/ Gregory F. Gorcalnik
    Paul Reece Marr                        Gregory F. Gorcalnik
    Georgia Bar No. 471230
300 Galleria Parkway
Suite 960                                  /s/ Antonina M. Gorcalnik
Atlanta, Georgia 30339                     Antonina M. Gorcalnik
770/984-2255

-11-

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re:                                    :        Case No. 10-60074
                                          :
GREGORY V. GOPALNIK and                   :        Chapter 11
ANTONINA M. GORALNIK,                     :
                                          :        Judge Hagenau
Debtors.                                  :

_____

CERTIFICATE OF SERVICE

I certify that I have this date served the following
parties with a copy of the attached PLAN OF REORGANIZATION by
placing a true copy of same in the United States Mail with
adequate postage affixed to insure delivery, addressed to:

James H. Morawetz
Office of the U.S. Trustee
362 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

This the 5th day of August, 2011.

By: /s/Paul Reece Marr
    Paul Reece Marr (471230)

PAUL REECE MARR, P.C.
Suite 960
300 Galleria Parkway, N.W.
Atlanta, GA 30339
770/984-2255

-12-

Case 1:0-60074-wvh   Doc 307   Filed 11/07/11   Entered 11/07/11 11:43:08   Desc Main
Document   Page 1 of 6

IT IS ORDERED as set forth below:

Date: November 07, 2011

_Wendy L. Hagenau_
Wendy L. Hagenau
U.S. Bankruptcy Court Judge

PLAINTIFF'S EXHIBIT

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re:                                    :        Case No. 10-60074
                                          :
GREGORY F. GORALNIK and                   :        Chapter 11
ANTONINA M. GORALNIK,                     :
                                          :        Judge Hagenau
        Debtors.                          :

ORDER CONFIRMING DEBTORS' PLAN OF REORGANIZATION

Gregory F. Goralnik and Antonina M. Goralnik (collectively, the "Debtors") filed their Plan of Reorganization on August 5, 2011. On August 18, 2011, America's Servicing Company filed its Objection to confirmation of the Plan of Reorganization. Upon due notice, the Court held a hearing (the "Hearing") on November 2, 2011 to consider confirmation of the Plan of Reorganization. Paul Reece Marr, attorney for the Debtors, and James M. Morawetz, attorney for the United States Trustee, made appearances at the Hearing. Debtors' counsel announced that the Debtors agreed to amend the Plan of Reorganization in certain respects as announced in open court and as set forth hereinbelow in order to resolve

issues raised by the Court and to resolve the Objection of America's Servicing Company.

THEREFORE, IT HAVING BEEN DETERMINED AFTER A HEARING ON NOTICE THAT:

(1)   The Plan of Reorganization filed on August 5, 2011, as modified and amended by the terms of this Order (hereinafter, the "Plan"), does not materially and adversely affect the rights of any parties in interest and therefore does not require any further disclosure or solicitation;

(2)   All applicable provisions of 11 U.S.C. § 1129 have been met.

(3)   The Plan has been accepted in writing by the creditors and parties in interest whose acceptance is required by law;

(4)   The provisions of Chapter 11 of the Bankruptcy Code have been complied with, and the Plan has been proposed in good faith and not by any means forbidden by law;

(5)   Each holder of a claim or interest either has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date;

(6)   All payments made or promised by the Debtors or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court;

(7)   The identity of any insider that will be employed or retained by Debtors or by any affiliate of the Debtors, and his or her compensation, have been fully disclosed.

(8)   The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under the Plan and has not accepted the Plan;

(9)   The Plan provides that the holders of secured claims shall retain the liens securing such claims to the extent of the

allowed amount of such claims, and that each holder of a secured claim shall receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the Effective Date of the Plan, of at least the value of such holder's interest in Debtors' interest in such property;

(10) The Plan is in the best interests of creditors and parties in interest herein;

(11) Confirmation of the Plan is not likely to be followed by the liquidation or need for further financial reorganization of the Debtors except as liquidation or reorganization is proposed in the Plan; and

(12) All fees payable under 28 U.S.C. § 1930 have been paid, or the Plan provides for the payment of such fees on the Effective Date of the Plan.

ACCORDINGLY, IT IS HEREBY ORDERED that the following modifications are made a part of this Order and the Plan of Reorganization filed on August 5, 2011 is amended and modified accordingly pursuant to 11 U.S.C. § 1127:

1. Class 1 appearing in Article IV on pages 3, 4, and 5 of the Plan is amended by adding the following provision:

Notwithstanding anything contained in the Plan to the contrary, Wells Fargo Home Mortgage loan number 106-...29, secured by a first mortgage on a quadraplex owned by the Debtors having a street address of 3063 - 3069 Destin Circle, Snellville, Georgia 30078, is hereby modified by adding all arrearages to the outstanding principal balance and extending the term of the loan by 30 years. The terms of the modified loan are as follows:

Unpaid principal balance (UPB): $263,619.44 (approx)
Interest Rate: 5.375 (fixed)
Term: 360 months
PTI: $1,476.19 (escrow to be added)
Effective Date: 12/1/2011
Maturity Date: 11/1/2041

3

No Balloon.

There may be fluctuations to the UPB based on the escrow adjustments. It is anticipated that the monthly tax and insurance escrow will be $494.88 monthly, making the approximate monthly payment $1,970.67.

2.   Class 2 appearing in Article IV on page 5 of the Plan is hereby deleted in its entirety and the following is hereby substituted in lieu thereof:

Class 2 - General Unsecured Creditors.  Impaired. This class consists of all non-insider persons and entities not otherwise classified and treated herein holding court general unsecured claims allowed under 11 U.S.C. §502 in the approximate aggregate amount of $23,052.92. Under the Plan, the Debtor shall pay to all creditors holding Allowed Class 2 Claims, beginning on the Effective Date and on the like day of each month thereafter, a pro rata share of $500.00 per month until each such creditor receives 100% of its respective allowed general unsecured claim, with interest to accrue at the rate of 3.25% per annum, being the "Prime Rate" as currently published in The Wall Street Journal; and

IT IS FURTHER ORDERED that notwithstanding any language in the confirmed plan to the contrary, this Court will retain only such jurisdiction in this case as is is required to retain under the Bankruptcy Code and Rules.

IT IS FURTHER ORDERED that within 120 days from the entry of this Order, the Debtors shall file a report stating whether the estate has been fully administered within the meaning of Bankruptcy Rule 3022 and setting forth a list of all fees and expenses paid to all professionals including attorneys for the Debtors, together with an application for a final decree closing the case.

END OF DOCUMENT

Prepared and Submitted By,
PAUL REECE MARR, P.C.
Attorneys for the Debtors

/s/ Paul Reece Marr
By: Paul Reece Marr
    Ga Bar # 471230
300 Galleria Pkwy; 6960
Atlanta, Georgia 30339
(770) 984-2255

No Opposition By,
U.S. Trustee, Region 21
DONALD F. WALTON

/s/ James H. Morawetz
By: James H. Morawetz
    Georgia Bar # 523900
362 Richard Russell Bldg.
75 Spring Street SW
Atlanta, GA  30303
404/331-4437

Consented to by,
MCCALLA RAYMER, LLC
Attorneys for
America's Servicing Company

/s/ Deborah L. Conley
By: Deborah L. Conley
    Georgia Bar # 18171
1544 Old Alabama Road
Roswell, Georgia 30076-2102
(770)-643-7200

DISTRIBUTION LIST

Pursuant to Local Rule 9013-3 for the United States
Bankruptcy Court, Northern District of Georgia, following is a
list of all parties to be served with a copy of this Order:

James H. Morawetz
Office of U.S. Trustee
362 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

Sidney Gelernter
McCurdy & Candler, LLC
Bldg. 6 - Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305

Paul Reece Marr
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30339

James E. Albertelli
Albertelli Law
100 Galleria Parkway
Suite 900
Atlanta, GA 30339

Andrew D. Goldberg
Rosicki, Rosicki
& Associates, P.C.
Outsource Management
51 East Bethpage Road
Plainview, NY 11803

Dean R. Frober, Esq.
Falk, Frober & Raphael
Suite 100
20750 Ventura Blvd.
Woodland Hills, CA 91364

Deborah ... Conley
McCalla Raymer, LLC
1544 Old Alabama Road
Roswell, GA 30076

6

**Jamie Carroll**

| | |
|---|---|
| From: | Jamie Carroll |
| Sent: | Wednesday, July 30, 2014 12:53 PM |
| To: | Keli Goss@nationstarmail.com |
| Cc: | Beth Rogers |
| Subject: | RE: 10-60074 / Gordzick |
| Attachments: | BER Law W9.pdf |

Keli,

Here is our W9. Good luck in your future endeavors outside of NSM.

Thanks,

Jamie

**From:** Keli Goss@nationstarmail.com [mailto:Keli.Goss@nationstarmail.com]
**Sent:** Wednesday, July 30, 2014 12:16 PM
**To:** J Carroll
**Cc:** Beth Rogers
**Subject:** RE: 10-60074 / Gordzick

Hi Jamie,

Can you send me your W-9 please? My last day here at NSM is actually this Friday so I will get this process started for
you. It has been approved.

Thank you,
Keli

Keli Goss
Sr. Bankruptcy Specialist
Chapter 11
350 State Highway 121
Lewisville, TX 75067
469-426-3372
Keli.Goss@nationstarmail.com



**Nationstar** MORTGAGE

From:   "J Carroll" <jcarroll@berlaw.net>
To:   "Keli Goss@nationstarmail.com"
Cc:   "Beth Rogers" <brogers@berlaw.net>
Sent:   10/60074 / Gordzick
Subject:   RE: 10-60074 / Gordzick

Kelli,

Attached please find the following correspondence from our office regarding the above referenced matter.

Thanks,

Jame

**From:** Kelli.Goss@nationstarmail.com [mailto:Kelli.Goss@nationstarmail.com]
**Sent:** Tuesday, June 24, 2014 12:59 PM
**To:** J Carroll
**Subject:** RE: 10-56074 / Gorávik

Hi Jame,

It is our policy to send the statements to the attorney as long as the loan is in BK. I realized the BK is closed but they have not received a discharge yet. The docket was never updated to show your firm's information as their new attorney. Can you provide that to me?

Thank you,
Kelli

Kelli Goss
Sr. Bankruptcy Specialist
Chapter 13
2501 State Highway 121
Lewisville, TX 75067
469-426-2032
Kelli.Goss@nationstarmail.com

Nationstar

**From:** "J Carroll" <jcarroll@co.com>
**To:**
**Date:** 06/23/2014 03:23 PM
**Subject:** RE: 10-56074 / Gorávik

Kelli,

Can you forward the statements for these two loans in the Gorávik loan show on? Now that the loans are current, we no longer

need to receive statements at our office

Thanks,

Jamie

**From:** cci.Corp@nationstarmail.com [mailto:cci.Corp@nationstarmail.com]
**Sent:** Wednesday, May 28, 2014 4:49 PM
**To:** J Carral
**Subject:** RE: 10-50074 / GarzaA

Jamie,

All I can do really is provide a screen shot. I hope that will be sufficient.



Thank you,
Kell

**Kell Coss**
Sr. Bankruptcy Specialist
Chapter 13
8950 Cypress Waters Boulevard
Coppell, TX 75019
Lewisville, TX 75067
469-549-2037
cci.Corp@nationstarmail.com

**Nationstar**
MORTGAGE

From: "J Gamol" ...
Sent: ...
To: ...
Cc: ...
Subject: RE: ID-60074 / Goodnik

XX,

Thanks-can I get assume-id now that the maturity date has been extended? It doesn't say anything about that on the monthly statements that I have

James

From: Keil.Goss@nationstarmail.com [mailto:Keil.Goss@nationstarmail.com]
Sent: Wednesday, May 28, 2014 2:17 PM
To: J Gamol
Subject: RE: ID-60074 / Goodnik

Hi James,

Adjustments are complete and the maturity date has been extended by 7 months for each loan.

Monthly statements for each loan are also attached

Thank you,
Keil

Keil Goss
Sr. Particular Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-426-3472
keil.Goss@nationstarmail.com

Nationstar
mortgage

From: "J Carrol <jcarrol@benchdir.com>"
To: "<Keli.Goss@nationstarmail.com>"
Cc: "Beth Rogers <beth.rogers@benchdir.com>"
Date: 05/27/2014 10:34 PM
Subject: RE: 10-60074/ Goedrick

Thank. I look forward to reviewing the statements tomorrow.

From: Keli Goss [mailto:nationstarmail.com]
Sent: Tuesday, May 27, 2014 2:33 PM
To: J Carrol
Cc: Beth Rogers
Subject: RE: 10-60074 / Goedrick

Jamie.

I expect them to be finalized today. Once finalized, I can have the statements generated so probably tomorrow if that will be alright.

Thank you,
Keli

Keli Goss
Sr. Bankruptcy Specialist
Chapter 11
2221 State Highway 121
Lewisville, TX 75067
469-549-2713
Keli.Goss@nationstarmail.com

Nationstar

From: "[Cherri] <cherri@[...]>
To: [...]
Cc: [...]
Date: 05/27/2014 01:59 PM
Subject: RE: 10-60074 / Goralnik

Keil,

Thanks for the update. Just to clarify, will the adjustment be finalized today? When can I expect to see documentation of the adjustment for both teams?

Thanks,

Jamie

**From:** Keil Gore [mailto:Keil.Gore@nationstarmail.com]
**Sent:** Tuesday, May 27, 2014 2:29 PM
**To:** J Carroll
**Subject:** RE: 10-60074 / Goralnik

Hi Jamie,

Just a status update. This is still in process. Having the change request form completed by our loss mit team and then I can submit to have the adjustment made - I expect it today

Thank you,
Keil

**Nationstar**
MORTGAGE

Keil Gore
Sr. Borrower's Specialist
Chapter 11
2501 State Highway 121
Lewisville, TX 75067
469-549-2032
Keil.Gore@nationstarmail.com

From: "J Carroll <gcorr@investors-mr>"
To: <Kel.Goss@natorsatmel.com>
Cc: "Tom Hager <trwm@tbcvbr/grzacp>"
Date: 05/20/2014 1:53 PM
Subject: RE: 10-60074 / Gandhik

Keli,

Yes, we can extend the deadline to May 27th. Pursuant to the Gove nm'r Amended Reorganization Plan, page 9, attached hereto, any per petition arrearages to the loan will be "paid at the end of the loan with the term of the loan to be extended as per right", so yes, the loans just need to be extended, not re-amort and complete.

Jame

**From:** Keli.Goss@natorsatmel.com [mailto:Keli.Goss@natorsatmel.com]
**Sent:** Tuesday, May 20, 2014 1:44 PM
**To:** J Caroll
**Subject:** RE: 10-60074 / Gandhik

Hi Jame,

I am requesting the deadline to be May 27th as we are not here on Saturday May 24th or Monday May 26th as it is Memorial Day. I appreciate your cooperation. I thought the loan needed to be completely reamortized. Now, I am thinking this may just need to be extended? I am seeing if that is possible.

Thank you!

Keli

Nationstar
MORTGAGE

Neil Gera
Sr. Bankruptcy Specialist
Chapter 11
2501 Dallas Parkway #1:1
Lewisville, TX 75057
469-549-3307
Neil.Gera@nationstarmail.com

From: Keil Gera@nationstarmail.com [mailto:Keil.Gera@nationstarmail.com]
Sent: Tuesday, May 13, 2014 4:59 PM

Jane

Theresa,

Please let me know as soon as possible if this email does not reflect your understanding of our conversation. My number is 770 689-6150 if you need to contact me.

Moreover, you agreed that Nationstar would send updated loan statements for loan numbers 5968415655 and 5968418234 reflecting that the Gerahls are current on said loans within ten (10) days from today, i.e. by May 24, 2014.

I am writing to confirm our conversation today in which you agreed that the Gerahls are current on their payments to Nationstar on the two loans numbers 5968415655 and 5968418234 ("Gerahl Loans") pursuant to the Consent Orders entered in their bankruptcy case, and that Nationstar's demand for a 6th century payment regarding the Gerahl Loans was in violation of the automatic stay, you also agreed that I provide you the amount of the attorney fees incurred by the Gerahls as a result of Nationstar's violation of the automatic stay, and I will prepare same and provide it to you.

Kel,

To: J Carroll
Subject: RE: 10-60074 / Gonshak

Hi Jame,

I received your message - I will call you tomorrow so we can discuss.

Thank you!

Keli

Nationstar
MORTGAGE

Keli Glass
Sr. Bankruptcy Specialist
Extension 21
7501 State Highway 161
Lewisville, TX 75063
469-426-3172
Keli_Glass@nationstarmail.com

From:
Re: 10-60074 / Gonshak

Keli,

Just wanting to follow up on this. The Court's Orders were canceling out the terms of the repayment of the escrow claim, and my concern was completely complied with them.

Thanks,

Jaime

**From:** Keli Goss <Goss7k@nationstarmail.com [mailto:keli.Goss7k@nationstarmail.com]
**Sent:** Thursday, April 10, 2014 4:35 PM
**To:** J. Carroll
**Subject:** RE: 10-6907H // Goralnik

Hi Jaime,

I know that our attorney had reached out to the counsel that represented the Goralnik's during the BK. I sent a follow up earlier this week and they were awaiting a response. I will call her in the morning to see if they have any additional information. We want to follow the court's order but need to clarify what the terms were as they were not completely clear. I will update you with what I find out tomorrow.

Thank you,
Keli

Nationstar

Keli Goss
Sr Bankruptcy Specialist
Chapter 13
2501 State Highway 121
Lewisville, TX 75067
469-426-3012
Keli.Goss7k@nationstarmail.com

10

From: "Carol" <carol@eastcoastworks.com>
To: kell@eastlineworks.com
Sent: 04/25/2014 1:37 PM
Subject: RE: 10-53074 / Gooshick

Ken,

just following up on this matter.

thanks,

Jaime

From: Kell Cns@eastcoastsimei.com [mailto:Kell.Coo-Cns.com@smail.com].
Sent: Tuesday, April 01, 2014 8:10 AM
To: J Cansi
Subject: 10-53074 / Gooshick

Hi Jaime,

I was out of the office several days last week. I received your message and am waiting for a response from McCurdy and Candler on this matter before finalizing the matter. I expect to have a response shortly.

Thank you for your patience!

Kell

11

Matt Gass
Dr. Borrowers Specialist
District 1
350 State Highway 121
Lewisville, TX 75067
469-426-2922
Matt.Gass@Nationstarmail.com

**Nationstar**
MORTGAGE

[attachment "Letter to Nationstar 7.30.14.pdf" deleted by Kali Goss-Montague]

This e-mail communication and any attachments may contain confidential, copyrighted, and legally privileged information for use solely by the designated recipients to which this e-mail is addressed. If you are not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, disclosure, dissemination, distribution, or copying of this message or its contents is prohibited and may be subject to governing laws protecting its disclosure. If you have received this communication in error, please notify Nationstar Mortgage immediately by e-mail at postmaster@nationstarmail.com and destroy all copies of this communication and any attachments.

3/17/2018

Wells Fargo

Online Security Guarantee
Privacy, Cookies, Security & Legal
Ad Choices

Contact Us
Locations
Sign Off

## Check Details

Check Number     4571

Date Posted     10/12/17

Check Amount     $1,936.72





Nationstar Mortgage LLC
PO Box 619094
Dallas, TX 75261

One Thousand Nine Hundred Ninety Six and 72/100

#0592848924 LOAN MODIFICATION PAYMENT

For your security, information like account numbers, signatures, and the ability to view the backs of checks have been removed from the image.
You can see full or partial fronts and backs of the images by using the link at the top of the window

Wells Fargo Online

Online Security Guarantee
Privacy, Cookies, Security & Legal
Ad Choices

Contact Us
Locations
Sign Off

# Check Details

**Check Number**   4842

**Date Posted**   11/15/17

**Check Amount**   $1,996.27

---

GREGORY F CORRALINK
ANTONIA C CORRALINK
4280 EDNA PL SW
DOUGLAS GA 31535-6296

4842

11/15/2017

PAY TO THE ORDER OF   Nationstar Mortgage LLC

One Thousand Nine Hundred Ninety Six and 27/100    $ 1,996.27    DOLLARS

WELLS FARGO BANK, N.A.
4480 GENESEE AVE, STE D-N
DULUTH, GA 30096

MEMO   6625684429 LOAN MODIFICATION PAYMENT

ENDORSE HERE NATIONSTAR PMT CLEARING ACCT
U/R COOPER DBA
ACCT 4121997343

For your security, information like account number, signature, and the ability to view the backs of checks
have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

☐ Equal Housing Lender

3/17/2018

Wells Fargo Online®

Online Security Guarantee
Privacy, Cookies, Security & Legal
Ad Choices

Contact Us
Locations
Sign Off

## Check Details

Check Number        4679
Date Posted         12/12/17
Check Amount        $1,996.22

---

GREGORY F CORRALINK
ANTONIA C CORRALINK
account
BERKELEY LAKE GA 30096

4679

WELLS FARGO BANK, N.A.
4101 STEMMONS FWY, ROAD MAP
DALLAS, GA 30132

12/12/2017

PAY TO THE
ORDER OF    Mr. Cooper

One Thousand Nine Hundred Ninety Six and 22/100 DOLLARS

$ **1,996.22

Mr Cooper
P.O. Box 619074
Dallas, TX 75261-9741

FOR

Antonio C Corralink

For your security, information like account numbers, signatures, and the ability to view the backs of checks have been removed from the images.
You can see full or partial fronts and backs of the images by using the link at the top of the window.

☖ Equal Housing Lender

Wells Fargo Online?

Online Security Guarantee
Privacy, Cookies, Security & Legal
Ad Choices

Contact Us
Locations
Sign Off

## Check Details

Check Number     4723

Date Posted      01/16/19

Check Amount     $1,996.22



GREGORY F GONZALUK
ANTONIA C GONZALUK

Dallas TX 75235-0763

PAY TO THE
ORDER OF _____ Mr. Cooper _____

One Thousand Nine Hundred Ninety-Six and 22/100

Mr. Cooper
P.O. Box 650783
Dallas, TX 75265-0783

4723

WELLS FARGO BANK, N.A.

$ **1,996.22**

MEMO

WELLS FARGO BANK DEPT CH 12123083 N5
NATIONSTAR
05 04156 45150 1150 GT0
01/16/2019

For your security, information like account numbers, signatures, and the ability to view the backs of checks have been removed from the images. You can see full or partial fronts and backs of the images by using the link at the top of the window.

Equal Housing Lender

Wells Fargo Online

Online Security Guarantee
Privacy, Cookies, Security & Legal
Ad Choices
Contact Us
Locations
Sign Off

## Check Details

| | |
|---|---|
| Check Number | 4770 |
| Date Posted | 02/12/18 |
| Check Amount | $1,936.22 |

GREGORY F SCHALINK
ANTONIA C SCHALINK

4770

WELLS FARGO BANK, N.A.
DULUTH, GA 30096

2/1/2018

$ **1,936.22

One Thousand Nine Hundred Thirty-Six and 22/100 — DOLLARS

Mr. Cooper
P.O. Box 650783
Dallas, TX 75265-0783

MEMO   MORTGAGE LOAN MODIFICATION PAYMENT

DO NOT SIGN / WRITE / STAMP OR ENDORSE BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

WACHOVIA
WACHOVIA
OR, PAY TO ANY OF END GTD
CITIZEN

For your security, information like account numbers, signatures, and the ability to view the backs of checks have been removed from the images. You can see full or partial fronts and backs of the images by using the link at the top of the window.

Equal Housing Lender

9/12/2018

Wells Fargo

Wells Fargo Online

Online Banking Customer
Deposit, Coppell, Security & Legal
Ad-Check13

Contact Us
messages
Sign Off

## Check Details

Check Number          4815
Date Posted           03/15/18
Check Amount          $1,946.77



GREGORY P. GONZALEZ
ANGELICA C. GONZALEZ
CELL PHONE (214) 514-9596
4115 FALLING LEAF DR
DALLAS TX 75244
www.gonzalez

4815

PAY TO THE
ORDER OF _____ Mr. Cooper _____

One Thousand Nine Hundred Forty-Six and 77/100 _____ DOLLARS

Mr. Cooper
P.O. Box 650783
DALLAS, TX 75265-0783

MEMO  _____

WELLS FARGO BANK, N.A.
4115 FALLING LEAF DR
DALLAS, TX 75244

3/1/2018

$ **1,946.77

FOR MORTGAGE LOAN UNITED STATES PAYMENT

For your security, information like account numbers, signatures, and the ability to view the backs of checks
have been removed from the images.
You can see full or partial items and backs of the images by using the link at the top of the window.

⌂ Equal Housing Lender



Nina Cavaluk
4301 Dove Pt
Berkeley Lake, GA 30096-3088

ATLANTA METRO XX0

19 MAR 2018 PM 9 L



Mr. Jamie Carroll
Rogers Law Offices
100 Peachtree Street • Suite 1950
Atlanta, GA 30303

30303-191975



ORIGIN ID:OFEA    (770) 685-6320
BETH ROGERS
ROGERS LAW OFFICES
THE EQUITABLE BUILDING
100 PEACHTREE ST SUITE 1950
ATLANTA, GA 30303
UNITED STATES US

SHIP DATE: 08JUN18
ACTWGT: 0.80 LB
CAD: 100533391/NET3980

BILL SENDER

TO: ALBERTELLI LAW FIRM

**100 GALLERIA PARKWAY**
**SUITE 960**
**ATLANTA GA 30339**
(770) 685-6320         REF.
INV.
PO                    DEPT.



**FedEx** Ship Manager - Print Your Label(s)



MON - 11 JUN 3:00P
**STANDARD OVERNIGHT**

TRK# 7724 3065 9504
0201

**37 TMAA**

ASR

**30339**
GA-US  ATL



Extremely Urgent

6/8/2018

Exhibit N

## Jamie Carroll

| | |
|---|---|
| From: | Jamie Carroll |
| Sent: | Tuesday, July 24, 2018 6:21 PM |
| To: | 'Csims@alaw.net' |
| Cc: | Beth Rogers |
| Subject: | Gregory and Antonina Goralnik v. Albertelli Firm, Cory Sims, Nationstar Mortgage, LLC, et al. |
| Attachments: | Goralnik verified complaint with exhibits-unsigned v3.pdf |

TimeMattersID:   ME11AA94299A5654
TM Matter ReferenceGoralnik, Antonia & Gregory

Cory,

Attached please find an Emergency Verified Complaint for Damages, Interlocutory Injunction, Accounting, Temporary Restraining Order and Permanent Injunction ("Complaint"), to be filed by Gregory and Antonina Goralnik. As you may remember from our teleconference on June 26, 2018, I made you aware of the basic facts in the Complaint regarding Nationstar's prior errors in calculating the amount due on the Spruce Circle loan (all capitalized terms herein shall have the same meaning as defined in the attached Complaint), as well as Nationstar's current errors in attempting to accelerate the Spruce Circle loan based on amounts that had already been paid by the Goralniks, and that the Goralniks had made you, the Albertelli Firm and Nationstar aware of those errors through several letters from their counsel, including a letter dated June 5, 2018 sent to the Albertelli Firm. When I spoke to you on June 26, 2018, you indicated to me that Albertelli had received the Goralniks' letters disputing the amount owed on the Spruce Circle Loan and that Albertelli had referred the matter back to Nationstar to address the correspondence. I requested that you provide me with an update on the matter as soon as possible, and you indicated that you would get back to me shortly by phone prior to taking any further action on this file. I did not receive any call from you regarding this matter.

Instead, you, Nationstar, BNY Mellon and the Albertelli Firm (collectively, the "Potential Defendants") are advertising for foreclosure on the Spruce Circle Property, with the foreclosure sale currently set for August 7, 2018. As set forth in the attached Complaint, there is no merit to the Potential Defendants' claim that the Goralniks are delinquent on the Spruce Circle Loan, as evidenced by the attached checks showing timely payments of the monthly amounts owed on the Spruce Circle Note, and in fact, Nationstar has previously admitted that the Goralniks were current on the Spruce Circle Loan and even paid $6,283.50 in attorney fees to the Goralniks for Nationstar's previous false claims that the Goralniks were delinquent on the Spruce Circle Loan. Therefore, the attempted foreclosure on the Spruce Circle Property is wrongful, and given that the Potential Defendants have been notified numerous times of same, both actual and punitive damages will be awarded in favor of Plaintiffs and against the Potential Defendants in the event that Plaintiffs filed the attached Complaint.

If the Potential Defendants do not provide written evidence of the cancellation of the foreclosure ad on the Spruce Circle Property by noon on June 25, 2018, and provide Plaintiffs with $15,000.00 in certified funds in payment of their attorney fees, by 5 p.m. on July 26, 2018, Plaintiffs will proceed with filing the attached Complaint in addition to a Motion and Memorandum seeking a temporary restraining order stopping the foreclosure, as well as seeking actual and punitive damages and attorney fees, against the Potential Defendants.

Please govern yourself accordingly.

FOR DISCUSSION PURPOSES ONLY.  This communication and any other communication related to any possible workout, forbearance or any other resolution of the outstanding debt shall not be binding on the Goralniks or any of their agents (collectively, "Goralniks") until reduced to a formal written agreement, containing such terms as are acceptable to the Goralniks, and signed by an authorized representative of the Goralniks.  Goralniks further intend to continue to pursue all of their rights and remedies to unless and until a

1

resolution, if any, is reached and fully documented and confirmed. **This communication further constitutes settlement negotiation and shall not be admissible for any purpose in any legal, equitable, dispute resolution or other proceeding.**

James Carroll
ROGERS LAW OFFICES
100 Peachtree Street, Suite 1950
Atlanta, GA 30303
P 770-685-6320
F 678-990-9959
jcarroll@berlawoffice.com

Exhibit O



100 Galleria Parkway, Suite 960, Atlanta, GA 30339
Phone: 770.373.4242 | Fax: 770.373.4260 | alaw.net

July 6, 2018

Gregory F. Goralnik
100 Peachtree Street
Atlanta, GA 30303

**VIA U.S. MAIL**

Re:  NOTICE OF FORECLOSURE SALE
Note and Deed to Secure Debt held by: THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2005-AA9
Originally made by Gregory F. Goralnik and Antonina C. Goralnik to Mortgage Electronic Registration Systems, Inc., solely as nominee for Sunshine Mortgage Corporation
Original Principal Balance: $230,750.00
Secured by Debt to Secure Deed dated January 24, 2005
Deed Book 41477, Page 0059
Gwinnett County, Georgia
Property Address: 2880 2886 Spruce Cir , Snellville, GA 30078
Our File Number: 18-015931

Dear Gregory F. Goralnik:

This law firm has been retained to start foreclosure proceedings against the referenced property immediately.  Enclosed is a copy of the Notice of Sale submitted to the publisher of the legal newspaper of the county where the property is located.  The foreclosure sale will be conducted on August 7, 2018, during the legal hours of sale (between 10:00 am and 4:00 pm) at the Gwinnett County Courthouse.

As a result of your default under the terms of the Security Deed, you are hereby notified the entire amount of the outstanding principal balance, interest, and other authorized charges of the loan, has been declared, and is now, immediately due and payable in full.  The Note executed in connection with the loan allows for the addition of attorney's fees to the debt in the event of collection by or through an attorney-at-law.  Pursuant to Official Code of Georgia, § 13-1-11 (GCA § 20-506), you are hereby afforded ten (10) days from your receipt of this letter to pay in full the debt owed without having to pay reasonable attorney fees.  After this ten (10) day period, all attorneys' fees allowed under applicable Georgia law may be added to the debt.

In the event the above referenced default is not cured and the property is sold at foreclosure to a party other than the creditor/holder, there could be money from the sale for distribution to the lien holders in the property and/or the former owner of record.  To determine whether our firm is in possession of any money for distribution to lien holders and/or the former owner of record, please call (770) 373-4242, or email gaforeclosure@albertellilaw.com no earlier than 35 days after the foreclosure sale date.

THIS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2005-AA9 is the holder of the Security Deed to the above-referenced property.  The entity who has full authority to negotiate, amend, or modify the terms of the loan is Nationstar Mortgage LLC.

To discuss possible alternatives to foreclosure, or if you desire to attempt to bring your loan current, please call Nationstar Mortgage LLC at 888-850-9398.

Should you need additional information about this foreclosure, you may call (770) 373-4242.  Under certain circumstances and conditions, the lender may be able to allow you to reinstate the loan and stop the foreclosure.  Should you desire to reinstate the loan, please contact this office.  We will assist you in determining whether reinstatement is allowed, and if allowed, the amount of money which must be paid. All payments made through our office must be in the form of certified funds.

In the event you have received a discharge in bankruptcy, that discharge may have extinguished any personal liability you may have had for this loan. In such event, any action take would be limited to the foreclosure on the above referenced property and would not be an attempt to collect this debt personally.  If you are involved in an active bankruptcy case and no relief from the automatic stay has been obtained by your lender, please email your bankruptcy information immediately to gaforeclosure@albertellilaw.com.

BE GOVERNED ACCORDINGLY.

<div style="text-align:center">

Sincerely,

Albertelli Law

</div>

- 18-015931

<div style="text-align:center">

THIS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

</div>

STATE OF GEORGIA
COUNTY OF GWINNETT

## NOTICE OF SALE UNDER POWER

Under and by virtue of the power of sale contained with that certain Security Deed dated January 24, 2005, from Gregory F. Goralnik and Antonina C. Goralnik to Mortgage Electronic Registration Systems, Inc., solely as nominee for Sunshine Mortgage Corporation, recorded on January 28, 2005 in Deed Book 41477 at Page 0059 Gwinnett County, Georgia records, having been last sold, assigned, transferred and conveyed to THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2005-AA9 by Assignment and said Security Deed having been given to secure a note dated January 24, 2005, in the amount of $230,750.00, and said Note being in default, the undersigned will sell at public outcry during the legal hours of sale before the door of the courthouse of Gwinnett County, Georgia, on August 7, 2018 the following described real property (hereinafter referred to as the "Property"):

> **ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 51, 6TH DISTRICT, GWINNETT COUNTY, GEORGIA, BEING KNOWN AS LOT 20, BLOCK B, LANIER MOUNTAIN WOODS, AS PER PLAT RECORDED AT PLAT BOOK 29, PAGE 18, GWINNETT COUNTY, GEORGIA RECORDS, SAID PLAT BEING INCORPORATED HEREIN BY REFERENCE THERETO.**

> **SUBJECT TO ANY RIGHT OF WAY DEEDS OR OTHER EASEMENTS OF RECORD.**

The debt secured by the Security Deed and evidenced by the Note and has been, and is hereby, declared due and payable because of, among other possible events of default, failure to make the payments as required by the terms of the Note. The debt remaining is in default and this sale will be made for the purposes of paying the Security Deed, accrued interest, and all expenses of the sale, including attorneys' fees. Notice of intention to collect attorneys' fees has been given as provided by law. To the best of the undersigned's knowledge, the person(s) in possession of the property is Gregory F. Goralnik and Antonina C. Goralnik.

The property, being commonly known as **2880-2886 Spruce Cir , Snellville, GA, 30078** in Gwinnett County, will be sold as the property of Gregory F. Goralnik and Antonina C. Goralnik, subject to any outstanding ad valorem taxes (including taxes which are a lien and not yet due and payable), any matters affecting title to the property which would be disclosed by accurate survey and inspection thereof, and all assessments, liens, encumbrances, restrictions, covenants, and matters of record to the Security Deed.

Pursuant to O.C.G.A.§ 44-14-162.2, the name, address and telephone number of the individual or entity who shall have the full authority to negotiate, amend or modify all terms of the above described mortgage is as follows: Nationstar Mortgage LLC, 8950 Cypress Waters Blvd., Coppell, TX  75019, 888-850-9398 . The foregoing notwithstanding, nothing in O.C.G.A. § 44-14-162.2 shall require the secured creditor to negotiate, amend or modify the terms of the mortgage instrument.

The sale will be conducted subject (1) to confirmation that the sale is not prohibited under U.S. Bankruptcy code and (2) to final confirmation and audit of the status of the loan with the holder of the Security Deed.

> Albertelli Law
> Attorney for THE BANK OF NEW YORK
> MELLON f/k/a THE BANK OF NEW YORK
> as Trustee for FIRST HORIZON
> ALTERNATIVE MORTGAGE SECURITIES
> TRUST 2005-AA9 as Attorney in Fact for
> Gregory F. Goralnik and Antonina C. Goralnik
> 100 Galleria Parkway, Suite 960
> Atlanta, GA  30339
> Phone:  (770) 373-4242

By: /s/Cory Sims
Cory Sims
For the Firm

THIS FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

- 18-015931

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

GREGORY GORALNIK and ANTONINA )
GORALNIK,                      )
                               )
        Plaintiffs,            )
                               )
v.                             )           CIVIL ACTION FILE
                               )           NO.: 18-A-06818-9
NATIONSTAR MORTGAGE, LLC, CORY SIMS, )
THE BANK OF NEW YORK MELLON     )
CORPORATION f/k/a THE BANK OF NEW )
YORK MELLON AS TRUSTEE FOR FIRST )
HORIZON ALTERNATIVE MORTGAGE    )
SECURITIES TRUST 2005-AA9 and THE )
ALBERTELLI FIRM, P.C.           )
Defendants.                    )

## CONSENT TEMPORARY RESTRAINING ORDER

Plaintiffs Antonina and Gregory Goralnik's ("Goralniks" or "Plaintiffs") Verified

Complaint for Damages, Interlocutory Injunction, Accounting, Temporary Restraining Order and

Permanent Injunction ("Complaint") having been considered by the Court; and upon the consent

of the Plaintiffs and Defendants Nationstar Mortgage, LLC and the Bank of New York Mellon

Corporation f/k/a the Bank of New York Mellon as Trustee for First Horizon Alternative Mortgage

Securities Trust 2005-AA9, it is hereby[1]:

**ORDERED** that Defendants Nationstar Mortgage, LLC, Cory Sims, the Albertelli Firm,

P.C., the Bank of New York Mellon Corporation f/k/a the Bank of New York Mellon as Trustee

for First Horizon Alternative Mortgage Securities Trust 2005-AA9 and their assigns are hereby

enjoined for a period of ninety (90) days from the date of entry of this Order from foreclosing or

advertising for foreclosure on the Spruce Circle Property based upon any alleged defaults of the

---

[1] All capitalized terms herein shall have the same meaning as in Plaintiff's Complaint unless otherwise defined herein.

Plaintiffs that occurred prior to August 8, 2018.  Nothing herein shall preclude Plaintiff from

seeking a further temporary restraining order or injunction in this matter before or after expiration

of the foregoing injunction.

**IT IS FURTHER ORDERED** that Plaintiff shall cause this order to be served upon all

Defendants in this case via certified mail, return receipt requested or via statutory overnight

delivery.

SO ORDERED, this _____ day of _____, 2018.


The Honorable _____
Judge, Superior Court of Gwinnett County

Prepared and Consented to By:
**ROGERS LAW OFFICES**
_____
Beth E. Rogers, Georgia Bar No. 612092
James F. F. Carroll, Georgia Bar No. 940350
100 Peachtree Street, Suite 1950
Atlanta, GA 30303
770-685-6320 phone; 678-990-9959 fax
brogers@berlawoffice.com
*Attorneys for Plaintiff*

Consented to By:
**MCGUIREWOODS LLP**
_Paul Rogers – signed w/ express permission_
Paul A. Rogers, Georgia Bar No. _____
120 Peachtree Street, NE
Suite 2100
Atlanta, GA 30309
404-443-5636 phone; 404-443-5772 fax
progers@mcguirewoods.com
*Attorneys for Defendants Nationstar Mortgage, LLC and the Bank of New York Mellon*
*Corporation f/k/a the Bank of New York Mellon as Trustee for First Horizon Alternative*
*Mortgage Securities Trust 2005-AA9*